UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNIE OAKLEY ENTERPRISES, INC. AND RENEE GABET,<br>　　　Plaintiffs,<br><br>　　v.<br><br>RISE N SHINE ONLINE, LLC, a Florida LLC, and ERIC S. YOUNG, individually, and AMAZON.COM, INC., a Washington Corporation<br>　　　Defendants. | CASE NO. 1:19-cv-1732<br><br>JURY TRIAL DEMANDED |

### AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS

Plaintiffs, ANNIE OAKLEY ENTERPRISES, INC. and RENEE GABET (collectively "Plaintiffs") file this Amended Complaint against Defendants, Rise n Shine Online LLC, Eric S. Young and Amazon.com, Inc. (collectively "Defendants"), by counsel, and allege as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1.      This is an action for trademark infringement, trademark dilution, false designation of origin, and unfair competition, under *inter alia*, the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.; and state common law.

2.      This Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.  In addition, jurisdiction exists under 28 U.S.C. § 1332.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1367(a) and 1338(b).

3. Venue is proper under, *inter alia*, 28 U.S.C. §§ 1391 and 1400 in that, on information and belief, a substantial part of the events giving rise to this action occurred in this judicial district, and Defendants or their agent(s) are subject to personal jurisdiction in the district.

4. This Court may exercise personal jurisdiction over the Defendants because of Defendants' systematic contacts with and purposeful availment of this forum. Specifically, and without limitation, Defendants sell, offer for sale, and market the subject infringing goods in this judicial district directly, through their web site, https://www.risenshineonline.com and through Amazon.com, Inc., https://www.amazon.com/.

## THE PARTIES

5. Plaintiff Renee Gabet ("Gabet") is an individual residing in Indiana.

6. Plaintiff, Annie Oakley Enterprises, Inc., ("Annie Oakley") is a corporation duly organized and existing under the laws of the State of Indiana and has its principal place of business in Indiana. Plaintiff Gabet owns all of the shares and exercises control over Annie Oakley.

7. Defendant, Rise N Shine Online, LLC ("Rise N Shine"), upon information and belief, is organized under the laws of the State of Florida and has its principal place of business at 650 Cleveland Street #1458, Clearwater FL 33760-1458.

8. Upon information and belief, E & E Premier Distributors is a d/b/a for Defendant, Rise N Shine Online, LLC.

9. Defendant Eric S. Young ("Young") is an individual who, upon information and belief, manages, controls, and owns Rise N Shine Online LLC and E&E, and has a business address at 650 Cleveland Street #1458, Clearwater FL 33760-1458.

10. E & E Premier Distributors ("E&E") is believed to be a d/b/a of Rise N Shine or Young or both, or an unknown legal entity affiliated with one or both of them.

11. Defendant Amazon.com, Inc. ("Amazon"), upon information and belief, is organized under the laws of the State of Washington and has its principal office street address at 410 Terry Ave. N, Seattle, WAS 98109-5210.

12. Upon information and belief, Young has known of, directed and controlled the infringing activities of Rise N Shine and E&E, and is thus vicariously liable for their infringement.

## FACTUAL ALLEGATIONS

13. Plaintiff Annie Oakley was founded by Plaintiff Gabet in 1980 and creates, markets, and sells a full line of essential oils, fragrances and bath and body lotions and products for personal use.

14. Annie Oakley Enterprise's line of products includes a custom blend essential oil with natural plant extracts bearing the slogan and trademark RISE 'N SHINE. Screenshots from Annie Oakley's http://www.annieoakley.com web site of this product are attached hereto as Exhibit 1.

15. Plaintiff Gabet is the owner of all right, title, and interest in United States Trademark Registration No. 2,549,750 in connection with perfumes, body oils, room fragrances and essential oils for personal use (attached hereto as Exhibit 2); and Trademark Registration No. 3,990,283 in connection with shampoos, hair conditioners,

body soaps, and body powders (attached hereto as Exhibit 3) (collectively "the Registrations".) RISE 'N SHINE is referred to herein as the "Mark".

