IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANNIE OAKLEY ENTERPRISES, INC. and RENEE GABET, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| -vs.- | ) ) | The Honorable Mark J. Dinsmore |
| RISE N SHINE ONLINE, LLC, a Florida LLC, and ERIC S. YOUNG, individually, and AMAZON.COM, INC., a Washington Corporation, | ) ) ) ) ) | No. 1:19-cv-01732-JMS-MJD |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL
DISCOVERY RESPONSIVE TO AMAZON.COM, INC.'S INTERROGATORIES
NOS. 3 AND 6, AND REQUESTS FOR PRODUCTION NOS. 3, 5, 6, 8, AND 21, AND
MOTION FOR A SUFFICIENT ANSWER TO REQUEST FOR ADMISSION NO. 4**

## TABLE OF CONTENTS

I.      INTRODUCTION ------------------------------------------------------------------------ 1

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY ------------------------------- 2

III.    ARGUMENT-------------------------------------------------------------------------------- 4

    A.      Plaintiffs Should Be Compelled To Respond
    In Detail To Amazon's Interrogatory No. 3
    Regarding Amazon's Laches Affirmative Defense------------------------------------ 5

        1.      Plaintiffs' Response To Amazon's
        Interrogatory No. 3 Is Incomplete And Deficient---------------------------- 5

        2.      Amazon's Interrogatory Seeks Relevant  Information Regarding Its
        Laches Defense, And Amazon Is Entitled To A Detailed Response ------- 6

    B.      Plaintiffs Should Be Compelled To Respond To
    Interrogatory No. 6 Seeking Plaintiffs' Revenues,
    And No Information At All Has Been Provided -------------------------------------- 8

        1.      Plaintiffs' Response To Amazon's
        Interrogatory No. 6 Is Incomplete And Deficient---------------------------- 8

        2.      Plaintiffs' Revenues Are Highly Relevant Information
        And Plaintiffs Should Be Required To Provide Them ---------------------- 9

    C.      Plaintiffs Should Be Compelled To Produce
    Documents Responsive To Amazon's Request
    For Production Nos. 5 & 6, Such As Evidence Of
    The First Sale Of Products Bearing The Asserted
    Trademarks And Related Marketing Documents --------------------------------------11

        1.      Plaintiffs' Responses And Production Concerning
        Requests For Production Nos. 5 And 6 Are Deficient ---------------------11

        2.      Evidence Of Plaintiffs' Products'
        First Sale And Marketing Documents Are
        Relevant Information, Plaintiffs' Objections
        Are Generic, And Their Production Is Inadequate--------------------------12

    D.      Plaintiffs Should Be Compelled To Produce
    Documents Responsive To Amazon's Requests For
    Production Nos. 3 & 8 Seeking Documents Related To
    The Adoption And Prosecution Of Their Trademarks -------------------------------16

1. Plaintiffs' Responses And
Production Regarding Requests For
Production Nos. 3 And 8 Are Inadequate ------------------------------------ 16

2. Documents Regarding Plaintiffs'
Prosecution And Adoption Of Their
Trademarks Are Relevant Information And
Plaintiffs Have Not Provided An Adequate Production --------------------- 17

E. Plaintiffs Should Be Compelled To Produce
The Missing Settlement Agreement Responsive
To Amazon's Request For Production No. 21 ------------------------------------ 19

F. Amazon Seeks A Determination Of Sufficiency For
Plaintiffs' Answer To Request For Admission No. 4 -------------------------------- 20

1. Plaintiffs' Response To Request For Admission
No. 4 Is Incomplete, Non-responsive, And Evasive ------------------------- 20

2. Evidence Of Actual Confusion Is Relevant----------------------------------- 22

3. Plaintiffs Have Not Identified Any Actual
Confusion, And Have Incorrectly Denied This
Request For Admission By Mischaracterizing It ----------------------------- 22

G. Plaintiffs' Original Admission Responding
To Request For Admission No. 5 Should Stand -------------------------------------- 23

1. Plaintiffs Admitted This Request By
Failing To Provide Any Response Within
Rule 36's Deadline Or Anytime Close To It --------------------------------- 23

2. Plaintiffs Failed To File A Motion
Pursuant To Rule 36 Requesting That The
Court Permit Withdrawal Of Their Admission-------------------------------- 24

H. Amazon Is Entitled To Its Reasonable Expenses ------------------------------------- 24

IV. CONCLUSION -------------------------------------------------------------------------------- 25

# TABLE OF AUTHORITIES

*Cases:*                                                                                    *Page(s):*

*AM Gen. Corp. v. DaimlerChrysler Corp.*,
    311 F.3d 796 (7th Cir. 2002) --------------------------------------------------------- 10, 15, 18

*Barrington Music Prods., Inc. v. Music & Arts Ctrs.*,
    No. 16-cv-0006, 2017 WL 4683194 (N.D. Ind. Oct. 17, 2017)---------------------------------- 7

*Burkybile v. Mitsubishi Motors Corp.*,
    2006 WL 2325506 (N.D. Ill. Aug. 2, 2006) --------------------------------------------------- 5

*Chattanoga Mfg., Inc. v. Nike, Inc.*,
    301 F.3d 789 (7th Cir. 2002) ------------------------------------------------------------------ 6

*Chavez v. DaimlerChrysler Corp.*,
    206 F.R.D. 615 (S.D. Ind. 2002) -------------------------------------------------------------- 5

*Gossard v. Adia Servs., Inc.*,
    No. 91 C 2047, 1992 WL 198424 (N.D. Ill. Aug. 11, 1992) --------------------------------- 18

*Graham v. Casey's Gen. Stores*,
    206 F.R.D. 251 (S.D. Ind. 2002) -------------------------------------------------------------- 5

*Gulf Oil Co. v. Bernard*,
    452 U.S. 89 (1981)------------------------------------------------------------------------------ 15

*Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture, LLC*,
    No. 208CV00130PMPRJJ, 2009 WL 10693182 (D. Nev. Sept. 11, 2009) --------------------- 20

*Hot Wax, Inc. v. Turtle Wax, Inc.*,
    191 F.3d 813 (7th Cir. 1999) ------------------------------------------------------------------ 7

