UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNIE OAKLEY ENTERPRISES INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:19-cv-01732-JMS-MJD |
| ) | |
| AMAZON.COM, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL**

This matter is before the Court on the Plaintiffs' motion to compel [Dkt. 74]. For the reasons set forth below, the Court **DENIES IN PART** and **TAKES UNDER ADVISEMENT IN PART** Plaintiffs' motion.

### I.  BACKGROUND

Plaintiff Renee Gabet is the owner of United States Trademark Registration No. 2,549,750 in connection with perfumes, body oils, room fragrances and essential oils for personal use and Trademark Registration No. 3,990,283 in connection with shampoos, hair conditioners, body soaps, and body powders. The registered mark, "RISE 'N SHINE," is used on products sold by Plaintiff Annie Oakley Enterprises, Inc., which is owned by Gabet.  Plaintiffs allege in their Amended Complaint that Defendants Rise N Shine Online, LLC, and Eric Young sold products on Amazon's website and elsewhere that infringed upon the trademarks owned by Plaintiffs.  [Dkt. 12.]

In May 2020, Plaintiffs settled their claims against Rise N Shine Online and Eric Young and those claims were dismissed with prejudice. [Dkt. 64.] The claims against Amazon remain.

## II.  APPLICABLE LAW

Plaintiffs argue in the instant motion that Amazon's response to several of their discovery requests are deficient. A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006).

## III.  DISCUSSION

Plaintiffs argue that Amazon's responses to their Interrogatories Nos. 4 and 7 and related Request for Production No. 2 are inadequate. Plaintiffs also argue that Amazon has improperly withheld certain documents as privileged. The Court will address the parties' arguments with regard to each of these issues, in turn, below.

### A.  Interrogatory No. 4

Plaintiffs' Interrogatory No. 4 seeks a variety of information regarding each accused product for which Amazon accepted an order. At issue in the instant motion is Amazon's refusal to provide the name and email address of each customer who placed such an order.[1]  Amazon

---

[1] The interrogatory does not contain a geographic limit. While Plaintiffs agreed that Amazon could limit its response to customers from Marion County, Indiana, in their initial brief in support of the instant motion, they withdrew that agreement in their reply brief, in response to Amazon's argument that the Marion County limit constituted impermissible "cherry picking" of a subset of customers. *See* [Dkt. 80 at 7] ("Permitting plaintiffs to interview Amazon customers in the one county where plaintiffs have a physical presence in the form of a studio would hardly produce evidence representative nationwide of any potential for confusion."); [Dkt. 85 at 2]

2

objected that "[s]uch information has no relevance to this action, and any potential relevance is far outweighed by the prejudice that would result to Amazon and the customers through disclosure of that confidential information." [Dkt. 74-1 at 8.] Plaintiffs argue that the customer information is discoverable because it will allow Plaintiffs to contact the customers and obtain information regarding whether there was any confusion on their part between Plaintiffs' products and the accused products.

There is no question that evidence of actual confusion on the part of consumers is relevant to this trademark infringement case. *See, e.g.*, *Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015) (listing "any evidence of actual confusion" as one "especially important" factor used to determine likelihood of confusion). However, Plaintiffs have given the Court no information about how they expect to obtain admissible evidence regarding actual confusion by contacting Amazon's customers who ordered the accused products. As Amazon points out, any information obtained from the customers as a result of being contacted by Plaintiffs' counsel would be subject to the very legitimate argument that it was unreliable, given the ease with which the concept of product confusion could be planted in the minds of customers simply by asking questions about confusion. *See* [Dkt. 80 at 8] (citing *Foxworthy v. Sun Art Designs, Inc.*, 1997 WL 196624, at *2 (S.D. Fla. Mar. 4, 1997), for the proposition that "the type of evidence that Plaintiff hopes to gather is not reasonable calculated to lead to admissible evidence"); *see also Glen Raven Mills, Inc. v. Ramada Int'l Inc.*, 852 F. Supp. 1544 (M.D. Fla. 1994) (cited in *Foxworthy* for proposition that "evidence of actual confusion acquired after prompting by

---

("This argument about obtaining (or not obtaining) 'representative nationwide' evidence has some merit. So the Court should disregard Plaintiffs' efforts to compromise, and order Amazon to produce its customer information for all 180,000+ of its infringing orders/sales.").

3

plaintiff is inadmissible as hearsay and as lacking foundation"). Plaintiffs do not address this argument in their reply brief; nor do they cite to any cases in which such discovery was permitted or in which evidence obtained from such customer interviews was admitted on the issue of actual confusion. "It is not this court's responsibility to research and construct the parties' arguments," *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011), and the Court declines to do so in this case. Because Amazon has demonstrated that the names and email addresses of its customers are not relevant to the issues in this case, Plaintiffs' motion to compel that information is **DENIED**.

