UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNIE OAKLEY ENTERPRISES INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:19-cv-01732-JMS-MJD |
| ) | |
| AMAZON.COM, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO COMPEL**

This matter is before the Court on the motion to compel filed by Defendant Amazon.com, Inc. ("Amazon") [Dkt. 76]. For the reasons set forth below, the Court **GRANTS** Amazon's motion. In addition, the Court **DENIES** Plaintiffs' related Emergency Motion for Protective Order [Dkt. 88].

**I. BACKGROUND**

Plaintiff Renee Gabet is the owner of United States Trademark Registration No. 2,549,750 in connection with perfumes, body oils, room fragrances and essential oils for personal use and Trademark Registration No. 3,990,283 in connection with shampoos, hair conditioners, body soaps, and body powders. The registered mark, "RISE 'N SHINE," is used on products sold by Plaintiff Annie Oakley Enterprises, Inc., which is owned by Gabet. Plaintiffs allege in their Amended Complaint that Defendants Rise N Shine Online, LLC, and Eric Young

sold products on Amazon's website and elsewhere that infringed upon the trademarks owned by Plaintiffs. [Dkt. 12.]

In May 2020, Plaintiffs settled their claims against Rise N Shine Online and Eric Young and those claims were dismissed with prejudice. [Dkt. 64.] The claims against Amazon remain.

## II.  APPLICABLE LAW

Amazon argues in the instant motion that Plaintiffs' response to several of its discovery requests are deficient. A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). When a party raises objections to discovery requests, the objecting party bears the burden to explain **precisely** why its objections are proper given the broad construction of the federal discovery rules. *In re Aircrash Disaster Near Roselawn, Inc. Oct. 31, 1994*, 172 F.R.D. 295, 307 (N.D. Ill. 1997); *see also Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009). Thus, general objections to discovery requests that merely recite boilerplate language without explanation do not meet this burden, and courts within the Seventh Circuit consistently overrule them or entirely disregard such. *See Novelty, Inc. v. Mountain View Mktg.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("'general objections' made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all—and will not be considered"). As other district courts in the Seventh Circuit have noted, "[m]aking general objections is a dangerous practice, as the party who offers such general objections runs the risk of having them summarily denied." *Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*, 2008 WL 2074093, at *2 (S.D. Ill. 2008).

2

## III.  DISCUSSION

Amazon argues that Plaintiffs' responses to its Interrogatories Nos. 3 and 6, Requests for Production Nos. 3, 5, 6, 8, and 21, and Request for Admission No. 4[1] are inadequate.  The Court will address the parties' arguments with regard to each of these discovery requests, in turn, below.

### A.  Interrogatory No. 3

Amazon's Interrogatory No. 3 reads as follows:

> Set forth plaintiffs' contentions why laches does not bar its alleged trademark infringement claims against Amazon, including when plaintiffs first became aware of Amazon's alleged infringement of the Asserted Trademarks, all facts and reasons plaintiffs waited until August 26, 2019 to name Amazon in this action, and any reason(s) why these circumstances do not bar plaintiffs' trademark claims under the laches doctrine.

[Dkt. 77-2 at 6.]  Plaintiffs initially gave the following response:

> Objection, the request is premature and calls for legal conclusions.  Laches is an affirmative defense, and Amazon has not identified the facts it alleges support its application.  Subject to the objection, Plaintiffs asserted their claims against Amazon within a reasonable time, especially considering that Plaintiffs attempted to reach a settlement with the other co-defendants on terms that would forbid supplying Amazon with further infringing products.

[Dkt. 77-5 at 6.]  Plaintiffs served a supplemental response on July 20, 2020, which added the following statement to their answer:

> Plaintiffs tried to get Amazon to stop infringing without resorting to litigation by notifying Amazon of its infringement, but Amazon failed to stop infringing.  This left Plaintiffs with no alternative but to seek redress through litigation.

---

[1] The issues raised in the instant motion regarding Request for Admission No. 5 will be resolved by the Court's ruling on Plaintiffs' subsequently filed motion to withdraw relating to that request [Dkt. 78], which is not yet ripe for resolution.

