IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Annie Oakley Enterprises, Inc. )<br> and Renee Gabet, )<br>     Plaintiffs, )<br> )<br>vs. )<br> )<br>Amazon.com, Inc., a Washington )<br>     Defendant. ) | Cause No.: 1:19-cv-1732-JMS-MJD |

**Plaintiffs' Objection to Magistrates Judge's Rulings on
Motions to Compel [#96, #97]**

Plaintiffs object to and move for reconsideration of portions of the Magistrate Judge's Orders [#96, #97] on Plaintiffs *Motion to Compel* and Defendant Amazon's *Motion to Compel*.

### I.  ISSUES PRESENTED

Should Defendant Amazon be allowed to deny Plaintiffs' discovery of "actual confusion" in the minds of buyers of knock-off products by concealing the contact information of those buyers?

Where Plaintiffs unequivocally stated under oath that they "do not know and cannot calculate their revenues for each of Plaintiff's Products since July 1, 2012" because they "do not track revenues by Product," can they be compelled to do the impossible task of stating such revenues anyway?

### II.  LEGAL STANDARD

The procedure for "appealing" a magistrate judge's decision on a non-dispositive matter such as a ruling on a motion to compel is to file an objection

1

...

under Fed. R. Civ. P. 72(a).  When the issues considered by the magistrate judge are non-dispositive, the Court may only modify or set aside any part of the magistrate judge's order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Indiana, LLC v. Origin Healthcare Solutions, LLC*, 2014 WL 6674757, *2 (S.D. Ind. 2014) (citations and quotation marks omitted).

**III.     THE CONTACT INFORMATION FOR THE BUYERS OF INFRINGING PRODUCTS FROM AMAZON IS LIKELY TO LEAD TO DISCOVERY OF "ACTUAL CONFUSION" AND SHOULD BE PRODUCED.**

Plaintiffs own multiple Federal trademark registrations for the mark "Rise N Shine," for various body and hair care products.  They allege defendant Amazon.com, Inc. is liable for sales of infringing Rise N Shine products.

A key issue in a trademark infringement case is "likelihood of confusion" between the trademark owner's trademark and that used by the infringer. An important factor in determining likelihood of confusion is whether "actual confusion" exists, *i.e.*, whether buyers of the infringing products thought they were buying the legitimate product.  Here, Plaintiffs own the trademark Rise N Shine, and defendant Amazon marketed and sold directly competing knock-off products under the identical name.

To discover facts on the key issue of "actual confusion," Plaintiffs served discovery seeking sales information about Amazon's infringing sales. This included the names and email addresses of each buyer (the "Contact Information.") Testimony of buyers that they were confused would be probative of "actual confusion." But Plaintiffs cannot discover that information without the buyers' Contact Information. Amazon supplied the sales information but withheld the "Contact Information," claiming it was "confidential," even though a Protective Order has been entered in this case. [#51]. Plaintiffs moved to compel production of the Contact Information. The Magistrate Judge denied Plaintiffs' *Motion*..

The Magistrate Judge correctly found that "[t]here is no question that evidence of actual confusion on the part of consumers is relevant to this trademark infringement case." [#96], p. 3. But then in an apparent contradiction, it denied Plaintiffs' *Motion* stating that "that the names and email addresses of its customers are not relevant to the issues in this case." This was a clear error of law.

In denying the *Motion*, the Magistrate Judge discussed the potential *admissibility* of evidence. But during discovery, the issue is whether the discovery is *likely to lead* to admissible evidence; the scope of discovery is broader than the scope of admissible evidence.

The Magistrate Judge stated, "Plaintiffs have given the Court no information about how they expect to obtain admissible evidence regarding actual confusion by contacting Amazon's customers who ordered the accused products." This reasoning is unclear. Plaintiffs would obviously begin by

*contacting the buyers* asking them whether they were confused when they bought Amazon's infringing knock-offs. That contact could be by email, phone, letter or even a subpoena to give deposition testimony. Any of these methods is *likely to lead* to the discovery of admissible evidence, *i.e.*, whether actual confusion exists. Once the facts are discovered, any number of methods could be used proffer that evidence, such as by direct testimony or deposition testimony. Or, a survey of the buyers could be conducted to obtain an expert opinion on the issue of likelihood of confusion. But any concern over *how* Plaintiffs might obtain evidence of the buyers' confusion is not relevant to the core issue of whether the Contact Information is *likely to lead* to the discovery of relevant information. Obviously, without the Contact Information, no evidence of actual confusion can be uncovered.

>The Magistrate Judge also gave this reason for denying Plaintiffs' *Motion*:

>"any information obtained from the customers as a result of being contacted by Plaintiffs' counsel would be subject to the very legitimate argument that it was unreliable, given the ease with which the concept of product confusion could be planted in the minds of customers simply by asking questions about confusion."

