IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNIE OAKLEY ENTERPRISES, INC. and RENEE GABET, <br><br> Plaintiffs, <br><br> -vs.- <br><br> AMAZON.COM, INC., <br><br> Defendant. | The Honorable <br> Mark J. Dinsmore <br><br> No. 1:19-cv-01732-JMS-MJD |

**BRIEF IN SUPPORT OF MOTION FOR
<u>ATTORNEYS' FEES FOR AMAZON.COM, INC.</u>**

## TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................. 1

II.    STATEMENT OF FACTS ..................................................................................... 1

III.    LEGAL STANDARD ............................................................................................ 3

IV.    ARGUMENT ......................................................................................................... 5

        A.    Amazon Is Entitled To Reasonable Expenses Incurred Related To Its Successful Motion To Compel, Including Attorneys' Fees ............................................. 5

        B.    Amazon's Request For Attorneys' Fees Is Reasonable ............................... 6

        C.    The Lodestar Calculation For Robert Cruzen's Fees ................................... 9

        D.    The Lodestar Calculation For Amy Dachtler's Fees .................................. 12

V.    CONCLUSION ..................................................................................................... 13

## TABLE OF AUTHORITIES

*Cases*                                                                *Page(s)*

*Adidas Am., Inc. v. Calmese*,
 No. 08-CV-91-BR, 2011 WL 1832948 (D. Or. May 13, 2011),
 aff'd, 489 F. App'x 177 (9th Cir. 2012) ---------------------------------------------------------------- 10

*Denius v. Dunlap*,
 330 F.3d 919 (7th Cir. 2003) ----------------------------------------------------------------------------- 4

*Eli Lilly & Co. v. Arch Ins. Co.*,
 No. 1:13-cv-01770-LJM-TAB, 2017 WL 3535135 (S.D. Ind. Aug. 17, 2017) ---------------- 3, 9

*Johnson v. GDF, Inc.*,
 668 F.3d 927 (7th Cir. 2012) -------------------------------------------------------------------------- 3, 4

*Knauf Insulation, LLC v. Johns Manville Corp.*,
 No. 1:15-cv-00111-WTL-MJD (S.D. Ind. Feb. 27, 2019) ---------------------------------3, 5, 9, 10

*Malibu Media LLC v. Harrison*,
 No. 1:12-cv-01117-WTL-MJD, 2014 WL 5392097 (S.D. Ind. Oct. 23, 2014) ------------------ 5

*Mathur v. Bd. of Tr. of S. Illinois Univ.*,
 317 F.3d 738 (7th Cir. 2003) ---------------------------------------------------------------------------- 10

*Pickett v. Sheridan Health Care Ctr.*,
 664 F.3d 632 (7th Cir. 2011) ------------------------------------------------------------------------- 3, 4

*Robbins v. Med-1 Sols., LLC*,
 No. 114CV01703TABSEB, 2020 WL 434565 (S.D. Ind. Jan. 28, 2020)-------------------------- 4

*Sandoval v. Little Concessions, LLC*,
 No. 10 C 3895, 2011 WL 780874 (N.D. Ill. Feb. 28, 2011) ----------------------------------------- 4

*Scott v. Fed. Bond and Collection Serv., Inc.*,
 No. 10-CV-02825-LHK, 2011 WL 176846 (N.D. Cal. Jan. 19, 2011) ----------------------------- 4

*Spegon v. Catholic Bishop of Chi.*,
 175 F.3d 544 (7th Cir. 1999) ----------------------------------------------------------------------------- 4

*Stinnett v. EOS CCA*,
 No. 115CV00691RLYMPB, 2017 WL 1365374 (S.D. Ind. Apr. 14, 2017)----------------------- 3

*Triune Star v. The Walt Disney Co.*,
 No. 07-1256, 2009 WL 1098762 (C.D. Ill. Apr. 23, 2009) ----------------------------------------- 12

*Rules*

Fed. R. Civ. P. 37------------------------------------------------------------------------------------- 1, 3, 5

