UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNIE OAKLEY ENTERPRISES INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No. 1:19-cv-01732-JMS-MJD |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFFS' MOTION REGARDING FEES MOTION**

This matter is before the Court on Plaintiffs' Motion to Permit Discovery on Amazon's Attorneys' Fees Motion and Stay Deadline to Respond to Amazon's Motion for Attorney's Fees [Dkt. 115]. For the reasons set forth below, the motion is **DENIED**.

On August 7, 2020, the Court granted Defendant's motion to compel in its entirety. [Dkt. 97.] In its Order on the motion, the Court ordered Defendant to file any fees motion within fourteen days. *Id.* Plaintiffs have since filed an objection to one portion of the Court's order.[1] [Dkt. 108.]

---

[1] The Court notes that Plaintiffs state in their reply brief that they also raised "the approprietenss [sic] of the fee award" in their objection. [Dkt. 127.] That statement is curious, inasmuch as there has been no fee award. In any event, Plaintiffs' only argument with regard to attorneys' fees in their objection is that "the leave to Amazon to file a petition for attorney's fees should be vacated" because "that finding was predicated on the above ruling that Plaintiffs contend should be overruled." [Dkt. 108 at 8.] However, even if Plaintiffs' objection is sustained, Defendant's motion to compel will have been granted in part, and Defendant thus will still be entitled to request fees. *See* Federal Rule of Civil Procedure 37(a)(5)(C). And regardless of the ruling on

Defendant filed a timely motion in which it seeks $48,490.00 in attorney fees related to its motion to compel. In the instant motion, Plaintiffs express their belief that "the factual bases for [Defendant's] requested fee amount is highly suspect" for several reasons. [Dkt. 115 at 2.] Plaintiffs request that they be permitted to conduct discovery to explore whether their suspicions have merit. That request is **DENIED**. Defendant has the burden of demonstrating the appropriate amount of any fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."). Plaintiffs should raise any issues they have with the fee motion in their response to the fee motion; Defendant may then address those issues in its reply brief. If Defendant has failed to submit the evidence necessary to support its award, Defendant's motion will be denied. There is no need for Plaintiffs to obtain any evidence through discovery; to permit such discovery would run afoul of the Supreme Court's admonition that "[a] request for attorney's fees should not result in a second major litigation." *Id.* Defendant and its counsel need not respond to any discovery request or subpoena that has been served by Plaintiffs related to the fee request.

Plaintiffs also request that their deadline to respond to the fee motion be stayed until "preferabley [sic] the deadline for responding to any post-judgment bill of costs in this case (which is the practice of some Magistrate judges in this District)," or, alternatively, sixty days after Chief Judge Magnus-Stinson rules on Plaintiffs' objection to the Order on the motion to compel. [Dkt. 115 at 4.] It is not the undersigned's practice to defer fee motions relating to

---

the objection, Plaintiffs will be entitled to argue—in the context of the fee motion—that. pursuant to Rule 37(a)(5)(A), no fees should be awarded.

discovery until after judgment, and there are no unusual circumstances here that merit deviating from the norm.  However, it is a fact that the pending objection has rendered the pending motion for fees obsolete.  If Plaintiffs' objection is overruled, Defendant will be entitled to seek additional fees for responding to the objection.  If Plaintiffs' objection is sustained, the fee motion will fall under Federal Rule of Civil Procedure 37(a)(5)(C) instead of Rule of Civil Procedure 37(a)(5)(A), and the effect of the successful objection on the propriety and amount of any fee award will need to be addressed in the parties' briefs.  Accordingly, the pending motion for fees, [Dkt. 110], is **DENIED AS PREMATURE**, and Plaintiffs' request to stay the briefing of the current fees motion is **DENIED AS MOOT**.  Defendant shall file a renewed fee motion **within fourteen days of Judge Magnus-Stinson's ruling on Plaintiffs' objection**.  In the event Plaintiffs' objection is sustained and Plaintiffs wish to pursue fees themselves, they may make their request and submit the appropriate evidence in support of it in their response to Defendant's fee motion.

    SO ORDERED.

Dated:  9 SEP 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.