UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNIE OAKLEY ENTERPRISES INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 1:19-cv-01732-JMS-MJD |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL**

This matter is before the Court on the remaining issue in Plaintiffs' motion to compel [Dkt. 74]. In the Court's previous order on the motion, [Dkt. 96], the Court took under advisement the issue of whether certain documents have properly been withheld by Defendant as privileged. The parties have conferred on the issue and been unable to resolve it. Accordingly, as ordered by the Court, Defendant has submitted the documents for *in camera* review.

At issue are fourteen communications contained in six documents. In their motion to compel, Plaintiffs argued that because no attorney was listed as a sender or receiver, "the communications in these fourteen rows could not possibly have been for the purposes of seeking or providing legal advice. To the contrary, it appears these were just routine internal corporate communications about the content of Amazon.com." [Dkt. 74 at 5.] As the Court noted in its previous Order, that assertion is, of course, incorrect. A communication that is made by an agent of an attorney to a client (or vice versa) for the purposes of giving or obtaining legal advice can

be protected by the attorney-client privilege, as can communications between non-attorneys that reflect that an attorney's advice.  *See, e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 433 (N.D. Ill.), *supplemented*, 432 F. Supp. 2d 794 (N.D. Ill. 2006) ("Plaintiffs' insistence that an attorney must be involved as a participant in the communication before it can be found to reflect a client confidence or legal advice is misplaced.").

Defendant's original privilege log characterized each of the communications at issue as follows:  "Client's confidential internal email communication, including in-house legal and outside counsel, regarding trademark infringement case."  [Dkt. 74-3.]  As Plaintiff pointed out, however, not all of the communications involved an attorney, and it was not evident from the privilege log that they all involved advice from counsel.  In its response to the motion to compel, Defendant stated that "[e]ach of these communications are made to or from individuals within Amazon's legal department or at their direction, and were not shared with non-Amazon personnel, other than Amazon's outside counsel.  Each communication pertains to advice and direction provided by Amazon attorneys, which advice and direction were implemented by the employees pursuant to their normal job functions."  [Dkt. 80 at 17.]

The Court's *in camera* review confirms that each of these communications is privileged.  The documents at issue consist of three sets of communications that took place in February 2020, March 2020, and May 2020, as well as a single communication in July 2020.  Each of the three sets begins with a paralegal giving a directive to an employee of Defendant.  Defendant has asserted unequivocally that this direction was provided by Defendant's attorneys, and there is no reason to doubt that assertion given the nature of the communication and the fact that it was copied to in-house counsel.  The remainder of the communications in each set relate to the direction given in the first communication in the set, as does the July 2020 communication.

Thus, all of the communications at issue relate directly to advice given by counsel to employees of Defendant whose job it was to carry out that advice. As such, the communications are protected by the attorney-client privilege.

For the reasons set forth above, Plaintiffs' motion to compel [Dkt. 74] with regard to the issue that was taken under advisement in the Court's previous order, [Dkt. 96], is **DENIED**.

SO ORDERED.

Dated:  9 SEP 2020

                                            Mark J. Dinsmore
                                            United States Magistrate Judge
                                            Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.