16. The Registrations have become incontestable pursuant to § 15 of the Lanham Act, 15 U.S.C. § 1065.

17. The Registrations are *prima facie* evidence of the validity of the Registrations, Plaintiff Gabet's ownership of the RISE 'N SHINE Mark, and Gabet's exclusive right to use the RISE 'N SHINE Mark in commerce in connection with the goods specified in the Registrations. The Registrations are also constructive notice of Gabet's ownership of the RISE 'N SHINE Mark.

18. Annie Oakley is the only entity authorized by Gabet to use the RISE 'N SHINE Mark. Gabet exercises control over the quality of the products sold by Annie Oakley bearing the RISE 'N SHINE Mark by virtue of the fact that she is the sole owner of Annie Oakley and exercises control over Annie Oakley. Annie Oakley use of the RISE 'N SHINE Mark inures to the benefit of Gabet.

19. Plaintiffs have been using the RISE 'N SHINE Mark in commerce in connection with essential oils for personal use since at least January, 2000; and in connection with shampoos, hair conditioners, body soaps, and body powders since at least April, 2011. Plaintiffs have developed a national customer base.

20. The RISE 'N SHINE Mark has become widely recognized for high quality, therapeutic grade essential oils, shampoos, hair conditioners, body soaps, and body powders, and has developed extensive goodwill. The RISE 'N SHINE Mark is associated with Plaintiffs as an indication of origin of high quality essential oils and the RISE 'N SHINE Mark is a highly valuable asset of Plaintiffs.

21. Defendants are in the business of offering and selling skin and hair care products, soaps and body butters.

22. On information and belief, each Defendant is the agent, servant, employee, principal, successor, alter ego, and/or partner of at least one other Defendant, acting within the course and scope of such capacities and with the permission and consent of the other in doing the acts and engaging in the conduct alleged herein.

23. On information and belief, Defendants have manufactured, copied, reproduced, sold, offered for sale, publicly displayed, distributed, and/or imported products which infringe the RISE 'N SHINE Mark. Attached hereto as Exhibit 4 is a compilation of screenshots, copied directly from the Defendants' web site, of certain of these infringing products, which are offered and sold under the Mark RISE N SHINE.

24. On May 10, 2016, Defendant Rise N Shine filed United States Trademark Application Serial No. 87/031,463 (the "RISE N SHINE Application") seeking to register the mark RISE 'N SHINE ONLINE in connection with the following products in International Class 3 ("IC 3"): Beauty lotions; Beauty soap; Body butter; Shea butter for cosmetic purposes; Skin moisturizer; Skin toners.

25. Defendant Rise N Shine received an Office Action dated September 1, 2016 from the United States Patent and Trademark Office (USPTO). (Exhibit 5).

26. Pursuant to the Office Action, the USPTO refused registration of the Rise N Shine Online LLC applied for mark, RISE 'N SHINE ONLINE, because it resembles Gabet's registered mark, RISE 'N SHINE, and it is likely that a potential consumer would be confused, mistaken, or deceived as to the source of the goods of Rise N Shine and the goods of Plaintiffs.

27. By at least September 1, 2016, Defendants knew of Plaintiffs' RISE 'N SHINE Registrations.

28. By at least September 1, 2016, Defendants knew the USPTO found that their use of RISE 'N SHINE ONLINE in connection with the applied for products would create a likelihood of confusion with Plaintiffs' use of RISE 'N SHINE in connection with the products of the Registrations.

29. Defendants did not respond to the Office Action and the RISE N SHINE Application was abandoned on March 2, 2017. A copy of the Notice of Abandonment is attached hereto as Exhibit 6.

30. Plaintiffs informed Defendants of the Registrations and demanded that Defendants cease and desist their infringement, but they failed to do so.

31. Defendants are not, and have never been, authorized by Plaintiffs to use the RISE 'N SHINE Mark or any mark confusingly similar to the RISE 'N SHINE Mark, including the applied for RISE 'N SHINE ONLINE mark.