*Hunt v. Hubler Chevrolet, Inc.*,
    No. 1:18-cv-01505-RLY-MJD, 2019 WL 1043163 (S.D. Ind. Mar. 4, 2019) ------------------- 5

*Illinois Tamale Co. v. El-Greg, Inc.*,
    16 C 5387, 2019 WL 4395139 (N.D. Ill. Sept. 13, 2019) ------------------------------------ 10

*Knauf Insulation, LLC, v. Johns Manville Corp.*,
    No. 1:15-cv-00111-WTL-MJD, 2018 WL 6659726 (S.D. Ind. June 28, 2018) ------------- 6, 15

*Lawson v. Diehl Machines, Inc.*,
    No. 3:98-CV-194RP, 1999 WL 325064 (N.D. Ind. Apr. 16, 1999) ------------------------------- 24

*Lifeguard Licensing Corp. v. Ann Arbor T-shirt Co.*, LLC,
    No. 15 CIV. 8459 (LGS), 2016 WL 5936887 (S.D.N.Y. Oct. 11, 2016)------------------------ 20

*Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*,
    No. 14-cv-1734, 2017 WL 747536 (S.D. Ind. Feb. 27, 2017) ------------------------------------- 7

*Owner Operator Ind. Drivers Ass'n, Inc. v. Comerica Bank*,
    615 F. Supp. 2d 692 (S.D. Ohio 2009) ------------------------------------------------------------24

*Sherwood v. Creative Hairdressers, Inc.*,
    2:11-cv 291, 2012 WL 1563910 (N.D. Ind. May 1, 2012) ------------------------------------- 5

*Sorensen v. WD-40 Co.*,
    792 F.3d 712 (7th Cir. 2015) ------------------------------------------------------14, 15, 22

*Texas Pig Stands, Inc. v. Hard Rock Cafe Intern., Inc.*,
    966 F.2d 956 (5th Cir. 1992) -----------------------------------------------------------------10

*Statutes and Rules:*

15 U.S.C. § 1125 --------------------------------------------------------------------------10, 15, 17

Ind. Code Ann. § 34-11-2-4 ----------------------------------------------------------------------- 7

Fed. R. Civ. P. 26 ------------------------------------------------------------------------------- 4, 6

Fed. R. Civ. P. 36 ----------------------------------------------------------------------------- 1, 23, 24

Fed. R. Civ. P. 37 ----------------------------------------------------------------------------- 1, 24, 25

## I.   **INTRODUCTION**

Defendant Amazon.com, Inc. ("Amazon") respectfully moves under Fed. R. Civ. P. 37(a)(3)(B) for an order compelling plaintiffs Annie Oakley Enterprises, Inc. and Renee Gabet ("plaintiffs") to supplement their responses to Amazon's Interrogatories Nos. 3 and 6, and Requests for Production Nos. 3, 5, 6, 8, and 21.  Amazon further moves under Fed. R. Civ. P. 36(a)(6) for a sufficient answer to Amazon's Requests for Admission No. 4.

In this action, plaintiffs have named Amazon as a defendant based on Rise 'N Shine Online, LLC and Eric Young's (the "Rise 'N Shine Defendants") sales on www.amazon.com of products plaintiffs accuse of trademark infringement.  Plaintiffs have now settled with the Rise 'N Shine Defendants, but continue to pursue claims against Amazon.  Notwithstanding Amazon's tangential role in the underlying facts at issue, plaintiffs have served burdensome discovery on Amazon (to which Amazon has responded), while steadfastly resisting basic discovery requests made of any trademark plaintiff.  Amazon's discovery is aimed at core issues in this case:  Plaintiffs have refused to produce the settlement agreement with the Rise 'N Shine Defendants while producing a different settlement agreement that plaintiffs deem favorable to their damages case.  Plaintiffs have refused to produce any non-public documents related to the adoption or prosecution of the very trademarks at issue in this case.  They have served evasive responses to requests for admission in order to avoid admitting that they have no evidence of actual confusion, despite providing no documents or other evidence of any actual confusion.  And plaintiffs have produced no sales data regarding their own products whatsoever.  Plaintiffs should be ordered to provide proper responses and documents to Amazon's legitimate requests.

Amazon brings this motion after failing to obtain adequate discovery production or responses from plaintiffs, despite numerous correspondence exchanges detailing the need and

relevance of the discovery dating back to June 29, 2020, and telephone calls between the parties' attorneys to meet and confer.

## II.  <u>STATEMENT OF FACTS AND PROCEDURAL HISTORY</u>

Amazon served its discovery set on plaintiffs on March 16, 2020, which included eight Interrogatories, five Requests for Admission, and thirty-six Requests for Production.  Declaration of Robert T. Cruzen In Support of Motion to Compel ("Cruzen Decl."), Exs. A-C.  Amazon granted plaintiffs' request for a two-week extension of time to respond to Amazon's discovery requests.  Cruzen Decl. Ex. O.  The extension provided that the responses and documents must be served electronically by May 2, 2020.  *Id*.  Despite the agreement, plaintiffs did not serve the responses electronically until May 6, 2020, after Amazon inquired as to why no responses or documents had been served.  Cruzen Decl. Ex. P.  Plaintiffs' certificates of service for all of their initial discovery responses state they were mailed U.S. mail, first-class postage on May 1, 2020.  Cruzen Decl. Exs. D-F.  Mail versions of the documents and responses were received on May 7, 2020 *after* Amazon requested and received the tardy electronic versions of them.  Cruzen Decl. ¶22.  Noticeably missing from this initial round of discovery responses was plaintiffs' answer to Amazon's Request for Admission No. 5.  Cruzen Decl. Ex. E.

Nearly a month ago, counsel for Amazon sent plaintiffs' counsel a letter on June 29, 2020, detailing deficiencies in plaintiffs' document productions and discovery responses, including each issue raised in this motion, and requesting a meet and confer with a proposed date of July 1 or 2.  Cruzen Decl. Ex. J.  On July 1, counsel for Amazon again followed up on the request to meet and confer after receiving no response at all from plaintiffs' counsel.  Cruzen Decl. Ex. Q.  On July 2, at approximately 4:30 p.m. Eastern, counsel for plaintiffs, Ms. Melanie Eich, finally conferred regarding the issues raised by Amazon, but promptly announced that she was unprepared to discuss *any of those issues substantively*.  Cruzen Decl. ¶23.  She committed to sending a letter responding

substantively to all issues on July 3. *Id*. During the call, counsel for Amazon requested that plaintiffs at least provide a copy of the settlement agreement they entered into with the Rise 'N Shine Defendants, and Ms. Eich stated that plaintiffs would produce the agreement (although she had not been involved in its drafting or execution). *Id*. Plaintiffs served by mail on July 2, 2020, supplemental responses and objections to Amazon's First Requests for Admissions, which provided for the first time a response to Amazon's Request For Admission No. 5, which was due more than two months earlier. Cruzen Decl. Ex. G.