### B. Interrogatory No. 7

Plaintiffs' Interrogatory No. 7 reads, in relevant part:

For each Accused Product, state:

(a) The date or ranges of dates the Accused Product was available for purchase through the Amazon Store named "Rise N Shine Online";

(b) If you took action(s) to cause the Accused Product to no longer be available for purchase through the Amazon Store named "Rise N Shine Online", the dates you took those action(s) and a description of the action(s) you took;

(c) If the Accused Product was no longer available for purchase due to the action(s) taken above, but was then made available for purchase at a later date, state the date the Accused Product was once again available for purchase and why the Accused Product was made available for purchase through the Amazon Store named "Rise N Shine Online";

[Dkt. 74-1 at 17.]

Amazon's response to Interrogatory No. 7 was, in relevant part:

Amazon issued a request to take down the accused products on or around March 4, 2020 when it became clear that plaintiffs' and defendants Rise N Shine Online LLC and Mr. Young's representations that they hoped to resolve the case among themselves proved unfounded.

> Accused products were relisted inadvertently between April 15, 2020, and April 26, 2020. Accused Products of which Amazon was aware at that time were taken down again when Amazon was alerted to their presence on May 12, 2020, and that take-down was effective as of May 13, 2020. All Accused Products were subsequently taken down when Amazon became aware of their relisting on July 17, 2020.

*Id.* at 19.

Plaintiff argues that "Amazon's answers are incomplete about the dates of the re-listings and why the re-listings occurred, and Amazon should be ordered to provide a complete answer." [Dkt. 74 at 4.] Amazon avers that Plaintiffs did not raise these specific issues during the meet and confer process, something that Plaintiffs do not directly dispute, stating only:

> Plaintiffs disagree, and Amazon's *Response* acknowledge that both a meet and confer letter and the letter to the Court reference Interrogatory 7. Plaintiff's believe they sufficiently raised the issue. But even if they did not, this Court's July 22, 2020 Order stated, "Parties are ordered to file motions to compel ***with regard to any pending discovery disputes*** by no later than July 27, 2020." Thus, the Court wants to address ***any*** discovery disputes now.

[Dkt. 85 at 5.] This argument is disingenuous at best; the Court's reference to "any pending discovery disputes" obviously referred to the discovery disputes about which the parties had properly conferred. A party may not file a motion to compel raising an issue that has not been the subject of "a good faith attempt to resolve the dispute." Local Rule 37-1(a). Discussing alleged deficiencies in one aspect of a party's discovery response is not a good faith attempt to resolve other alleged deficiencies in that response. Plaintiffs should have conferred and attempted to resolve all of the alleged deficiencies in Amazon's response to Interrogatory No. 7 (and Amazon's response to Plaintiffs' follow-up to it, Interrogatory No. 13,[2] which Plaintiffs

---

[2] Interrogatory No. 13 reads, in relevant part:

> Describe with particularity all decisions made by you, and identify all documents concerning:

5

discuss in their reply brief) prior to asking the Court to address them. As the Court has previously noted, such communication may be made with a simple telephone call; no written communication is required (or even contemplated) by the local rule.

---

> (a) the availability of any Accused Product for sale through any Amazon service, including but not limited to any decisions to make an Accused Product unavailable for sale, or to make any Accused product available for sale after you had previously made that product unavailable for sale, including for each decision, the date of the decision, the reason(s) for the decision, the identity of the person(s) making the decision, and identify all documents regarding the decision.

[Dkt. 85-3 at 4-5.] After initially objecting that Plaintiffs had exceeded their interrogatory limit, Amazon responded as follows:

> Accused Products inadvertently relisted were taken down again when Amazon learned of their presence on July 17, 2020.
>
> Accused products were relisted inadvertently between April 15, 2020, and April 26, 2020, but no decision was made by Amazon personnel to relist those accused products.
>
> Amazon's legal department in consultation with outside counsel made the decisions referenced above.
>
> No unprivileged documents exist, and the privileged documents have either been listed on the privilege log produced in this action or will be listed in a supplemental log within a reasonable amount of time.

*Id.* at 6-7. The adequacy of Amazon's response to this interrogatory is not properly before the Court, inasmuch as Amazon has not had the opportunity to address the issue, as it was not raised until Plaintiffs' reply.