3

Amazon argues that Plaintiffs' response "is inadequate at least because it never specifies when plaintiffs learned of Amazon's purported infringement." [Dkt. 77 at 11.] Amazon further notes that:

> Amazon's interrogatory seeks from plaintiffs any factual basis they have for arguing that laches is not applicable to plaintiffs' purported claims against Amazon, including *when plaintiffs first learned of Amazon's alleged infringement of the asserted trademarks by the accused products*. This date, in particular, is a critical fact at issue in this case. Plaintiffs' answer is non-responsive to the laches issue posed in the interrogatory, and does not state a date by when they first learned of the alleged infringement by Amazon.

[Dkt. 77 at 12-13] (footnote omitted) (emphasis in original).

In their response brief, Plaintiffs do not assert any objection to Interrogatory No. 3; they simply note that their supplemental response to Interrogatory No. 1 "states when Plaintiffs first learned of Amazon's infringement of the Asserted Trademarks." [Dkt. 79 at 2.] Plaintiffs offer no explanation for why they believe a response to another interrogatory, which is not incorporated by reference in their response to Interrogatory No. 3, satisfies their obligation to respond to Interrogatory No. 3. It does not. Plaintiffs further argue that Amazon is improperly interpreting Interrogatory No. 3 as asking when Plaintiffs first learned of Amazon's alleged infringement of the asserted trademarks **by the accused products**, when, in Plaintiffs' view, it asks a different question—when Plaintiffs first became aware of Amazon's alleged infringement of the Asserted Trademarks—which is the question Plaintiffs answered in Interrogatory No. 1. That argument is baseless; Interrogatory No. 3 clearly and unequivocally seeks information relevant to Amazon's laches defense **in this case**, which necessarily limits its scope to the accused products in this case and does not include products that are not implicated by Plaintiffs' claims in this case. In addition, Plaintiffs wholly fail to address their failure to set forth the factual basis for their defense to Amazon's affirmative defense of laches as requested by

Interrogatory No 3. Amazon is entitled to that information as well.[2] Amazon's motion to compel accordingly is **GRANTED** as to Interrogatory No. 3. **Within fourteen days of the date of this Order**, Plaintiffs shall completely and unequivocally respond to Interrogatory No. 3, including providing the date Plaintiffs first became aware of Amazon's alleged infringement of the asserted trademarks by the accused products and setting forth the factual basis for Plaintiffs' response to Amazon's laches defense and an explanation of why those facts support Plaintiffs' response.

### B. Interrogatory No. 6

Amazon's Interrogatory No. 6 reads: "Set forth plaintiffs' revenues on a quarterly basis for each of Plaintiffs' Products since July 1, 2012." [Dkt. 77-2 at 7.] In their Supplemental Response, Plaintiffs stated:

> Plaintiff does not know and cannot calculate its revenues on a quarterly basis for each of Plaintiffs Products since July 1, 2012. To the extent Plaintiff obtains this information, it will supplement this answer. Plaintiff also objects to the interrogatory as not relevant and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiffs do not track revenues by Product, and have changed accounting systems during the timeframe specified in the interrogatory.

---

[2] While not mentioned in Plaintiffs' response brief, the Court notes that Plaintiffs objected in their response to Interrogatory No. 3 that the interrogatory was "premature and calls for legal conclusions. Laches is an affirmative defense, and Amazon has not identified the facts it alleges support its application." [Dkt. 77-9 at 7.] However, Federal Rule of Civil Procedure 33(a)(2) specifically provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." That is precisely what Interrogatory No. 3 does. Nor was it premature for Amazon to ask Plaintiffs to set forth their contentions regarding laches; Plaintiffs were obligated to set forth those contentions based on the information they had at the time, and supplement their answer as necessary as new information was obtained during the course of discovery.

5

[Dkt. 77-9 at 9-10.]