This is pure speculation -- not a reason for denying Plaintiffs' access to the Contact Information. Disputes about the veracity of witness testimony are commonplace, but those are issues for the trier of fact. A litigant's speculation that its adversary may "plant" an idea in the mind of a possible witness does not give the litigant to conceal the witness's identity. If it did, any litigant could gain an unfair advantage by making it impossible for their adversary to discover facts from witnesses by withholding their contact information. If Amazon is

concerned about Plaintiffs' "planting" ideas in witnesses, its remedy is to do the same thing that Plaintiffs seek to do – conduct discovery. Amazon may interview or depose those witnesses, and tender evidence to the trier of fact.

Ironically, if anyone has been improperly "planting" ideas in the minds of Amazon's customers, it is Amazon. It is common knowledge that upon logging in to amazon.com, a subscriber is reminded of her previously purchased products, including the trademarks under which they were sold. This practice "plants" in the subscriber's mind the legitimacy of the association between Amazon and the infringing trademark. That wrongful association erodes the goodwill that true trademark owners like Plaintiffs have in their trademarks. The extent of this erosion in this case cannot be presented to the trier of fact if Amazon is allowed to conceal the Contact Information from Plaintiffs.

Respectfully, the Magistrate Judge committed an error of law in ruling that Amazon was entitled to thwart Plaintiffs' discovery on the issue of actual confusion by denying Plaintiffs' *Motion to Compel*. The objection should be sustained, and Amazon should be ordered to provide the Contact Information.

### IV. PLAINTIFFS SHOULD NOT BE ORDERED TO DO THE IMPOSSIBLE TASK OF STATING THE QUARTERLY REVENUES FOR THEIR RINSE N SHINE PRODUCTS SINCE JULY 1, 2012 AS THEY DO NOT TRACK REVENUES BY PRODUCT.

Litigation would be easier of every party could always supply the exact information requested by their adversary. But that is not always possible. When requested information simply does not exist and cannot be obtained, and a party

as so stated under oath, it improper for a court to order it to be provided anyway.

Here, Amazon Amazon's Interrogatory No. 6 to Plaintiffs reads: "Set forth plaintiffs' revenues on a quarterly basis for each of Plaintiffs' Products since July 1, 2012." [Dkt. 77-2 at 7.] "Plaintiffs Products" was defined to be those products sold using the asserted trademark Rise N Shine. Plaintiffs other products sold under different trademarks are not at issue in this litigation. This is a perfectly legitimate request by Amazon. The only problem is that Plaintiffs do not have that information. Their sworn Supplemental interrogatory response states, "Plaintiff does not know and cannot calculate its revenues on a quarterly basis for each of Plaintiffs Products since July 1, 2012.' They further explained, "Plaintiffs do not track revenues *by Product*."

Despite the fact that Plaintiffs do not know and cannot calculate its revenues *for the Plaintiffs' Products* (as defined by Amazon," the Magistrate Judge ordered Plaintiffs to "provide a compete and unequivocal response to Interrogatory No. 6." His reasoning was:

> But Plaintiffs have alleged lost sales in this case, so they must have a factual basis for that allegation. There is no way for Plaintiffs to

demonstrate that they have lost sales for their products if they do not know what their sales of the products at issue actually were.

[#97](#97), p. 6.

There is no contradiction between Plaintiffs alleging "lost sales" and them not knowing "what their sales of the products at issue actually were." In particular, Plaintiffs contend that Amazon's customers that were confused into buying its knock-off product would have purchased a legitimate product from Plaintiffs but for their confusion. Thus, each sale made by Amazon represents a "lost" sale, and the amount of those lost sales is independent Plaintiffs' sales. It simply does not follow that a lost sale means that Plaintiff necessarily knows its "revenues on a quarterly basis for each of Plaintiffs' Products since July 1, 2012."

The Magistrate Judge ordered Plaintiffs to "provide a compete and unequivocal response to Interrogatory No. 6." But it already has, by stating that it does not know and cannot calculate the requested revenues. It would be an abuse of discretion for Plaintiffs to be ordered to do the impossible. The objection should be sustained.

### V.     ATTORNEYS FEES.

In granting Amazon's *Motion to Compel* the Magistrate Judge also allowed Amazon to file a petition for its attorney's fees within 14 days. [#97], p. 13.

7

Because that finding was predicated on the above ruling that Plaintiffs contend should be overruled, the leave to Amazon to file a petition for attorney's fees should be vacated.

        Respectfully submitted,

        By: /Paul B. Overhauser/
        Paul B. Overhauser
        **OVERHAUSER LAW OFFICES LLC**
        740 W. Green Meadows Dr., Suite 300
        Greenfield, IN  46140-4019
        Phone: 317-467-9100
        poverhauser@overhauser.com
        Attorneys for Plaintiffs