## I. INTRODUCTION

In accordance with the Court's order (ECF No. 97), Defendant Amazon.com, Inc. ("Amazon") respectfully moves under Fed. R. Civ. P. 37(a)(5)(A) for an award of reasonable expenses (attorneys' fees) incurred in pursuing its Motion to Compel Discovery Responsive to Amazon.com, Inc.'s Interrogatories Nos. 3 and 6, and Requests for Production Nos. 3, 5, 6, 8, and 21, and Motion for a Sufficient Answer to Request for Admission No. 4 (ECF No. 76), which was recently granted by the Court on August 7, 2020. ECF No. 97. The amount of reasonable expenses sought is **$48,490**. Grounds for the motion are set forth below.

## II. STATEMENT OF FACTS

Amazon brought its motion to compel against plaintiffs on July 27, 2020. ECF No. 76. The motion raised eight different discovery issues regarding deficiencies with plaintiffs' production or discovery responses. *Id.*

Amazon served the discovery sets at issue in its motion on plaintiffs on March 16, 2020. Declaration of Robert T. Cruzen in Support of Motion to Compel ("MTC Cruzen Decl.") Exs. A-C, ECF Nos. 77-2 to 77-4. As detailed in Amazon's motion to compel, after Amazon agreed to an extension, Amazon received plaintiffs' responses and production on May 7, 2020. ECF No. 77 at 4. Robert Cruzen, counsel for Amazon, sent plaintiffs' counsel a letter on June 29, 2020, detailing deficiencies in plaintiffs' document productions and discovery responses, including each of the eight issues raised in the motion to compel. MTC Cruzen Decl. Ex. J, ECF No. 77-11. Counsel for both parties agreed to meet and confer on these discovery issues on July 2, but on the meet and confer phone call counsel for plaintiffs announced she was not prepared to discuss the issues raised in the letter substantively though she would respond substantively to the issues on July 3. MTC Cruzen Decl. ¶23. Yet, plaintiffs' counsel's correspondence on July 3 stated that she could not provide *any* substantive responses to Mr. Cruzen's June 29 meet and confer letter. MTC Cruzen

Decl. Ex. R, ECF No. 77-19.  On July 8, plaintiffs' counsel finally responded to Mr. Cruzen's letter with a few updates to plaintiffs' responses, but none addressing the deficiencies raised in the motion to compel.  MTC Cruzen Decl. Ex. K, ECF No. 77-12.  The parties met and conferred again on July 10, but plaintiffs declined to provide a date certain at that time for amending discovery and producing additional documents.  Plaintiffs' counsel did, however, promise a letter to be sent by July 13, to address the discovery issues.  MTC Cruzen Decl. ¶24.  They did not send this letter until July 15, in which plaintiffs committed to amending responses and producing documents by Friday July 24, two days *after* the Court had set its discovery hearing.  MTC Cruzen Decl. Ex. L, ECF No. 77-13.  The parties held a final meet and confer on July 15, which failed to resolve the eight discovery disputes at issue in Amazon's motion to compel.  MTC Cruzen Decl. ¶29.  Mr. Cruzen sent a letter confirming each of these disputes to plaintiffs' counsel on July 17. MTC Cruzen Decl. Ex. M, ECF No. ECF No. 77-14.  Plaintiffs' supplemental document production and supplemental response to Amazon's Request for Production No. 6 did not resolve any of the eight disputes brought in Amazon's motion to compel.  MTC Cruzen Decl. Exs. G-I, ECF Nos. 77-8 to 77-10.

The Court granted Amazon's motion to compel on all eight issues presented on August 7, 2020.[1]  ECF No. 97.  Plaintiffs filed a motion for reconsideration on one issue raised in Amazon's motion to compel (disclosure of plaintiffs' sales data).  ECF No. 108.  That motion is currently being briefed by both parties.

---

[1] Plaintiffs filed a motion to compel on July 27.  ECF No. 74.  Amazon prevailed on all four issues raised in plaintiffs' motion, with the exception of plaintiffs' challenge to a handful of documents on Amazon's privilege log, which issue the Court has now taken under submission. ECF No. 96.  That issue had not been the subject of any of the meet and confer discussions between the parties prior to the filing of the motions to compel, as the Court's order recognized.