32. The use by Defendants of the RISE 'N SHINE ONLINE mark is likely to cause confusion and to deceive the public into believing that Defendants are affiliated or connected with, or are authorized or endorsed by Plaintiffs.

33. Defendants have actual knowledge of and are willfully infringing Plaintiffs' rights in the RISE 'N SHINE Mark, as evidenced by their use of the RISE 'N SHINE ONLINE mark after the USPTO found that their use is likely to cause confusion with Plaintiffs' RISE 'N SHINE Mark and without obtaining a license from Gabet.

34. Upon information and belief, Amazon is the world's most valuable retail company.[1] Its website is an online marketplace where Amazon retails its own products as well as those of more than one million third-party vendors. These third-party vendors decide which products to sell, the means of shipping, and product pricing. For its part, Amazon lists the products on the Amazon Marketplace, collects order information from consumers, and processes payments. In exchange for these services, Amazon collects fees from each third-party vendor. In order to use Amazon's services, a third-party vendor must assent to Amazon's Services Business Solutions Agreement. This Agreement governs every step of the sales process.

35. Upon information and belief, once a third-party vendor has assented to the Agreement, the vendor chooses which product or products it would like to sell using Amazon's website. This choice is, with some notable exceptions, left to the discretion of the vendor. Among the exceptions are products that Amazon determines are illegal, sexually explicit, defamatory, or obscene.

36. Upon information and belief, when the third-party vendor has chosen a product that it wants to offer on Amazon's website, the vendor provides Amazon with a description of the product, including its brand, model, dimensions, and weight. Pursuant to the Agreement, the vendor must also provide Amazon with digital images of the product, as well as other information such as shipping and handling options, product availability, in-stock status, and any other information reasonably requested by Amazon.

37. Upon information and belief, based on this information, Amazon formats the product's listing on its website. This function, too, is provided for in the Agreement,

---

[1] David Streitfeld, *Amazon Is Now Second to Cross $1 Trillion Line*, N.Y. TIMES, Sept. 5, 2018, at B1.

by which Amazon retains the right in its sole discretion to determine the content, appearance, design, functionality, and all other aspects of the Services, including by redesigning, modifying, removing, or restricting access to any of them. In fact, the Agreement grants Amazon a royalty-free, non-exclusive, worldwide, perpetual, irrevocable right and license to commercially or non-commercially exploit in any manner, the information provided by third-party vendors.

38. The third-party vendor can then choose which, if any, of Amazon's other services it will use in conjunction with listing its product on Amazon's website. For example, Amazon offers "Amazon Clicks," an advertising service in which Amazon highlights and promotes the vendor's product to customers. Amazon also offers a "Fulfillment by Amazon" service, in which it takes physical possession of third-party vendors' products and ships those products to consumers. Otherwise, the vendor itself is responsible for shipping products directly to consumers.

39. Upon information and belief, the listed price for the product is chosen by the third-party vendor, subject to one exception: Vendors may not charge more on Amazon than they charge in other sales channels. Nor, according to the Agreement, may third-party vendors offer inferior customer service or provide lower quality information about products than in other sales channels. To the extent that third-party vendors need to communicate with customers regarding their orders on Amazon, they must do so through the Amazon platform.

40. Upon information and belief, with these preliminaries completed, Amazon lists the product online and sales begin. As customers make purchases on Amazon's website, Amazon collects payment and delivers order information to the third-party

vendor. At checkout, the customer can choose any shipping method offered by the third-party vendor, and any promises made by the vendor with respect to shipping date must be met. Amazon ensures compliance with this obligation by requiring the vendor to send Amazon shipping information for each order. In addition, vendors have a powerful interest in providing quality products and ensuring timely delivery, as Amazon allows shoppers to publicly rate the vendors and their products.