On July 3, plaintiffs' counsel sent an email, reneging on the promise to provide substantive responses to the issues Amazon had raised, instead stating that she could not provide *any* substantive responses to Amazon's meet and confer letter. Cruzen Decl. Ex. R. Amazon noted that it would raise the issue with the Court. Cruzen Decl. Ex. S.

Not until July 8, 2020, did Ms. Eich respond to Mr. Cruzen's letter including a few updates to plaintiffs' responses while maintaining many of their objections refusing production or updates to discovery. Cruzen Decl. Ex. K. On July 10, 2020, at approximately 2 p.m. Eastern, the parties met and conferred (including Mr. Cruzen for Amazon and Ms. Eich and Mr. Overhauser for plaintiffs), but plaintiffs declined to provide a date certain at that time for amending discovery and producing additional documents that are the subject of this motion. However, plaintiffs' counsel promised to send a letter by no later than July 13, 2020, a promise reiterated to the Court at a status conference on the morning of July 13, 2020. Cruzen Decl. ¶24.

Notwithstanding the commitments made by plaintiffs' counsel to the Court and to Amazon's counsel, plaintiffs did not provide a date certain for serving documents and supplemental responses until July 15, 2020, after the close of business, committing to amending the responses and producing documents by Friday, July 24, two days after the discovery hearing

scheduled with the Court.  Cruzen Decl. Ex. L at p.6.  The parties held a final meet and confer on the afternoon of July 15, 2020 (including Mr. Cruzen for Amazon and Ms. Eich and Mr. Overhauser for plaintiffs).  That conference failed to resolve each of the disputes that are the subject of this motion.  On July 17, 2020, counsel for Amazon sent a letter confirming each of these disputes to plaintiffs' counsel.  Cruzen Decl. Ex. M.  Plaintiffs served a supplemental document production and supplemental responses to Amazon's Request for Production No. 6, on July 20, 2020, but yet again plaintiffs' responses and production did not resolve the disputes at issue on this motion.  Cruzen Decl. Ex. I.

Although many discovery disputes have been resolved by the parties, Amazon continues to seek diligent and appropriate responses and productions for Interrogatories Nos. 3 and 6, five Requests for Production of Documents, and a Request for Admission, despite the three meet and confers and correspondence detailed above.  In addition, to date, plaintiffs have not served Amazon with a privilege log, despite requests calling for documents relating to the prosecution of the Asserted Trademarks where no such documents have been produced.

## III.   <u>ARGUMENT</u>

Federal Rule of Civil Procedure 26(b)(1) states in-part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"Relevancy is construed broadly and encompasses 'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" *Hunt v. Hubler Chevrolet, Inc.*, No. 1:18-cv-01505-RLY-MJD, 2019 WL 1043163, *2 (S.D. Ind. Mar. 4,

2019) (*citing Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (internal citations omitted)). "Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand." *Sherwood v. Creative Hairdressers, Inc.*, 2:11-cv 291, 2012 WL 1563910, *1 (N.D. Ind. May 1, 2012). The party objecting to discovery has the burden to show with specificity why a particular request is improper. *Hunt*, 2019 WL 1043163, *2 (*citing Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002)). That burden is not met by "a reflexive invocation" of often used boilerplate discovery objections. *See id.* (*citing Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006)). "When discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Hunt*, 2019 WL 1043163, *5 (*citing Chavez*, 206 F.R.D. at 619).

### A. Plaintiffs Should Be Compelled To Respond In Detail To Amazon's Interrogatory No. 3 Regarding Amazon's Laches Affirmative Defense.

#### 1. Plaintiffs' Response To Amazon's Interrogatory No. 3 Is Incomplete And Deficient.

Amazon served Interrogatory No. 3 on March 16, 2020, which reads:

> Set forth plaintiffs' contentions why laches does not bar its alleged trademark infringement claims against Amazon, including when plaintiffs first became aware of Amazon's alleged infringement of the Asserted Trademarks, all facts and reasons plaintiffs waited until August 26, 2019 to name Amazon in this action, and any reason(s) why these circumstances do not bar plaintiffs' trademark claims under the laches doctrine.

Cruzen Decl. Ex. A.

Rather than respond to this interrogatory, Plaintiffs objected on May 1, 2020, stating:

> Answer: Objection, the request is premature and calls for legal conclusions.  Laches is an affirmative defense, and Amazon has not identified the facts it alleges support its application.  Subject to the objection, Plaintiffs asserted their claims against Amazon within a reasonable time, especially considering that Plaintiffs attempted to reach a settlement with the other co-defendants on terms that would forbid supplying Amazon with further infringing products.

Cruzen Decl. Ex. D.

Later, Plaintiffs served a supplemental response on July 20, 2020, which added the following statement to their answer: "Plaintiffs tried to get Amazon to stop infringing without resorting to litigation by notifying Amazon of its infringement, but Amazon failed to stop infringing.  This left Plaintiffs with no alternative but to seek redress through litigation."  Cruzen Decl. Ex. H.  That response is inadequate at least because it never specifies when plaintiffs learned of Amazon's purported infringement.

### 2. Amazon's Interrogatory Seeks Relevant Information Regarding Its Laches Defense, And Amazon Is Entitled To A Detailed Response.