That said, the Court agrees with Amazon that it has adequately responded to Interrogatory No. 7. Plaintiffs complain that Amazon failed to explain **why** products were re-listed for sale, but Amazon's answer states, unequivocally, that the re-listing that occurred was inadvertent. Plaintiffs argue that "referencing the *lack* of a "decision" or "volitional act" does not explain "*why*" the re-listing occurred; the Products did not just re-list themselves—someone must have done it, even if it was not Amazon." [Dkt. 85 at 6] (emphasis in original). But to ask "why" is to ask for a reason, and Amazon has explained that the reason was that a mistake was made. Plaintiffs now complain that Amazon has not explained how the mistake occurred or whose mistake it was, but those are different questions. Indeed, the wording of follow-up Interrogatory No. 13 makes that distinction even more clear; it asks Amazon to identify all **decisions** made by Amazon to re-list the products and the reasons for those decisions. But Amazon has answered that the re-listings were not the result of **decisions**, but rather were inadvertent. Plaintiffs once again did not ask Amazon to explain how the mistaken re-listings occurred. Accordingly, Plaintiffs' motion to compel is **DENIED** with regard to Interrogatory No. 7.

### C. Privilege Issues

Plaintiffs raise two privilege issues. First, they argue that Amazon has improperly withheld fourteen documents as protected by the attorney-client privilege when the documents were not sent by or to an attorney. While the absence of an attorney sender or recipient does not automatically preclude the application of the attorney-client privilege—for example, a paralegal's communication of instructions to a client on behalf of the attorney may be privileged—it is impossible to determine whether any of the documents in question fall into such a category from the information contained on the privilege log. Accordingly, this issue is **taken under**

**advisement**.  Because the parties have not had the opportunity to meet and confer regarding this issue, given the fact that the privilege log was produced very shortly before the deadline for Plaintiffs' motion to compel, the parties shall engage in a good faith attempt to resolve the issue **within seven days of the date of his Order**.  If the parties are unable to agree as to some or all of the fourteen documents at issue, **within three days of the conclusion of the meet and confer process**, Amazon shall produce the documents that remain in dispute to the Court for an *in camera* review by emailing them to MJDinsmore@insd.uscourts.gov.

Plaintiffs also seek production of six emails that comprise an email string between counsel for Amazon and counsel for the Rise N Shine Defendants (prior to their dismissal) discussing strategy in this case.  Amazon has withheld these emails as subject to the attorney-client privilege pursuant to the "common interest/joint defense" doctrine.

> Although occasionally termed a privilege itself, the common interest doctrine is really an exception to the rule that no privilege attaches to communications between a client and an attorney in the presence of a third person.  In effect, the common interest doctrine extends the attorney-client privilege to otherwise non-confidential communications in limited circumstances.  For that reason, the common interest doctrine only will apply where the parties undertake a joint effort with respect to a common legal interest, and the doctrine is limited strictly to those communications made to further an ongoing enterprise.

*United States v. BDO Seidman, LLP*, 492 F.3d 806, 815-16 (7th Cir. 2007) (citations omitted).

Plaintiffs argue that Amazon and the Rise N Shine Defendants did not share a common interest in this case because Amazon sought indemnification from the Rise N Shine Defendants. Plaintiffs define the common interest requirement too narrowly, however.  It is not necessary that Amazon demonstrate that its interests were perfectly aligned with those of the Rise N Shine Defendants; rather, it is enough that Amazon demonstrate that the emails in question were exchanged in order to further a common legal interest between them and that fact was recognized

8

by those privy to the communications.³  Amazon has satisfied that burden; indeed, the emails themselves contain the legend "Common Interest Privileged/Confidential Joint Defense Communication."  Both parties shared a common interest in defending against Plaintiffs' claims of trademark infringement, and the emails were confidential communications regarding their common defense strategy.  Amazon therefore has properly designated them as protected by the attorney-client privilege.  Accordingly, Plaintiffs' motion to compel is **denied** as to this issue.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' motion to compel is **DENIED** in all respects except with regard to the fourteen documents that have been withheld on attorney-client privilege grounds by Amazon but which were not sent to or by an attorney.  As to those documents, the motion is **TAKEN UNDER ADVISEMENT** to give the parties the opportunity to meet and confer on the issue and, if the issue is not resolved, for the documents to be reviewed *in camera* by the Court.

SO ORDERED.

Dated:  7 AUG 2020

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

³ Plaintiffs argue that "courts reject the common interest/joint defense doctrine in the absence of a written agreement."  [Dkt. 85 at 11] (citing *In re Grand Jury Subpoena*, 274 F.3d 563 (1st Cir. 2001) and *In re Bevill, Bresler & Schulman*, 805 F.2d 120, 126 (3rd Cir. 1986).  Neither of those cases support the proposition that a written agreement to engage in a joint defense is a prerequisite to invoking the common interest doctrine.

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.