Plaintiffs do not mention their proportionality objection in their response brief and have not, in any event, properly supported it. In considering matters of proportionality, Rule 26(b) directs courts to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiffs have provided no analysis of these factors and no specific information regarding what the burden and expense of compiling the information necessary to respond to Interrogatory No. 6 would be. Accordingly, Plaintiffs' proportionality objection is **overruled**. Plaintiffs also object on relevance grounds; again, they do not raise that objection in their brief. That objection also is **overruled**; Plaintiffs allege in their Amended Complaint that they have "sustained damage to their . . . sales." [Dkt. 12 ¶ 75.] Clearly, then, information about those sales is relevant and discoverable.

What Plaintiffs argue in their response to the instant motion is that they do not have, and **cannot calculate** the information sought in Interrogatory No. 6, while at the same time suggesting that Amazon "can obtain information regarding sales through deposition testimony." But Plaintiffs have alleged lost sales in this case, so they must have a factual basis for that allegation. There is no way for Plaintiffs to demonstrate that they have lost sales for their products if they do not know what their sales of the products at issue actually were. Amazon is entitled to the information that Plaintiffs have regarding those sales. Accordingly, Amazon's motion is **GRANTED** with regard to Interrogatory No. 6. **Within fourteen days of the date of this Order**, Plaintiffs shall provide a complete and unequivocal response to Interrogatory No. 6.

### C. Request for Production No. 5

Amazon's Request for Production No. 5 seeks:

All documents relating to when each of Plaintiffs' Products were first sold, first offered for sale, and first appeared in any advertising or marketing.

[Dkt. 77-4 at 7.] Plaintiffs initially responded to this request by referring Amazon to "documents responsive to Request No. 1." [Dkt. 77-7 at 7.] In their supplemental response, Plaintiffs added "see supplemental documents produced herewith." [Dkt. 77-10 at 7.] Thus, Plaintiffs did not object to this document request; rather, they assert that they have produced all responsive documents and that "[a]t most, this request calls for three documents for each product," i.e. a document showing when each product was first sold, when each product was first offered for sale, and when each product first appeared in any advertising or marketing. In fact, the request is not so limited, as it requests "all documents relating to" each of these events for each product. Amazon's motion is **GRANTED**; Plaintiffs shall search for and produce **all such documents**, including, but not limited to, documents discussing each product's introduction to the marketplace and the initial marketing or advertising plan for each product. This production shall occur **within fourteen days of the date of this Order**.

### D. Request for Production No. 6

Amazon's Request for Production No. 6 seeks the following:

Documents sufficient to show all marketing and advertising, including all marketing and advertising channels, of each of Plaintiffs' Products, including catalogs, order forms, print media, advertising, website and social media copy, paid promotional uses, products given away for free, distributed at a discount, or distributed with other incentives.

[Dkt. 77-4 at 7.] Plaintiffs' initial response read:

7

> Objection. Request No. 6 is overly broad and burdensome as it seeks "all" documents and information that is not relevant to Plaintiff's claim and is not proportional to the needs of the case, and because the term "sufficient to show" is vague. Plaintiffs' priority of use over Defendants is not an issue in this case. Without waiving any objections, please see Exhibit 1 to the Complaint.

[Dkt. 77-7 at 7.] Plaintiffs have since produced some additional responsive documents.

However, Amazon argues that Plaintiffs

> have produced only a trivially small set of responsive documents: approximately 45 pages of web pages and email advertising, many of which are very recent, that do not reflect that the marks were in use at the time plaintiffs represented they were in use in their trademark applications, particularly with regard to the shampoos, conditioners, and body soaps claimed in plaintiffs' second trademark application. No catalogs, print media, or social media have been produced, although plaintiffs have not stated that they lack any social media presence. And no document evidencing when products bearing the second trademark were first sold has been produced.

[Dkt. 77 at 21] (citations omitted). In response, Plaintiffs argue:

> This request calls for every advertisement that Plaintiffs ever ran for over twenty years. That is an overly broad and burdensome request, and Plaintiffs objected on that basis. Plaintiffs have provided a sampling of advertisements and documents showing types of advertisements and distribution through various channels. Those already-produced documents are sufficient for this overly broad and burdensome request.