### III. <u>LEGAL STANDARD</u>

Fed. R. Civ. P. 37(a)(5)(A) includes the payment of expenses connected to a granted motion to compel, and provides:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

This Court has used the lodestar method previously to determine reasonable attorneys' fees, including multiplying a reasonable rate by the number of hours reasonably expended on the motion. Order on Motion for Attorneys' Fees, *Knauf Insulation, LLC v. Johns Manville Corp.*, No. 1:15-cv-00111-WTL-MJD (S.D. Ind. Feb. 27, 2019), ECF No. 369. (citation omitted); *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012); *see also Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). "As 'the "centerpiece" of attorney's fees determinations,' the lodestar calculation is applied to contingency fees and fixed fee arrangements." *Eli Lilly & Co. v. Arch Ins. Co.*, No. 1:13-cv-01770-LJM-TAB, 2017 WL 3535135, *2 (S.D. Ind. Aug. 17, 2017) (citing *Pickett*, 664 F.3d at 639 (citation omitted)). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett,* 664 F.3d at 639.

In addition to fees incurred in litigating a motion to compel, fees incurred in preparing a motion for costs or attorneys' fees are also recoverable. *See Stinnett v. EOS CCA*, No. 115CV00691RLYMPB, 2017 WL 1365374, at *2 (S.D. Ind. Apr. 14, 2017) (awarding party

"attorneys' fees incurred litigating this [attorneys' fees] motion."); *Sandoval v. Little Concessions, LLC*, No. 10 C 3895, 2011 WL 780874, at *1 (N.D. Ill. Feb. 28, 2011) ("Plaintiff can also recover the expenses and attorney fees incurred as a result of litigating this motion to recover those costs."); *see also Robbins v. Med-1 Sols., LLC*, No. 114CV01703TABSEB, 2020 WL 434565, at *3 (S.D. Ind. Jan. 28, 2020) (observing in the context of contractual fee provisions that "[s]uch 'fees on fees' are justified because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." (quoting *Scott v. Fed. Bond and Collection Serv., Inc.*, No. 10-CV-02825-LHK, 2011 WL 176846, at *3 (N.D. Cal. Jan. 19, 2011))).

"When calculating attorneys' fees, the reasonable hourly rate is to be derived from the market rate for the services rendered." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003). "The best evidence of an attorney's market rate is his or her actual billing rate for similar work." *Johnson,* 668 F.3d at 933. Where it is difficult to determine the hourly rate of an attorney who uses an alternative fee arrangement, such as a flat fee, the Seventh Circuit has advised the "next best evidence" of an attorney's market rate is "evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." *Pickett*, 664 F.3d at 640 (*quoting Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 555 (7th Cir. 1999)). The fee applicant bears the burden of producing satisfactory evidence that the rates requested are in line with a representation of those in the community. *Id*.

**IV.     ARGUMENT**

      **A.     Amazon Is Entitled To Reasonable Expenses Incurred Related To Its Successful Motion To Compel, Including Attorneys' Fees**

This Court granted Amazon's motion to compel on all eight discovery issues on August 7, 2020. ECF No. 97. Under such circumstances, Fed. R. Civ. P. 37(a)(5)(A) requires that "the party [] whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." There are three exceptions to this Rule, "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*. The "burden of persuasion is on the losing party to avoid assessment of fees, rather than on the winning party to obtain such an award." Order on Motion for Attorneys' Fees at 3, *Knauf Insulation*, ECF No. 369 (*quoting Malibu Media LLC v. Harrison*, No. 1:12-cv-01117-WTL-MJD, 2014 WL 5392097, at *1 (S.D. Ind. Oct. 23, 2014)).