41.     Upon information and belief, in exchange for its role in the transaction, Amazon collects two types of fees: one is a commission, typically between seven and fifteen percent of the overall sales price; the other is either a per-item or monthly fee, depending on the third-party vendor's preference. At least once every two weeks, Amazon remits all sales proceeds, minus fees, to the vendor. Pursuant to the Agreement, Amazon is classified as the third-party vendor's "agent for purposes of processing payments, refunds, and adjustments . . . receiving and holding Sales Proceeds on your behalf, remitting Sales Proceeds to Your Bank Account, charging your Credit Card, and paying Amazon and its Affiliates amounts you owe . . .."

42.     Upon information and belief, throughout each step of the sales process, Amazon may at any time cease providing any or all of the Services at its sole discretion and without notice, including suspending, prohibiting, or removing any listing. Amazon also retains other important privileges. For example, Amazon can require vendors to stop or cancel orders of any product. If Amazon determines that a vendor's actions or performance may result in risks to Amazon or third parties, it may in its sole discretion withhold any payments to the vendor. Furthermore, Amazon requires that its vendors

release it and agree to indemnify, defend, and hold it harmless against any claim, loss, damage, settlement, cost, expense, or other liability.

43. Amazon also fulfills and ships orders for infringing products as described herein.

44. As a result of the aforesaid acts of Defendants, Plaintiffs have suffered and continue to suffer substantial damages and irreparable injury.

45. Plaintiffs have no adequate remedy at law and, unless Defendants are restrained and enjoined by this Court, said acts will continue to cause damage and irreparable injury to Plaintiffs and to their goodwill and business reputation.

46. Plaintiffs cannot ascertain the precise amount of their damages at this time.

47. Defendants were notified of their infringing activity, and demand has been made upon them to cease and desist, but they have nonetheless continued to infringe.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

48. The preceding allegations are incorporated herein by reference.

49. Notwithstanding Plaintiffs' right, title, and interest in connection with the RISE 'N SHINE Mark and the associated goodwill, Defendants have continued to sell and offer for sale confusingly-similar goods with actual and/or constructive knowledge and/or reckless disregard of Plaintiffs' rights.

50. On information and belief, Defendants have purposefully and willfully used the RISE 'N SHINE ONLINE mark to confuse the public into believing their products were or are endorsed by or connected to Plaintiffs, and/or to misappropriate

Plaintiffs' registered RISE 'N SHINE Mark through their use of the Internet and through their selling of goods in interstate commerce.

51. Defendants' use of the infringing RISE 'N SHINE ONLINE mark in selling and advertising their products is likely to cause confusion, mistake, and deception among consumers as to the source, affiliation, connection, association, origin, or approval of the goods and falsely suggest a sponsorship, connection, license, affiliation or association between Plaintiffs and Defendants, in violation of Lanham Act § 32, 15 U.S.C. § 1114.

52. Defendants' continued use of their infringing mark has injured Plaintiffs, and if permitted to continue, will further injure Plaintiffs by damaging their reputation and causing additional monetary damages.

53. Defendants' continued and knowing use of their infringing mark, or their reckless disregard, constitutes willful and/or intentional infringement and unfair competition, and this case is therefore exceptional under the Lanham Act.

54. Plaintiffs have no adequate remedy at law and, if Defendants are not enjoined, Plaintiffs will suffer substantial irreparable harm and injury to their goodwill and reputation.

55. Plaintiffs cannot ascertain the precise amount of their damages at this time, but they are entitled to recovery of monetary damages, including, but not limited to, actual damages, treble damages, reasonable attorneys' fees, and costs; Plaintiffs are also entitled to recover Defendants' ill-gotten profits.

## COUNT II
### USE OF ADVERTISING IDEA

56. The preceding allegations are incorporated herein by reference.

57.     Among the advertising ideas that Annie Oakley uses to market its products is to include the words "rise" and "shine" in URLs and social media account names, such that persons who search the internet using the terms "rise" and "shine" can be directed to Annie Oakley's webpages for products (the "Advertising Idea"). By use of the Advertising Idea, Internet users seeking products to help them "rise" and "shine" will learn more about Annie Oakley's products, including being directed to Annie Oakley's advertisements and webpages for its products.