Amazon has pleaded laches as a defense (ECF No. 26 at 12), which puts this interrogatory squarely in the bounds of relevant discovery promoted by Fed. R. Civ. P. 26.  *See Knauf Insulation, LLC, v. Johns Manville Corp.*, No. 1:15-cv-00111-WTL-MJD, 2018 WL 6659726, *3 (S.D. Ind. June 28, 2018) (defendants alleged affirmative defenses and counterclaims that patents in suit were invalid, therefore discovery seeking dates of invention and reduction to practice was "incontrovertibly relevant").  Laches is an equitable defense that is "derived from the maxim that those who sleep on their rights, lose them." *Chattanoga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 792 (7th Cir. 2002). The three elements that the defendant must prove to support a finding of laches in the context of a trademark infringement case are: (1) knowledge of the defendant's use of the allegedly infringing mark; (2) inexcusable delay in taking action with respect to defendant's use; and (3) prejudice to the party asserting the defense.  *Id.* at 792-93.

The applicable statute of limitations provides guidelines for the application of the laches doctrine under the Lanham Act.  Where a plaintiff has delayed bringing a Lanham Act cause of action for longer than the analogous statute of limitations, there is a presumption that such claims are barred by laches.  *See Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 821 (7th Cir. 1999).  Because the Lanham Act does not specify a statute of limitations, courts apply the statutory limitation for the most analogous state law claim.  *Id.*  In *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, No. 14-cv-1734, 2017 WL 747536 (S.D. Ind. Feb. 27, 2017), the Court determined that for a Lanham Act claim where the plaintiff alleges harm to its brand (i.e., goodwill and reputation), the analogous state law claim is for injury to personal property, which is subject to a two-year statute of limitations under Indiana Code §34-11-2-4.  *Id.* at *3 (granting summary judgment for defendant where plaintiff delayed more than two years after learning of the alleged infringement before bringing suit); *see also Barrington Music Prods., Inc. v. Music & Arts Ctrs.*, No. 16-cv-0006, 2017 WL 4683194, at *3 (N.D. Ind. Oct. 17, 2017) ("Under Indiana law, the analogous statute of limitations for claims to personal property is two years.").  Plaintiffs seek redress for alleged harm to their "goodwill" and "reputation" of their brand.  ECF No. 12, Amended Compl. ¶¶45, 49, 54, 67, 75.  Therefore, the statute of limitations applicable to plaintiffs' claims is two years, and their claims are presumptively barred under the doctrine of laches if plaintiffs delayed more than two years in bringing suit.

In this case, plaintiffs sued Amazon in August of 2019 based on sales of the accused products by third parties on Amazon's website since early 2015.  Cruzen Decl. ¶25.  Accordingly, Amazon's interrogatory seeks from plaintiffs any factual basis they have for arguing that laches is not applicable to plaintiffs' purported claims against Amazon, including *when plaintiffs first learned of Amazon's alleged infringement of the asserted trademarks by the accused products*.

This date, in particular, is a critical fact at issue in this case.[1]  Plaintiffs' answer is non-responsive to the laches issue posed in the interrogatory, and does not state a date by when they first learned of the alleged infringement by Amazon.  Cruzen Decl. Ex. H.  Further, plaintiffs' objection does not show with specificity that this interrogatory is improper, as is required by the party objecting to the discovery.  Accordingly, Plaintiff should be ordered to respond with particularity to Amazon's Interrogatory No. 3.

### B. Plaintiffs Should Be Compelled To Respond To Interrogatory No. 6 Seeking Plaintiffs' Revenues, And No Information At All Has Been Provided.

#### 1. Plaintiffs' Response To Amazon's Interrogatory No. 6 Is Incomplete And Deficient.

Amazon served Interrogatory No. 6 on March 16, 2020, which read:

> Set forth plaintiffs' revenues on a quarterly basis for each of Plaintiffs' Products since July 1, 2012.

Cruzen Decl. Ex. A.

Plaintiffs served a supplemental response to this Interrogatory on July 20, 2020, and stated:

> Answer: Plaintiff does not know and cannot calculate its revenues on a quarterly basis for each of Plaintiffs Products since July 1, 2012.  To the extent Plaintiff obtains this information, it will supplement this answer.  Plaintiff also objects to the interrogatory as not relevant and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiffs do not track revenues by Product, and have changed accounting systems during the timeframe specified in the interrogatory.

Cruzen Decl. Ex. H.

---

[1] Laches can be based on a plaintiff's constructive knowledge of the alleged infringement or on actual knowledge.  Thus, plaintiffs' actual knowledge of alleged infringement is plainly relevant, even if the defense is alternatively based on their constructive knowledge (i.e. facts plaintiffs should have known).

Plaintiffs have provided no explanation for why they have *no records whatsoever* with regard to any sales data as to even one of its products bearing the Asserted Trademarks.  They have made no showing that they do not track product sales in any way: indeed, they necessarily must maintain records of sales transactions for purposes of filing taxes at a minimum.  They have made no showing that sales on a product by product basis cannot be calculated.  They have not even produced the requested data for the period of time during which this litigation was pending, or even for the period of time since Amazon served this interrogatory in March of this year.  Plainly, data for the second quarter (April-June) could have been collected, calculated, and produced, yet plaintiffs have provided not even that information.

Plaintiffs have also not shown that any prior accounting system data is inaccessible or was destroyed, nor when the alleged change occurred.  If the change occurred during pending litigation and led to lost data, then plaintiffs have destroyed relevant evidence.  Finally, the proportionality objection has no merit: here, plaintiffs seek apparently hundreds of thousands if not millions of dollars for the alleged infringement by accused products Amazon never even sold—plaintiffs' theories are based on the actions of third parties.  Amazon has produced extensive sales data.  Asking that plaintiffs produce their revenue data is not disproportionate.  In sum, the contention that plaintiffs lack *any* sales data for any of the products that bear the Asserted Trademarks is not plausible when made with regard to any modern business, and they should be ordered to respond.  As discussed below, the information sought is relevant to Amazon's defenses in this action.