[Dkt. 79 at 5-6.] Plaintiffs fail to explain why they believe the request is overly broad, and therefore have waived that objection. With regard to their burdensomeness objection, a party resisting discovery on the basis of undue burden must show with specificity that the discovery requests are issue are objectionable. *See, e.g. Fair Oaks Dairy Farms,* 2012 WL 3138108 at *3 ("Dairy Farms has not pointed to a single discovery request that it alleges would be overly burdensome. . . . Dairy Farms simply states that the discovery would be burdensome and expensive without greater detail. The insufficiencies are fatal to its request."); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC,* 2007 WL 1164970 at *4 (N.D. Ind.

8

Apr.18, 2007) (quotation omitted) ("[I]f a party is to resist discovery as unduly burdensome, it must adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome."). This showing typically requires affidavits or other evidence supporting a party's assertions of burden. *See, e.g., Jenkins v. White Castle Mgmt. Co.,* 2014 WL 3809763 at *2 (N.D. Ill. Aug.4, 2014) ("What is required is affirmative proof in the form of affidavits or record evidence."); *Burton Mech. Contractors, Inc. v. Foreman,* 148 F.R.D. 230, 233 (N.D.Ind.1992) ("An objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence."). Plaintiffs have failed to make the requisite showing here. Accordingly, their objections are overruled, and Plaintiffs shall respond fully and completely to this document request **within fourteen days of the date of this Order**.

### E. Request for Production No. 3

In Document Request No. 3, Amazon seeks "[a]ll documents relating to, considered, or reviewed in the course of the prosecution of the Asserted Trademarks." [Dkt. 77-4 at 6.] Plaintiffs argue that they have fully responded to this document request by producing the full prosecution history for each trademark. It is simply not the case that all documents that are responsive to this request would necessarily be contained in the publicly available trademark file history. For example, communications between Plaintiffs and their trademark counsel or internal communications between Plaintiffs' employees regarding the trademark prosecution process would be responsive because they relate to the prosecution of the trademarks.[3] All such

---

[3] Plaintiffs' assertion that communications with Plaintiffs' trademark counsel and trademark search results were not requested by Amazon, *see* [Dkt. 79 at 7], is baffling. Clearly to the extent that such communications relate to the trademark prosecution and such search results were

documents, and all other documents that are responsive to Request for Production No. 3, shall be produced or, if privileged, listed on a privilege log **within fourteen days of the date of this Order**.

### F. Request for Production No. 8

Amazon's Request for Production No. 8 requests "[a]ll Documents related to the selection, adoption, origin, any inspiration, creation, and design of the Asserted Trademarks." [Dkt. 77-4 at 8.] Plaintiffs' response reads as follows:

> Objection. Request No. 8 is overly broad and burdensome as it seeks information that is not relevant to Plaintiffs' claim and is not proportional to the needs of the case. Defendants do not claim to be senior users of the marks at issue. Without waiving any objections, please see Exhibits 1-3 to the Amended Complaint and the documents produced herewith.

[Dkt. 77-7 at 8.] Plaintiffs provide no further explanation of these objections in their response brief and, in fact, do not address this document request directly. These unsupported boilerplate objections accordingly are overruled. Plaintiffs shall search for and produce all responsive documents to Request for Production No. 8 in their possession or control **within fourteen days of the date of this Order**.

### G. Request for Production No. 21

Amazon's Request for Production No. 21 seeks the following:

> All Documents, including any drafts thereof, concerning or relating to the ownership of, chain of title to, and/or grant of rights in the Asserted Trademarks, including, without limitation, assignments, recordations, transfers of title or ownership, license agreements, proposed license agreements, covenants not to sue, releases, settlement agreements, or authorizations or permissions to use or practice any of the Asserted Trademarks.

---

obtained and reviewed in conjunction with the trademark prosecutions, they would constitute "documents relating to, considered, or reviewed in the course of the prosecution of the Asserted Trademarks," which is what is sought in Request for Production No. 3.