None of the exceptions apply here. Amazon's discovery was aimed at core issues in this trademark case. Yet plaintiffs refused to produce the settlement agreement with the Rise 'N Shine defendants while producing a different settlement agreement that plaintiffs deem favorable to their damages case. They refused to state when they first learned of Amazon's alleged infringement or other factual bases for disputing Amazon's laches defense. They refused to produce any non-public documents related to the adoption or prosecution of the very trademarks at issue in this case. Plaintiffs produced scant marketing documents despite contending they have used the asserted trademarks in commerce for twenty years. They served evasive responses to request for admission number 4 in order to avoid admitting that they have no evidence of actual confusion, yet they

provided no documents or other evidence of any actual confusion. And plaintiffs produced no sales data regarding their own products whatsoever other than two invoices (which serve to demonstrate that they could have produced the broader sales data requested because those invoices show sales on a product by product basis). Thus, even as to this last issue regarding which plaintiffs have filed a motion for reconsideration, no justification for plaintiffs' failure to respond exists.

Counsel for Amazon, Mr. Cruzen, met and conferred multiple times with plaintiffs' counsel on each of the eight disputes raised in Amazon's motion to compel, through both written communications and conference phone calls. MTC Cruzen Decl. Exs. J, M, O, P, Q, S; ¶¶23-24, 29, ECF No. 77-1. None of plaintiffs' nondisclosures, deficient responses, or objections was justified. In fact, this Court recognized in its order granting Amazon's motion to compel, that some of plaintiffs' arguments in its opposition to the motion were "baseless," and for some of the disputes, plaintiffs never objected to the discovery requests in the first place. They simply refused to comply with the request. *See* ECF No. 97, pp. 4, 7, and 11. Amazon is not aware of any circumstances that make an award of expenses unjust here.

Therefore, as a successful movant on a motion to compel, and in the absence of any of the three allowed exceptions, Amazon is entitled to reasonable expenses incurred in bringing its motion to compel.

### B. Amazon's Request For Attorneys' Fees Is Reasonable

Amazon seeks in this fee request the reasonable attorneys' fees incurred by the two outside counsel who worked on the motion to compel and this fee motion – Robert Cruzen and Amy Dachtler. Amazon is not seeking here expenses or fees for work performed by paralegals, administrative staff, or in-house counsel for the motion to compel, although each category of those individuals dedicated substantial time to Amazon's motion.

Amazon is using its billing records specific to this case, including the narrative statement provided for each day specifying the activities performed during that billed time, to create the fee request charts for Mr. Cruzen and Ms. Dachtler. Declaration of Robert T. Cruzen in Support of Motion for Attorneys' Fees ("Cruzen Decl."), Ex. B; ¶11. Outside counsel uses block billing for this case, meaning that the narrative for the hours billed each day may correspond to more than one activity for the case. In a few instances this has resulted in activities that are not connected to the eight disputes in the motion to compel to be billed on the same day as an attorney did work on the motion to compel. In those circumstances, Amazon has prorated those billing days, so that the hours requested here are at most the actual hours worked on activities related to the motion to compel and this fee motion. Cruzen Decl. ¶11. For example, if Mr. Cruzen billed 8.0 hours on one day, and the narrative shows four activities performed that day, where only one is relevant to the fee motion, Amazon has prorated, and thereby reduced, the hours for that day to 2.0 hours. Mr. Cruzen has confirmed on each of those occasions that the hours requested for the relevant activities on those pro-rated block billing days represent the actual hours, or fewer than the actual hours spent on the relevant task: that is, where proration produces more time than counsel believes was actually spent on the task described that is relevant to this Motion, the time has been reduced to align with the actual estimated time spent on that task. Cruzen Decl. ¶11.

Amazon is headquartered in Seattle, Washington. Klarquist Sparkman, LLP, is located in Portland, Oregon, also in the Pacific Northwest and only a few hours by car from Seattle. Klarquist Sparkman, LLP, is the largest boutique intellectual property law firm in the Pacific Northwest. Cruzen Decl. ¶4. Various attorneys at Klarquist Sparkman, LLP, work on a variety of cases for Amazon. Mr. Cruzen has represented Amazon on numerous prior legal matters since 2008. *Id*. This pre-existing working relationship lends efficiency to working with outside counsel on

litigation matters. Therefore, it is reasonable that Amazon would choose Mr. Cruzen, and his trademark expertise, rather than search for counsel in the Southern District of Indiana to represent it in this case. Afterall, Amazon did not choose to be sued in the Southern District of Indiana – that was plaintiffs' choice.