58.     Sometime on or after April 1, 2019, Defendants used Annie Oakley's Advertising Idea in their advertisements.

59.     Sometime on or after April 1, 2019, Young, Rise N Shine and/or E&E used the words "rise" and "shine" in its URLs for products that would be of interest to persons hoping to rise and shine, including, for example, the URL https://www.risenshineonline.com/ which displays this webpage/advertisement:



60. Sometime on or after April 1, 2019, Amazon used the words "rise" and "shine" in its URLs for products that would be of interest to persons hoping to rise and shine, including, for example, the URL https://www.amazon.com/Rise-N-Shine-Conditioner-Hair-U-Grow-8-Ounce/dp/B00KN80SD8 which displays this webpage/advertisement:



61. Defendants use of Annie Oakley's Advertising Idea was wrongful, unlawful or intended to damage Annie Oakley.

62. Annie Oakley has been damaged by Defendants' use of Annie Oakley's Advertising Idea.

## COUNT III
## FEDERAL TRADEMARK DILUTION

63. The preceding allegations are incorporated herein by reference.

64. Plaintiffs' RISE 'N SHINE Mark is "famous" within the meaning of 15 U.S.C. § 1125(c)(1) and was famous prior to Defendants' wrongful conduct alleged herein.

65. Defendants' use in commerce of the infringing goods dilutes the distinctive quality of Plaintiffs' RISE 'N SHINE Mark and was done with willful intent or to otherwise trade on Plaintiffs' reputation and thereby caused the dilution of Plaintiffs' mark.

66. Defendants acted in knowing and willful violation, or in reckless disregard, of Plaintiffs' rights under 15 U.S.C. § 1125(c).

67. Plaintiffs have no adequate remedy at law and, if Defendants are not enjoined, then Plaintiffs will suffer irreparable harm and injury to their goodwill and reputation.

68. Plaintiffs cannot ascertain the precise amount of their damages at this time, but they are entitled to recovery of monetary damages, including, but not limited to, actual damages, treble damages, reasonable attorneys' fees, and costs; Plaintiffs are also entitled to recover Defendants' ill-gotten profits.

### COUNT IV
### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

69. The preceding allegations are incorporated herein by reference.

70. Defendants' actions in adopting, marketing, reproducing, publicly displaying, selling, offering to sell, and/or distributing infringing versions of the RISE 'N SHINE Mark in interstate commerce without Plaintiff's consent constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and has caused, and continues to cause, a substantial effect on interstate commerce in that a likelihood of confusion, mistake, and deception exists in the minds of the consuming public as to the source, sponsorship, affiliation, and/or connection of Defendants' infringing goods.

71. By reason of the foregoing, Plaintiffs have been injured in an amount to be proven. In addition, as a result of Defendants' unlawful acts, Plaintiffs have suffered and will continue to suffer irreparable harm, and Plaintiffs have no adequate remedy at law with respect to this injury. Unless the acts of Defendants are enjoined by the Court, Plaintiffs will continue to suffer such harm.

72. Defendants' actions have been knowing, intentional, wanton, and willful, or done with reckless disregard of Plaintiffs' rights, entitling Plaintiffs to damages, treble damages, ill-gotten profits, reasonable attorneys' fees, statutory damages, and the costs of this action.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

73. The preceding allegations are incorporated herein by reference.

74. Plaintiffs are informed and believe, and thereon allege, that Defendants have been passing off their goods and services as those of Plaintiffs, and have been using Plaintiffs' intellectual property to promote their own goods and services.