### 2.   Plaintiffs' Revenues Are Highly Relevant Information And Plaintiffs Should Be Required To Provide Them.

Quarterly revenues for plaintiffs' products since July 1, 2012, as requested by this Interrogatory, are highly relevant.  Whether, and to what extent, plaintiffs can show lost sales due to Amazon's alleged infringement is critical in assessing damages: even if plaintiffs seek only

Amazon's profits that resulted due to alleged trademark infringement, Amazon is entitled to present to the jury that plaintiffs suffered no decrease in sales as a result of the Rise 'N Shine Defendants' sales of their products, because that fact would strongly suggest that the Rise 'N Shine Defendants' sales were not driven by any potential confusion, and thus were not due to the alleged trademark infringement. *See Illinois Tamale Co. v. El-Greg, Inc.*, 16 C 5387, 2019 WL 4395139, at *16 (N.D. Ill. Sept. 13, 2019) (holding that "the jury reasonably could find that a portion of El-Greg's profits was due to factors other than infringement."); *see also Texas Pig Stands, Inc. v. Hard Rock Cafe Intern., Inc.*, 966 F.2d 956, 957 (5th Cir. 1992) ("The reason why Hard Rock Café's profits were not awarded was…based solely on the lack of evidence showing that any of Defendant's profits were the result of its infringement of the mark [because] [t]he trial court in granting j.n.o.v. on unjust enrichment expressly found: 'Hard rock 'would have sold just as many pig sandwiches by any other name' and that 'there is no basis for inferring that any of the profits received by [Hard Rock] from the sale of pig sandwiches are attributable to infringement.'").

The magnitude of plaintiffs' sales is also directly relevant to issues related to their claim of trademark dilution: if plaintiffs made only minimal sales, the allegation that plaintiffs' marks are "famous" and thus a household name that the general consuming public would know are wholly implausible. In order to prove a claim for trademark dilution under the Lanham Act, a plaintiff must establish the following elements: (1) the mark is "famous" and "distinctive," (2) the defendant adopted the mark after it became famous, (3) the defendant "diluted" the mark through its use, and (4) the defendant's use is commercial and in commerce. 15 U.S.C. § 1125(c)(1); *see AM Gen. Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 811 (7th Cir. 2002). A mark is famous if it is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). If plaintiffs'

sales data revealed only minimal sales, the argument that their marks are "famous" under the Lanham Act would fail as a matter of law, because they could not show that the general consuming public of the United States recognize their trademarks and know that they are associated with plaintiffs.

Finally, the suggestion that a request for plaintiffs' sales data is not proportional "to the needs of the case" should be rejected.  Amazon has no alternate means of obtaining the information.  Plaintiffs sued Amazon based on the conduct of third parties and now seek a substantial damages award from Amazon based on the third-party conduct.  They should not be permitted to avail themselves of the Court's resources in seeking redress from Amazon for alleged third-party infringement while shielding their own relevant financial data.

**C.     Plaintiffs Should Be Compelled To Produce Documents Responsive To Amazon's Request For Production Nos. 5 & 6, Such As Evidence Of The First Sale Of Products Bearing The Asserted Trademarks And Related Marketing Documents.**

**1.     Plaintiffs' Responses And Production Concerning Requests For Production Nos. 5 And 6 Are Deficient.**

Amazon served its Requests for Production Nos. 5 and 6 on March 16, 2020.  Request No. 5 requested:

> All documents relating to when each of Plaintiffs' Products were first sold, first offered for sale, and first appeared in any advertising or marketing.

Cruzen Decl. Ex. C.

Plaintiffs responded to this Request on May 1, 2020, and supplemented their response and document production on July 20, 2020, with the following:

> See documents responsive to Request No. 1.   Additionally, see supplemental documents produced herewith.

Cruzen Decl. Ex. I.

Amazon served its Request for Production No. 6 on March 16, 2020, which requested:

> Documents sufficient to show all marketing and advertising, including all marketing and advertising channels, of each of Plaintiffs' Products, including catalogs, order forms, print media, advertising, website and social media copy, paid promotional uses, products given away for free, distributed at a discount, or distributed with other incentives.

Cruzen Decl. Ex. C.

Plaintiffs objected to this Request on May 1, 2020, with the following:

> Objection.  Request No. 6 is overly broad and burdensome as it seeks "all" documents and information that is not relevant to Plaintiff's claim and is not proportional to the needs of the case, and because the term "sufficient to show" is vague.  Plaintiffs' priority of use over Defendants is not an issue in this case.  Without waiving any objections, please see Exhibit 1 to the Complaint.

Cruzen Decl. Ex. F.

On July 20, 2020, plaintiffs emailed Amazon a supplemental document production and the following supplemental response to Request No. 6:  "Additionally, see supplemental documents produced herewith."  Cruzen Decl. Ex. I.  Plaintiffs have produced a mere handful of documents, showing sparse marketing activity for only a few products, and no showing has been made that plaintiffs sold or marketed products bearing their second trademark prior to the time they represented that such sales had occurred to the trademark office.  Cruzen Decl. ¶26.

<b>2.  Evidence Of Plaintiffs' Products'<br>First Sale And Marketing Documents Are<br>Relevant Information, Plaintiffs' Objections<br><u>Are Generic, And Their Production Is Inadequate.</u></b>

Requests inquiring into when plaintiffs' products were first sold is standard discovery served in trademark cases, but they are particularly critical in this case. Plaintiffs' second trademark registration was an "intent to use" application, meaning that plaintiffs were not actually using the mark in commerce when the application was originally filed.  After taking the maximum

number of extensions of time, plaintiffs eventually relied upon the following specimen in support

of their attempt to show that they had actually commenced using the trademark in commerce:



Cruzen Decl. Ex. N (excerpt from file history of second trademark application).

Plaintiffs' purported specimen of use resembles a label that one would purchase at a

stationery store.  The label is not affixed to any product, as is typically the case when specimens

of use are submitted.   And it bears *no resemblance* to any of plaintiffs' other branding or

advertising.  For example, plaintiffs' Amended Complaint provides the following exemplars of

their branding and labeling:





Rise 'N Shine ® Custom

ECF No. 12-1.

No showing has ever been made that 2011 purported specimen was used on a product. Its use of a lowercase letter "n," its lack of an apostrophe before the "n" in "Rise n Shine," and the lack of any reference to "Annie Oakley" all illustrate the divergence from plaintiffs' typical claimed branding and use of the Asserted Trademarks. Whether products were actually sold bearing the purported specimen label is a critical question bearing on the validity of plaintiffs' trademarks. Plaintiffs' sales and marketing related to their products are therefore plainly relevant.