[Dkt. 77-4 at 11.]  Plaintiffs did not assert any objections to this request, but they have not produced their settlement agreement with the Rise N Shine Online Defendants in this case, arguing that it is not responsive to this document request because it does not concern or relate to "the ownership of, chain of title to, and/or grant of rights in the Asserted Trademarks."  The Court disagrees.  The request plainly seeks settlement agreements relating to the asserted trademarks.  Plaintiffs also argue that the Rise N Shine Online settlement agreement is not relevant to this case, but that argument is without merit.  The agreement could be relevant to this case in any number of ways, the most obvious of which is that it may contain a release broad enough to cover Amazon, inasmuch as Amazon's liability in this case depends solely on Rise N Shine Online products being sold via Amazon's website.[4]  Plaintiffs shall produce the Rise N Shine Online settlement agreement and any other assignments, recordations, transfers of title or ownership, license agreements, proposed license agreements, covenants not to sue, releases, and settlement agreements relating to the Asserted Trademarks, and any authorizations or permissions to use or practice any of the Asserted Trademarks, **within fourteen days of the date of this Order**.

---

[4] Plaintiffs argue that Amazon cannot assert the affirmative defense of release because the deadline for amending pleadings, which was in February 2020, has passed.  As Amazon aptly notes, that argument is absurd.  The settlement with Rise N Shine Online did not occur until May 2020, and Amazon does not yet have the settlement agreement and therefore could not yet base any affirmative defense on it.  Obtaining new information that forms the basis of a new claim or affirmative defense is the quintessential example of good cause to amend a pleading after the deadline has expired.

In light of this ruling, Plaintiffs' Emergency Motion for Protective Order [Dkt. 88], which seeks to prevent Amazon from obtaining the Rise N Shine Online settlement agreement via a third-party subpoena, is **DENIED**.[5]

### H. Request for Admission No. 4

In Request for Admission No. 4, Amazon asks Plaintiffs to "[a]dmit that plaintiffs do not have evidence of actual confusion between the Plaintiffs' Products and the Accused Products." [Dkt. 77-3 at 5.] Plaintiffs' supplemental response reads as follows:

> Objection, the request is irrelevant, vague and misleading to the extent it is directed toward "actual confusion" as actual confusion is not a mandatory element of Plaintiffs' claims; one factor in determining infringement and unfair competition is "likelihood of confusion." Moreover, discovery is ongoing. Amazon has provided documents showing its sales of 195,790 Accused Products made in 181,932 shipments. Plaintiffs continue to investigate the confusion associated with those transactions. In addition, Amazon has produced document AMZ-AO_000000021 which appear [sic] to include a subset of its communications with others regarding the Accused Products, and a multiplicity of those communications reference confusion. Moreover, the US Trademark Office already found that Defendant Rise N Shine Online's use of RISE N SHINE was likely to cause confusion with Plaintiffs' mark. The request is denied.

[Dkt. 77-6 at 7.] Plaintiff's objections are without merit and are overruled; the request is not vague or misleading, and evidence of actual confusion is certainly relevant to the claims in this case, even if it is not an element of any of those claims. *See, e.g.*, *Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015) (listing "any evidence of actual confusion" as one "especially important" factor used to determine likelihood of confusion). The Court agrees with Amazon that Plaintiffs' discussion of the likelihood of confusion in their response to Request for

---

[5] The Court notes that Amazon has agreed to re-serve the subpoena in question on August 7, 2020, to give Plaintiffs' counsel the seven-days notice to which they are entitled pursuant to Local Rule 45-1.

Admission No. 4 renders their denial of the request equivocal.  Evidence of the **likelihood** of confusion is not relevant to whether there has been **actual** confusion, and it was not appropriate for Plaintiffs to conflate the two issues in their response.  Accordingly, **within fourteen days of the date of this Order**, Plaintiffs shall serve a response to this request that is limited to the question that is asked:  whether the Plaintiffs have any evidence of actual confusion between Plaintiffs' Products and the Accused Products.

### IV.  CONCLUSION

For the reasons and to the extent set forth above, Amazon's motion to compel [Dkt. 76] is **GRANTED** and Plaintiffs' related Emergency Motion for Protective Order [Dkt. 88] is **DENIED**.  Plaintiffs shall provide the discovery responses ordered above **within fourteen days of the date of this Order**.  Amazon shall file any motion for fees related to the motion to compel **within fourteen days of the date of this Order**.

SO ORDERED.

Dated:  7 AUG 2020

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.