This case is leanly staffed. Only two attorneys worked on this motion to compel. The meet and confer conference calls were attended only by Mr. Cruzen, while plaintiffs were represented by two attorneys on occasion. Cruzen Decl. ¶13.

Amazon is seeking fees for activities connected to bringing its successful motion to compel and this fee motion. These activities have been broken into four categories as to Mr. Cruzen's fees to allow the Court to better assess their reasonableness. First, Amazon seeks fees for Mr. Cruzen's meet and confer activities, which included drafting letters and emails to, and telephone conferences with, opposing counsel outlining the discovery disputes that became the basis for Amazon's motion to compel on eight different disputes. Mr. Cruzen spent hours on these discovery disputes that he would not have spent if plaintiffs had supplemented or amended their discovery responses in response to the initial meet and confer and Mr. Cruzen's June 29 letter outlining the same (i.e., further meet and confers, drafting correspondence with plaintiffs' counsel and the Court regarding the disputes, and preparing for the discovery conference to discuss the disputes). Second, Amazon seeks fees for Mr. Cruzen's drafting the motion to compel and the reply brief, including his conducting supporting legal research. Third, Amazon seeks fees for Mr. Cruzen's drafting this motion for attorneys' fees. Finally, Amazon seeks fees for Mr. Cruzen's responding to plaintiffs' motion for reconsideration of the Court's order granting Amazon's motion to compel, should that motion for reconsideration be denied.

As to Ms. Dachtler, Amazon is seeking fees for activities broken into three categories to

permit the Court to better assess their reasonableness. First, Amazon seeks fees for Ms. Dachtler's participation in drafting the motion to compel and the reply brief, including conducting supporting legal research. Second, Amazon seeks fees for Ms. Dachtler's assistance in drafting this motion for attorneys' fees. Finally, Amazon seeks fees for Ms. Dachtler's assistance in responding to plaintiffs' motion for reconsideration of the Court's order granting Amazon's motion to compel, should that motion for reconsideration be denied.

### C. The Lodestar Calculation For Robert Cruzen's Fees

Amazon has a flat-fee billing arrangement with Klarquist Sparkman, LLP. Therefore, there is not a specific hourly rate charged by Mr. Cruzen to Amazon for his work in this case. Cruzen Decl. ¶7. This Court, however, "utilizes the 'lodestar' method to determine reasonable attorneys' fees by multiplying a reasonable rate by the number of hours reasonably expended on the motion," and not the actual amount billed to Amazon. *See* Order in *Knauf Insulation* at 6, ECF No. 369; *see also Eli Lilly & Co.*, 2017 WL 3535135, *2. Amazon submits that Mr. Cruzen's reasonable rate is $525 per hour. Mr. Cruzen's standard rate for legal services, as an equity partner at Klarquist Sparkman, LLP, is $525 per hour for 2020. This is the rate Mr. Cruzen has charged some clients for his legal services in 2020 for other intellectual property matters, including trademark matters. Cruzen Decl. ¶8. Mr. Cruzen's clients have paid this rate in the past six months for work on trademark matters. *Id*. This rate is in-line with the rates charged by private law firm equity partners with similar years of experience practicing in intellectual property fields, according to the AIPLA 2019 Report of the Economic Survey. Cruzen Decl. Ex. A, p. 20. As of two years ago in 2018 (the most recent data available), private law firm equity partners practicing 15-24 years in intellectual property had a mean hourly rate of $505 and the 3rd Quartile averaged $650/hour. *Id*. Mr. Cruzen's rate is appropriate for Portland's intellectual property legal community as well. *See, e.g., Adidas Am., Inc. v. Calmese*, No. 08-CV-91-BR, 2011 WL 1832948, at *7, Fn. 2 (D. Or. May