75. Plaintiffs allege that they have thereby sustained damage to their reputation, goodwill, and sales, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHERERFORE, Plaintiffs RENEE GABET and ANNIE OAKLEY ENTERPRISES, INC., pray for the entry of a judgment from this Court:

(1) that Defendants and their officers, agents, servants, employees, licensees, assignees, transferees, successors, attorneys, and those persons in active concert or participation with them who receive actual notice of the Court's order, be preliminarily and permanently enjoined from:

      (a)    using the RISE 'N SHINE Mark or any variation of the term "RISE 'N SHINE," in connection with the promotion, marketing, advertising, and/or sales of perfumes, body oils, carrier oils, room fragrances essential oils, moisturizers, shea butter, cocoa butter, shampoo*s,* hair conditioners, soaps, body wash or body powders;

      (b)    using the Mark or any variation of the word "RISE 'N SHINE," specifically including, but not limited to, any term that includes "RISE 'N SHINE" or riseshineonline.com on the Internet, as a webpage, domain name, in meta tags, or social media account names, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship, or affiliation of Defendants;

      (c)    diluting, blurring, passing off, or falsely designating the origin of the RISE 'N SHINE Mark and from further injuring Plaintiffs' goodwill and reputation;

      (d)    engaging in unfair methods of competition with Plaintiffs;

      (e)    doing any other act or thing likely to induce the belief that Defendants' businesses, services, or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by Plaintiffs;

      (2)    preliminary and permanently ordering and directing Defendants to take any and all action necessary to remove any and all of Defendants' references to the RISE 'N SHINE Mark or any variation of the term "RISE 'N SHINE," specifically including, but not limited to, any term that includes "RISE 'N SHINE" or a misspelling of "RISE 'N SHINE," in connection with their promotion, marketing, advertising, and/or sales of perfumes, body oils, carrier oils, room fragrances essential oils, moisturizers, shea butter, cocoa butter, shampoo*s,* hair conditioners, soaps, body wash or body powders;

(3) that Defendants, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Plaintiffs, within thirty days after service of any injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

(4) awarding Plaintiffs, in accordance with 15 U.S.C. § 1117, Defendants' profits, damages sustained by Plaintiffs and three times such amounts as a result of Defendants' willful wrongful actions, including the infringement of federally-registered trademarks, infringement of common law rights, false designation of origin, trademark dilution, and employing unfair methods of competing with Plaintiffs;

(5) awarding Plaintiffs interest, costs, and reasonable attorneys' fees incurred in connection with this action;

(6) awarding Plaintiffs such other and further relief as this Court may deem to be just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, as to all issues in this lawsuit.

> Respectfully submitted,
>
> s/Paul B. Overhauser
> Paul B. Overhauser
> OVERHAUSER LAW OFFICES, LLC
> 740 W. Green Meadows Drive, Suite 300
> Greenfield, IN  46140
> (317) 467-9100
> poverhauser@overhauser.com

**Exhibits**

| | |
|---|---|
| Exhibit 1 | Screenshot of Annie Oakley Enterprises, Inc. Rise 'N Shine Custom Blend. |
| Exhibit 2 | United States Trademark Registration No. 2,549,750: RISE 'N SHINE: perfumes, body oils, room fragrances and essential oils for personal use. |

| Exhibit 3 | United States Trademark Registration No. 3,990,283: RISE 'N SHINE: shampoos, hair conditioners, body soaps, and body powders |
|---|---|
| Exhibit 4 | Compilation of Rise N Shine sample webpages of infringing products. |
| Exhibit 5 | USPTO Trademark Office Action mailed to Rise N Shine Online LLC 9/1/2016 |
| Exhibit 6 | USPTO Notice of Abandonment re: Rise N Shine Online dated March 30, 2017. |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been deposited in the U.S. mail, first-class postage prepaid, on August 23, 2019 addressed to:

RISE N SHINE ONLINE LLC and ERIC YOUNG, CEO
650 Cleveland Street #1458
Clearwater FL 33760-1458

RISE N SHINE ONLINE LLC, and ERIC YOUNG
c/o Florida Secretary of State
P.O. Box 6327
Tallahassee, FL 32314-6327

Helena Kobrin
Law Offices of Timothy Bowles P.C.
One S. Fair Oaks Avenue, Suite 301
Pasadena, CA 91105

                                          s/Paul B. Overhauser
                                          Paul B. Overhauser