Similarly, Amazon's Request for Production No. 6 seeks marketing and advertising documents, which are very likely to contain highly relevant information to issues related to claims or defenses in this case. The marketing and advertising documents sought are relevant to whether the appearance of the Accused Products and plaintiffs' products are confusingly similar as they appear in marketing and advertising. *See Sorensen v. WD-40 Co*., 792 F.3d 712, 726 (7th Cir. 2015) (outlining the Seventh Circuit's seven-factor test for likelihood of confusion). Marketing and advertising documents also relate to the issue of plaintiffs' first use of the marks in commerce, which pertains to the validity of the trademarks at issue. In addition, these documents could shed

light on whether the acts of infringement Amazon is alleged to have committed occurred in the same marketing and advertising channels employed by plaintiffs with regard to their products. *Id.* (citing "the area and manner of concurrent use" as a relevant factor in determining likelihood of confusion).

Furthermore, as noted above, plaintiffs have asserted a claim for dilution, which requires a showing that the marks in question are famous:  that is, a household name.[2]  The breadth of plaintiffs advertising is relevant to whether their marks meet this standard. Therefore, the information sought by this Request is highly material.

Plaintiffs, as the objecting party, must specifically identify how the request is improper, and cannot achieve this by using boilerplate objection language.  Yet, plaintiffs run afoul of these requirements and prohibitions.  Plaintiffs' objections are generic and nonsensical.  Plaintiffs have not shown how their sales, marketing and advertising materials are unrelated and irrelevant to their claim of trademark infringement or Amazon's defenses.  They have not demonstrated that the request is, in fact, burdensome. *See Knauf Insulation, LLC v. Johns Manville Corp.*, No. 1:15-cv-00111-WTL-MJD, 2018 WL 6659726, *2 (S.D. Ind. June 28, 2018) ("Undue burden or expense, actual or potential, must be shown by 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'") (*citing Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).  The documents and things requested are such things as plaintiffs' catalogs, print media, and social media advertisements.  These should be clearly within plaintiffs' possession or control for a party selling products, let alone one who is pursuing a claim to protect

---

[2] 15 U.S.C. § 1125(c)(1); *see AM Gen. Corp.*, 311 F.3d 796, 811 (7th Cir. 2002).  As noted above, a mark is famous if it is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner."   15 U.S.C. § 1125(c)(2)(A).

its trademark.  Plaintiffs contend they have been marketing and selling products bearing the asserted trademarks for *twenty years*.  ECF No. 12 at ¶19 ("Plaintiffs have been using the RISE 'N SHINE Mark in commerce in connection with essential oils for personal use since at least January, 2000").  Yet plaintiffs have produced only a trivially small set of responsive documents: approximately 45 pages of web pages and email advertising, many of which are very recent, that do not reflect that the marks were in use at the time plaintiffs represented they were in use in their trademark applications, particularly with regard to the shampoos, conditioners, and body soaps claimed in plaintiffs' second trademark application.  Cruzen Decl. ¶26.  No catalogs, print media, or social media have been produced, although plaintiffs have not stated that they lack any social media presence.  *Id.*  And no document evidencing when products bearing the second trademark were first sold has been produced.  Cruzen Decl. ¶27.  This production is clearly insufficient. Plaintiffs have not met their burden to show that this Request is improper, and they should be compelled to produce all documents responsive to this Request.

> **D.   Plaintiffs Should Be Compelled To Produce Documents Responsive To Amazon's Requests For Production Nos. 3 & 8 Seeking Documents Related To The Adoption And Prosecution Of Their Trademarks.**
>
> **1.   Plaintiffs' Responses And Production Regarding Requests For Production Nos. 3 And 8 Are Inadequate.**

Amazon served its Request for Production No. 3 on March 16, 2020, which requested:

> All documents relating to, considered, or reviewed in the course of the prosecution of the Asserted Trademarks.

Cruzen Decl. Ex. C.

Plaintiffs served their supplemental response to Request No. 3 on July 20, 2020, which stated:

> See documents responsive to Request No. 1.   No additional responsive documents are in the possession, custody or control of Plaintiffs.

Cruzen Decl. Ex. I.

Also, Amazon served its Request for Production No. 8 on March 16, 2020, which requested:

> All Documents related to the selection, adoption, origin, any inspiration, creation, and design of the Asserted Trademarks.

Cruzen Decl. Ex. C.

Plaintiffs' response to Request No. 8 served on May 1, 2020, included the following objection:

> Objection. Request No. 8 is overly broad and burdensome as it seeks information that is not relevant to Plaintiffs' claim and is not proportional to the needs of the case.  Defendants do not claim to be senior users of the marks at issue.  Without waiving any objections, please see Exhibits 1-3 to the Amended Complaint and the documents produced herewith.

Cruzen Decl. Ex. F.

Plaintiffs have produced no documents other than publicly available trademark prosecution files, and the trademark registrations themselves.  Cruzen Decl. ¶28.  No trademark search results have been produced.  *Id*.  No communications with trademark counsel with regard to either trademark application have been produced, though no specific privilege objection has been asserted.  *Id*.  Plaintiffs have produced no privilege log in this action.  *Id*.

### 2.   Documents Regarding Plaintiffs' Prosecution And Adoption Of Their Trademarks Are Relevant Information And <u>Plaintiffs Have Not Provided An Adequate Production.</u>

The information Amazon seeks in these Requests is relevant to both the validity of the Asserted Trademarks, and to whether they are "famous" for purposes of plaintiffs' dilution claim. *See* 15 U.S.C. § 1125 (c)(1); *AM Gen. Corp. v. DaimlerChrysler Corp*., 311 F.3d 796, 811 (7th

Cir. 2002).  For example, if searches conducted before the applications were filed produced results that showed the proposed marks were ubiquitous and plaintiffs were advised not to use them, that would be relevant as to whether the general consuming public associated "Rise 'N Shine" uniquely with plaintiffs and, thus, whether the trademarks are famous rather than just one more example of scores of businesses that use that phrase in marketing and selling other, unrelated products.  Since the Requests are relevant, plaintiffs' objections do not meet their burden to identify how the Requests are improper or burdensome.  The only documents plaintiffs have produced that could be considered responsive to these Requests are the public file histories of the Asserted Trademarks. Importantly, plaintiffs have not produced a privilege log or asserted specific privilege objections to either request, and Amazon cannot assess if other responsive documents are withheld based on privilege.   At the very least, correspondence with the trademark attorneys who prosecuted plaintiffs' trademark applications, and all trademark search results related to the consideration of the trademarks in question should be produced.  Because no specific objection on the basis of privilege is asserted, no documents may be withheld on that basis.  Documents within plaintiffs' control, *including documents held by plaintiffs' trademark counsel*, should be produced: "FRCP 34 provides that discovery may be had of documents and things that are in the 'possession, custody or control' of a party. Case law is clear that when a client's attorneys have possession of the client's documents, the client is held to be in control of the documents."  *Gossard v. Adia Servs., Inc.*, No. 91 C 2047, 1992 WL 198424, at *2 (N.D. Ill. Aug. 11, 1992).  Plaintiffs refused to state whether they sought documents from plaintiffs' trademark counsel of record, including the lawyer who handled these trademark proceedings, in responding to the request.  Cruzen Decl. ¶29.