13, 2011), aff'd, 489 F. App'x 177 (9th Cir. 2012) (Adidas paid its intellectual property counsel in trademark action, which included Portland counsel, $445 to $625 per hour in 2011; the Court noted a $500 per hour estimate for the awarded fee); *see also Mathur v. Bd. of Tr. of S. Illinois Univ.*, 317 F.3d 738, 744 (7th Cir. 2003) (observing that where "an out-of-town attorney has a higher hourly rate than local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the lodestar amount," if the party has a reason for hiring the out-of-town attorney rather than local counsel); Order on Motion for Attorneys' Fees at 7, *Knauf Insulation*, ECF No. 369 (hourly rates were not disputed in a fee motion for intellectual property counsel from Colorado, where a senior associate with 10+ years of experience charged $550 per hour for work done in S.D. Ind. in 2018, and rates were allowed by this Court). Mr. Cruzen has represented Amazon in district courts across the country since 2008. Cruzen Decl. ¶4. Mr. Cruzen's Portland office is located in the Pacific Northwest, and he has a pre-existing working relationship with Amazon's in-house counsel overseeing this action on trademark matters. *Id*. Mr. Cruzen's 2020 rate of $525 per hour is reasonable.

Mr. Cruzen has billed a reasonable number of hours for his work surrounding Amazon's motion to compel and this fee motion. As noted in Amazon's motion to compel and the fact section above, Mr. Cruzen drafted multiple letters and emails with opposing counsel detailing the deficiencies in plaintiffs' discovery responses that were the basis of Amazon's motion. He alone represented Amazon during all meet and confer conferences, and the discovery conference with this Court. Cruzen Decl. ¶13. He performed legal research and drafted (with Ms. Dachtler's assistance) the brief in support of Amazon's motion to compel, its reply in support of the motion, and this fee motion. Amazon's motion to compel addressed eight discovery disputes, and the motion was granted in its entirety. Given the complexity of the motion, due in part to the number

of issues that Amazon addressed in it, the number of hours Mr. Cruzen spent on Amazon's motion to compel, and the reply in support of it, are reasonable.

The chart below reflects the hours and fees incurred in various stages of representing Amazon in connection with its motion to compel. *See* Cruzen Decl. ¶¶11-12, Ex. B.

| TASK | HOURS | HOURLY RATE | TOTAL FEES (Rounded To The Nearest Dollar) |
|---|---|---|---|
| Pre-Motion Activities: Meet and Confer Activities including phone calls and letter writing exchanges with opposing counsel; prepare for and attend discovery conference | 8.3 Hours | $525 | $4,358 |
| Draft and file Amazon's Motion to Compel and Reply | 36.4 Hours | $525 | $19,110 |
| Draft Fee Motion | 9.9 Hours (through 8/20/20) | $525 | $5,198 |
| Respond to Plaintiffs' Motion for Reconsideration on one issue raised in Amazon's Motion to Compel | To be submitted with Reply | $525 | To be submitted with Reply |
| TOTAL HOURS FOR MR. CRUZEN | **54.6 Hours** | TOTAL FEES REQUESTED FOR MR. CRUZEN | $28,665[2] |

Accordingly, Amazon requests **$28,665 in fees** as a result of Mr. Cruzen's work on the Motion to Compel.

---

[2] Due to rounding, the addition of the total dollar amounts in this column results in a total fee amount of $28,666, one dollar higher than the product of 54.6 hours times $525.