Finally, any other documents reflecting consideration of using the marks on plaintiffs' goods, and early designs of branding and labeling, must be produced as well.  No documents falling into any of these categories have been produced to date.  *Id.*

      **E.**    **Plaintiffs Should Be Compelled To Produce**
                 **The Missing Settlement Agreement Responsive**
                 **To Amazon's Request For Production No. 21.**

Amazon served its Request for Production No. 21 on March 16, 2020, which requested:

> All Documents, including any drafts thereof, concerning or relating to the ownership of, chain of title to, and/or grant of rights in the Asserted Trademarks, including, without limitation, assignments, recordations, transfers of title or ownership, license agreements, proposed license agreements, covenants not to sue, **releases, settlement agreements**, or authorizations or permissions to use or practice any of the Asserted Trademarks.

Cruzen Decl. Ex. C (emphasis added).

Plaintiffs responded on May 1, 2020, with the statement: "See responsive documents produced."  Cruzen Decl. Ex. F.  No specific objections were asserted.  *Id.*

Plaintiffs produced a settlement agreement with a third-party company regarding a dispute that plaintiffs resolved last year.  Cruzen Decl. ¶30.  But they have *not* produced their agreement with the Rise 'N Shine Online Defendants in this case.  *Id*.  When originally asked regarding this deficiency, plaintiffs' counsel Ms. Eich stated that while she was not involved in the agreement in question, it would be produced.  *Id*.  But plaintiffs subsequently reneged on this commitment.  *Id.*

Plaintiffs and the Rise 'N Shine Defendants resolved their dispute prior to the May 15, 2020, settlement conference, and filed a stipulation for entry of final judgment on May 20, 2020.  ECF No. 59.  Plaintiffs' counsel has never denied that a written "settlement agreement" exists with those defendants.  Cruzen Decl. ¶30. Plaintiffs' counsel has also never denied that the settlement agreement contains "releases."  *Id.*   That settlement agreement is relevant and documents

concerning or relating to both settlement agreements and releases are *expressly called for in the request*.

Plaintiffs should not be permitted to selectively produce settlement agreements they deem helpful to their case while withholding documents in the same category that would be helpful to Amazon's defense.  For example, the settlement agreement may contain a release broad enough to cover Amazon, compelling its dismissal.  Or the settlement agreement may reflect a low royalty rate for the Rise 'N Shine Defendants' sales of accused products, which would affect the damages analysis in this case.  "[S]ettlement agreements can be relevant to the determination of how much an individual claim — such as Plaintiffs' trademark infringement claim — is worth."  *Lifeguard Licensing Corp. v. Ann Arbor T-shirt Co.*, LLC, No. 15 CIV. 8459 (LGS), 2016 WL 5936887, at *2 (S.D.N.Y. Oct. 11, 2016); *Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture, LLC*, No. 208CV00130PMPRJJ, 2009 WL 10693182, at *7 (D. Nev. Sept. 11, 2009) (holding "the court agrees with Heritage that this information is highly relevant to WMC's trademark infringement claims, the request will not be limited to settlement agreements stemming from the specifically enumerated litigation [and] WMC must produce all agreements which are responsive to this request.").  In any case, plaintiffs can hardly contend that settlement agreements are not relevant to this action having already produced one they deem helpful to their case.  Plaintiffs made no objection to this Request, and they should be compelled to produce the withheld settlement agreement with the Rise 'N Shine Defendants.

### F.     Amazon Seeks A Determination Of Sufficiency For Plaintiffs' Answer To Request For Admission No. 4.

#### 1.     Plaintiffs' Response To Request For Admission No. 4 Is Incomplete, Non-responsive, And Evasive.

Amazon served its Request for Admission No. 4 on March 16, 2020, which requested the following:

> Admit that plaintiffs do not have evidence of actual confusion between the Plaintiffs' Products and the Accused Products.

Cruzen Decl. Ex. B.

Plaintiffs objected to and denied this Request on May 1, 2020, with an evasive, misleading, and non-responsive objection.  On July 2, 2020, plaintiffs supplemented their response, which did not cure any of the issues with their initial response.  The supplemented response reads:

> Answer: Objection, the request is irrelevant, vague and misleading to the extent it is directed toward "actual confusion" as actual confusion is not a mandatory element of Plaintiffs' claims; one factor in determining infringement and unfair competition is "likelihood of confusion."  Moreover, discovery is ongoing.  Amazon has provided documents showing its sales of 195,790 Accused Products made in 181,932 shipments.  Plaintiffs continue to investigate the confusion associated with those transactions.  In addition, Amazon has produced document AMZ-AO_000000021 which appear [sic] to include a subset of its communications with others regarding the Accused Products, and a multiplicity of those communications reference confusion. Moreover, the US Trademark Office already found that Defendant Rise N Shine Online's use of RISE N SHINE was likely to cause confusion with Plaintiffs' mark.  The request is denied.

Cruzen Decl. Ex. G.

The response is deficient in numerous regards.  As discussed below, the request seeks relevant information, and that discovery is ongoing is no basis to refuse to adequately respond.  The response is also plainly evasive, as it cites documents purportedly exhibiting some general "confusion," rather than the confusion "between the Plaintiffs' Products and the Accused Products" that the Request expressly references.  Finally, reference to a trademark office examiner's purported conclusion regarding a likelihood of confusion is wholly irrelevant regarding *whether plaintiffs possess evidence of actual confusion*.