### D. The Lodestar Calculation For Amy Dachtler's Fees

The flat-fee billing arrangement with Klarquist Sparkman, LLP, also applies to Ms. Dachtler's fees. Amazon submits that Ms. Dachtler's reasonable rate is $325 per hour. Ms. Dachtler's normal rate for legal services, as a staff attorney at Klarquist Sparkman, LLP, is $325 per hour for 2020. Declaration of Amy C. Dachtler in Support of Motion for Attorneys' Fees ("Dachtler Decl.") ¶8. Ms. Dachtler has charged this rate for another client she represented in a trademark matter in January 2020, and the client paid the bill. Dachtler Decl. ¶10. Ms. Dachtler spent nearly 8 years practicing intellectual property litigation for large law firms from 2004-2012. Dachtler Decl. ¶5. In 2009, Judge Mihm in the Central District of Illinois granted Rule 11 fees for her work on a patent case as a fourth-year associate at the rate of $445 per hour. *See Triune Star v. The Walt Disney Co.*, No. 07-1256, 2009 WL 1098762, *3 (C.D. Ill. Apr. 23, 2009); Dachtler Decl. Ex. 1, pp.9-10. After having a daughter in 2013, she returned to litigation on a part-time basis and has been working as a part-time attorney for Klarquist Sparkman, LLP, since 2017. Dachtler Decl. ¶6. Her current rate is consistent with the rate charged by non-partner track attorneys practicing in intellectual property with similar years of experience, according to the AIPLA 2019 Report of the Economic Survey. Cruzen Decl. Ex. A at 24-25. According to the survey, in 2018, private firm non-partner track attorneys practicing 15-24 years in intellectual property had a mean hourly rate of $348 per hour and the 3rd Quartile averaged $444 per hour. Cruzen Decl. Ex. A at 25. Even though Ms. Dachtler has not been working full-time during all of her nearly 16 years as an attorney, the rates for those non-partner track attorneys practicing 10-14 years were actually higher than the 15-24 years cohort. Ms. Dachtler's lodestar rate of $325 per hour is reasonable.

Ms. Dachtler has billed a reasonable number of hours for her contribution to Amazon's motion to compel and this fee motion. She has performed legal research for Amazon's motion to

compel, the reply in support of Amazon's motion, and this fee motion. Dachtler Decl. ¶11. She has assisted in drafting all three briefs as well. *Id*. As noted for Mr. Cruzen's lodestar, the complexity of the motion required legal research and briefing on eight different discovery disputes. She has spent a total of **61 hours** on these tasks related to Amazon's motion to compel, and this time was reasonable, especially given the number of issues addressed in the motion to compel. Dachtler Decl. at ¶¶11-12.

The chart below reflects the hours and fees incurred in various stages of representing Amazon in connection with the motion to compel. *See* Dachtler Decl. 12; Cruzen Decl. Ex. B.

| TASK | HOURS | HOURLY RATE | TOTAL FEES |
| --- | --- | --- | --- |
| Draft and file Amazon's Motion to Compel and Reply | 30.6 Hours | $325 | $9,945 |
| Draft Fee Motion | 30.4 Hours (through 8/20/20) | $325 | $9,880 |
| Respond to Plaintiffs' Motion to Reconsideration on one issue raised in Amazon's Motion to Compel | To be submitted with reply | $325 | To be submitted with reply |
| TOTAL HOURS FOR MS. DACHTLER | **61.0 Hours** | TOTAL FEES REQUESTED FOR MS. DACHTLER | **$19,825** |

Accordingly, Amazon requests **$19,825 in fees** as a result of Ms. Dachtler's work on the Motion to Compel, the Reply in Support of the Motion to Compel, and this Motion for Fees.

V.       **CONCLUSION**

For the foregoing reasons, Amazon respectfully requests an award of its reasonable expenses in connection with bringing this motion, namely **$48,490** in attorneys' fees incurred as of August 20, 2020, and supported by Amazon's billing records. Amazon further seeks fees incurred in finalizing and filing this motion on August 21, 2020, drafting the reply in support of

this motion, and in opposing plaintiffs' Motion for Reconsideration of this Court's Order granting Amazon's motion to compel.

August 21, 2020

Respectfully submitted,

<u>Robert T. Cruzen</u>
Robert T. Cruzen (*pro hac vice*)
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Telephone: (503) 595-5300
Fax: (503) 595-5301
rob.cruzen@klarquist.com

Counsel for Defendant
AMAZON.COM, INC.