### 2.      Evidence Of Actual Confusion Is Relevant

The Seventh Circuit has identified the following seven factors used to determine the likelihood of confusion in a trademark case: "(1) the similarly between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) *any evidence of actual confusion*; and (7) the intent of the defendant to 'palm off' his product as that of another." *Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015) (emphasis added). Therefore, evidence of actual confusion is clearly relevant and plaintiffs are wrong to object to this Request as vague and misleading. That discovery is ongoing is no basis to refuse to admit the request. That the trademark office denied a registration to the Rise 'N Shine Defendants has no bearing on whether evidence of *actual* confusion exists in this case.

### 3.      Plaintiffs Have Not Identified Any Actual Confusion, And Have Incorrectly Denied This Request For Admission By Mischaracterizing It.

Plaintiffs' response that a document produced by Amazon appears to include communications referencing "confusion," is an evasive attempt to cloud the issue. The document produced by Amazon noted by plaintiffs does not mention plaintiffs' products or trademarks at all. To date, plaintiffs have not identified or provided any evidence of actual confusion *as to plaintiffs' products*. This despite the fact that they contend more than 180,000 infringing products were sold by the Rise 'N Shine Defendants. Thus, plaintiffs' response referencing "a multiplicity of those communications reference confusion" is not responsive to the request for admission, which is directed not at some general concept of "confusion," but instead only at "actual confusion *between the Plaintiffs' Products and the Accused Products*." Amazon raised this issue with plaintiffs on June 29, 2020. Cruzen Decl. Ex. J at p.3. In the parties' subsequent meet and confers, plaintiffs' counsel refused to amend the supplemental response. Thus, plaintiffs' answer does not respond to

the substance of the matter, and Amazon seeks a determination of its sufficiency and to require an amended answer be served.  Fed. R. Civ. P. 36(a)(4) ("A denial must fairly respond to the substance of the matter").

**G.   Plaintiffs' Original Admission Responding To Request For Admission No. 5 Should Stand.**

**1.   Plaintiffs Admitted This Request By Failing To Provide Any Response Within Rule 36's Deadline Or Anytime Close To It**

Amazon served its Request for Admission No. 5 on March 16, 2020, which requested:

> Admit that plaintiffs provided no notice to Amazon that the Accused Products allegedly infringe the Asserted Trademarks prior to July 2019.

Cruzen Decl. Ex. B.

On May 1, 2020, plaintiffs responded to the first four Requests for Admission propounded by Amazon, but did not provide a response to Request for Admission No. 5.  Cruzen Decl. Ex. E. More than two months later, plaintiffs served a "Supplemental Answer" to this Request for Admission, where they denied it for the first time.  Cruzen Decl., Ex. G.  Amazon's counsel has repeatedly noted that plaintiffs' attempt to "supplement" the request has no effect under Rule 36, but no response has been received.  Cruzen Decl. ¶¶31-32 & Ex. M at p.3.

Under Federal Rule of Civil Procedure 36, a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  Plaintiffs original response to the requests for admission included no response to Request No. 5.  That request was therefore admitted as of the time the response to it was due and no response was served.

2.      **Plaintiffs Failed To File A Motion
        Pursuant To Rule 36 Requesting That The
        Court Permit Withdrawal Of Their Admission.**

Plaintiffs filed no motion seeking to withdraw the admission. Instead, they submitted a Supplemental Answer on July 2,[3] after Mr. Cruzen's June 29, 2020 letter stated Amazon's understanding that they admitted the request by not providing a response. Simply put, plaintiffs neither complied with Rule 36 nor did they seek an appropriate remedy from the Court to allow them to withdraw their admission. *See Lawson v. Diehl Machines, Inc.,* No. 3:98-CV-194RP, 1999 WL 325064, *3 (N.D. Ind. Apr. 16, 1999) ("the Rule is self-executing, meaning that no court intervention is required for an admission to be established."); *Owner Operator Ind. Drivers Ass'n, Inc. v. Comerica Bank*, 615 F. Supp. 2d 692, 700 (S.D. Ohio 2009) (RFAs deemed admitted where plaintiffs did not object, answer, request additional time to respond, or file objection with the court). Plaintiffs' admission to Amazon's Request for Admission No. 5 should stand.

H.      **Amazon Is Entitled To Its Reasonable Expenses.**

Under Fed. R. Civ. P. 37(a)(5)(A), if "the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless an exception applies (i.e., (i) the movant "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (ii) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (iii) "other circumstances make an award of expenses unjust.").

---

[3] The supplemental response is also evasive, because it makes no reference to any notice plaintiffs provided with regard to the *products accused in this action*, and indeed plaintiffs never did provide notice that the accused products allegedly infringed their trademarks before July 2019.

Here, none of the exceptions in Rule 37(a)(5)(A)(i)-(iii) apply.  First, as discussed in Section II, supra, Amazon went to great lengths to obtain the discovery from plaintiffs before approaching the Court to seek permission to file this motion.  Second, plaintiffs' refusal to provide the discovery is not "substantially justified," for the reasons given in Section III, supra.  Third, Amazon is not aware of any "other circumstances" making an award of expenses unjust.  Plaintiffs brought this lawsuit and if plaintiffs had cooperated in discovery, as they were supposed and expected to do, this motion would not have been filed.  Plaintiffs, and/or the attorneys advising them to resist providing core trademark discovery, should be held accountable.  Doing so would put Amazon in the same financial position it was had the motion not been filed, and might deter plaintiffs from resisting discovery and needlessly multiplying the disputes in the future.

## IV.    <u>CONCLUSION</u>

Amazon has requested an entirely reasonable amount of discovery that is relevant to the claims and defenses present in this case, and plaintiffs have not provided sufficient and appropriate production or responses.  Amazon requests that the Court compel plaintiffs to respond to Amazon's Interrogatories Nos. 3 and 6, and produce documents pursuant to Amazon's Requests for Production Nos. 3, 5, 6, 8, and 21.  Amazon further requests the Court order an amended (and non-evasive) response be served by plaintiffs to Amazon's Request for Admission No. 4.

July 27, 2020                                    Respectfully submitted,

<u>Robert T. Cruzen</u>
Robert T. Cruzen (*pro hac vice*)
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Telephone: (503) 595-5300
Fax: (503) 595-5301
rob.cruzen@klarquist.com

Counsel for Defendant
AMAZON.COM, INC.