UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNIE OAKLEY ENTERPRISES, INC. and RENEE GABET,  )<br>)<br>) | |
| *Plaintiffs*, ) | |
| ) | |
| vs. ) | No. 1:19-cv-1732-JMS-MJD |
| ) | |
| AMAZON.COM, INC., ) | |
| ) | |
| *Defendant*. ) | |

## ORDER

Plaintiffs Annie Oakley Enterprises, Inc. ("Annie Oakley") and its owner, Renee Gabet, initially brought this trademark action against Rise N Shine Online, LLC, Eric S. Young, and Amazon.com, Inc. ("Amazon"), alleging that Defendants sold products on Amazon's website that infringed trademarks owned by Ms. Gabet. [Filing No. 12.] Plaintiffs have settled their claims with Rise N Shine Online, LLC, and Mr. Young, and those claims were dismissed with prejudice, [Filing No. 64]; only the claims against Amazon remain pending. During discovery, various disputes arose between the parties, resulting in motions to compel. Presently pending before the Court is Plaintiffs' Objection to Magistrate Judge Mark J. Dinsmore's rulings on two specific issues raised in the motions to compel. [Filing No. 108.] The Objection is now ripe for review.

I.
LEGAL STANDARD

Review of a magistrate judge's decision on a nondispositive motion is deferential, and the Court may sustain an objection to such an order only where it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*

1

*v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Ind., LLC v. Origin Healthcare Solutions, LLC,* 2014 WL 6674757, *2 (S.D. Ind. 2014) (citations and quotation marks omitted).

## II.
### BACKGROUND

Annie Oakley creates, markets, and sells a line of essential oils, fragrances, and bath and body products for personal use. [Filing No. 12 at 3.] These products bear the slogan and trademark RISE 'N SHINE. [Filing No. 12 at 3.] Ms. Gabet registered two trademarks using the RISE 'N SHINE mark, Trademark Registration No. 2,549,750 in connection with perfumes, body oils, room fragrances and essential oils, and Trademark Registration No. 3,990,283 in connection with shampoos, hair conditioners, body soaps, and body powders. [Filing No. 12 at 3-4.]

Plaintiffs allege that Rise N Shine Online and Mr. Young "have manufactured, copied, reproduced, sold, offered for sale, publicly displayed, distributed, and/or imported products"—including body lotions, beauty soap, body butter, shea butter for cosmetic purposes, skin moisturizer, and skin toners—using the trademark RISE 'N SHINE ONLINE. [Filing No. 12 at 5.] In addition, Plaintiffs allege that these products were sold on Amazon's website. [Filing No. 12 at 7-10.] Plaintiffs assert claims for: (1) trademark infringement; (2) use of an advertising idea; (3) trademark dilution; (4) false designation of origin and unfair competition; and (5) common law unfair competition. [Filing No. 12 at 10-15.] These claims remain pending against Amazon only. [*See* Filing No. 64.]

During discovery, Plaintiffs filed a Motion to Compel, seeking an order requiring Amazon to, among other things, respond to Interrogatory No. 4 by providing the name and email address of each person who ordered an "accused product." [Filing No. 74 at 1-2.] Plaintiffs argued that

2

this information was necessary to allow them to discover the extent to which customers were actually confused by use of the RISE 'N SHINE ONLINE mark. [Filing No. 74 at 2.]

Judge Dinsmore denied Plaintiffs' motion as to this issue, concluding that although there "is no question that evidence of actual confusion on the part of customers is relevant to this trademark infringement case," Plaintiffs did not provide any information about how they would obtain admissible evidence of actual confusion by contacting the customers who ordered accused products. [Filing No. 96 at 3.] Judge Dinsmore noted that "any information obtained from the customers as a result of being contacted by Plaintiffs' counsel would be subject to the very legitimate argument that it was unreliable, given the ease with which the concept of product confusion could be planted in the minds of customers simply by asking questions about confusion." [Filing No. 96 at 3.] Accordingly, Judge Dinsmore concluded that because Plaintiffs did not address this issue in their reply brief or point to any cases in which discovery of customer contact information was permitted or in which evidence obtained from customers was admitted on the issue of actual confusion, Amazon had successfully demonstrated that the names and email addresses of its customers were not relevant to the issues in this case. [Filing No. 96 at 4.]

Meanwhile, Amazon filed its own Motion to Compel, seeking an order requiring Plaintiffs to, among other things, respond to Amazon's Interrogatory No. 6 and "[s]et forth plaintiffs' revenues on a quarterly basis for each of Plaintiffs' Products since July 1, 2012."[1] [Filing No. 76; Filing No. 77 at 13-14.] Amazon pointed out that Plaintiffs responded to the interrogatory stating that they did not know and could not calculate the quarterly revenues by product, but Amazon

---

[1] "Plaintiffs' Products" was defined as products using the RISE 'N SHINE marks at issue in this litigation. [Filing No. 120 at 12.]

3

argued that Plaintiffs provided no explanation for why they have no records or sales data and made no showing regarding why this information could not be obtained. [Filing No. 77 at 13-14.]

Judge Dinsmore granted Amazon's motion as to this issue, concluding that Plaintiffs failed to properly raise and support in their briefing objections based on proportionality and relevance. [Filing No. 97 at 6.] In addition, Judge Dinsmore rejected Plaintiffs' argument that they do not have and cannot obtain information regarding their sales, noting that Plaintiffs have alleged lost sales in this case, so they must have a factual basis for that allegation. [Filing No. 97 at 6.] Judge Dinsmore concluded that "[t]here is no way for Plaintiffs to demonstrate that they have lost sales for their products if they do not know what their sales of the products at issue actually were," and "Amazon is entitled to the information that Plaintiffs have regarding those sales." [Filing No. 97 at 6.] Judge Dinsmore therefore ordered Plaintiffs to "provide a complete and unequivocal response to Interrogatory No. 6." [Filing No. 97 at 6.]

Plaintiffs filed an Objection to Judge Dinsmore's rulings, arguing that: (1) Plaintiffs' motion to compel Amazon to produce the names and email addresses of customers who ordered accused products should have been granted; (2) Amazon's motion to compel Plaintiffs to produce their quarterly revenues by product should have been denied; and (3) Amazon should not be able to seek attorney's fees in connection with its motion to compel if Plaintiffs' objections are sustained. [Filing No. 108.] The Objection is now ripe for the Court's review.

## III.
### DISCUSSION

#### A. Customer Names and Email Addresses

Plaintiffs assert that Judge Dinsmore committed a clear error of law in concluding that evidence of actual confusion is relevant to this case, but that the names and email addresses of customers are not relevant. [Filing No. 108 at 3.] Plaintiffs argue that testimony from customers

4

would be probative of actual confusion, but they cannot determine if customers were confused without having the information necessary to contact those customers. [Filing No. 108 at 3.] They assert that Judge Dinsmore improperly focused on the potential admissibility of evidence, even though evidence is discoverable if it is likely to lead to admissible evidence. [Filing No. 108 at 3.] Plaintiffs explain that, if provided with the information they seek, they would contact the customers by email, phone, letter, or even a subpoena to give deposition testimony and any of these methods are likely to lead to the discovery of admissible evidence regarding whether the customers were confused by the infringing products. [Filing No. 108 at 3-4.] Plaintiffs believe that "any number of methods could be used to proffer that evidence," such as direct testimony, deposition testimony, or an expert opinion considering survey data obtained from the customers. [Filing No. 108 at 4.] Plaintiffs assert that Judge Dinsmore's conclusion that any information obtained from customers would be subject to challenges based on unreliability is "pure speculation" and not a proper reason for denying access to customers' contact information, because disputes about the weight or veracity of witness testimony are commonplace and should be reserved for the trier of fact. [Filing No. 108 at 4.] If Amazon wishes to prove that Plaintiffs "planted" the idea of confusion in the customers' minds, Plaintiffs assert, Amazon can do so by conducting its own discovery, interviewing the customers, and tendering evidence to the trier of fact. [Filing No. 108 at 4-5.]

In response, Amazon argues that Judge Dinsmore did not err in denying Plaintiffs' motion to compel, and properly noted that Plaintiffs cited no legal authority requiring Amazon to provide the names and email addresses of its customers to allow Plaintiffs to explore the issue of actual confusion. [Filing No. 120 at 8.] Amazon argues that the failure to cite legal authority persists in Plaintiffs' objection, and although Plaintiffs assert that Judge Dinsmore committed an error of law,

5

they do not cite a case, statute, rule, or legal treatise in support of their position. [Filing No. 120 at 8-9.] On the other hand, Amazon argues, Amazon cited caselaw directly addressing the issue and demonstrating that "evidence of actual confusion typically comes unsought to plaintiffs in trademark infringement cases in the form of their own customers reaching out with questions or mistaken attempts to return infringing goods." [Filing No. 120 at 9.] Amazon contends that, because Plaintiffs allege that 180,000 infringing products have been sold but have not identified even one instance of actual confusion, Plaintiffs' attempt to contact Amazon customers "represents nothing more than an extremely intrusive fishing expedition" that would be prejudicial to Amazon, harm its business, and invade the customers' privacy. [Filing No. 120 at 9-10.] Amazon also argues that it cited authority for the proposition that the type of evidence Plaintiffs hoped to obtain by contacting customers is not reasonably calculated to lead to admissible evidence. [Filing No. 120 at 10 (citing *Foxworthy v. Sun Art Designs, Inc.*, 1997 WL 196624 (S.D. Fla. Mar. 4, 1997); *Glen Raven Mills, Inc. v. Ramada Int'l Inc.*, 852 F. Supp. 1544 (M.D. Fla. 1994)).] Because Plaintiffs did not attempt to address or distinguish this authority, Amazon argues, Judge Dinsmore did not clearly err in following it. [Filing No. 120 at 10-11.] In addition, Amazon asserts that Plaintiffs' argument that Judge Dinsmore's conclusion that information obtained from customers would be subject to a challenge based on reliability is not speculation, but is based on cited legal authority, and, in any event, the argument was not raised in Plaintiffs' reply brief in support of the motion to compel but was instead impermissibly raised for the first time in their brief in support of their objection. [Filing No. 120 at 11-12.] Accordingly, Amazon asserts, that argument should be deemed waived. [Filing No. 120 at 11-12.]

Plaintiffs did not file a reply.

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial in order to be discoverable; it is sufficient that the request for information "appears reasonably calculated to lead to the discovery of admissible evidence." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002).

Judge Dinsmore's decision followed the cases upon which Amazon relied in its briefing: *Foxworthy* and *Glen Raven Mills*. In *Glen Raven Mills*, the court, in considering a motion for preliminary injunction, excluded letters written by the plaintiff's customers stating that the customers were confused by the defendant's use of the mark in question because the letters were inadmissible hearsay and it was "not clear whether the letters drafted at the request of Plaintiff reflect the initial concerns expressed by these consumers or a modification of those concerns after discussion with Plaintiff's employees." 852 F. Supp. at 1552-53. Several years later, the *Foxworthy* court relied in part on *Glen Raven Mills* when it denied the plaintiff's motion to compel the defendant to produce its customer list to allow plaintiff to explore the issue of actual confusion. *Foxworthy*, 1997 WL 196624, at *2. Specifically, the court concluded that "the type of evidence that Plaintiff hopes to gather is not reasonably calculated to lead to admissible evidence." *Id.*

Plaintiffs have not attempted, in their reply brief in support of their motion to compel, [Filing No. 85], or in their brief in support of their objections to Judge Dinsmore's rulings, [Filing No. 108], to distinguish these cases or argue that they are not instructive in this case. Plaintiffs similarly have not identified any legal authority supporting their position. Accordingly, any argument that these cases are distinguishable or not persuasive is waived, *see United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) ("[T]here are good reasons for the rule that district

7

courts should not consider arguments not raised initially before the magistrate judge . . . ."), and Plaintiffs have not shown that Judge Dinsmore's decision is contrary to law.

Plaintiffs have also not demonstrated that Judge Dinsmore's decision is clearly erroneous. Contrary to Plaintiffs' argument, it was not contradictory for Judge Dinsmore to acknowledge that evidence of actual confusion would be relevant in this case, but customer names and email addresses are not relevant to the extent that they are not likely to lead to admissible evidence of actual confusion. As discussed above, courts have recognized the potential admissibility problems regarding evidence of actual confusion solicited from actual customers. Thus, Plaintiffs' objection is **OVERRULED** as to this issue.

### B. Product Revenues

Plaintiffs argue that they should not be ordered to complete the "impossible task" of providing their quarterly revenues by product, because they do not track their revenues by product. [Filing No. 108 at 5-6.] Plaintiffs assert that, although Amazon's request for quarterly revenues of each product sold using the RISE N SHINE mark is "perfectly legitimate," they cannot provide the requested information because they do not track and cannot calculate the quarterly revenues for the products sold with that mark. [Filing No. 108 at 6.] In addition, Plaintiffs argue, there is no contradiction between their allegation of lost sales and their inability to determine the revenue generated from the sale of the products at issue because each infringing sale by Amazon represents a "lost sale" independent of Plaintiffs' own sales. [Filing No. 108 at 7.] In sum, Plaintiffs argue that "[i]t would be an abuse of discretion for Plaintiffs to be ordered to do the impossible." [Filing No. 108 at 7.]

In response, Amazon asserts that "Plaintiffs are not forthcoming regarding this objection and their argument fails." [Filing No. 120 at 13.] Specifically, Amazon argues that Plaintiffs have

not submitted evidence or a declaration explaining why the requested revenue figures cannot be provided and have not explained why they have no records or sales data that they can produce or use to calculate the requested figures. [Filing No. 120 at 13-14.] Amazon notes that Plaintiffs have produced itemized invoices showing the sale of products using the mark at issue but provide no information regarding why these invoices cannot be used to calculate the total quarterly revenue by product. [Filing No. 120 at 14-15.] Amazon also points out that Plaintiffs argued in their opposition to the motion to compel that Amazon would be able to obtain the requested information through depositions but offered no explanation as to why the information could not be provided in response to an interrogatory. [Filing No. 120 at 15-16.] Amazon argues that Plaintiffs attempt to ignore this prior representation and raise a new argument that each sale of an allegedly infringing product by Amazon constitutes a lost sale for plaintiffs. [Filing No. 120 at 17.] Amazon argues that, aside from being new, this position in inconsistent with Plaintiffs' allegations in their complaint that they have sustained damage to their own sales. [Filing No. 120 at 17 (citing Filing No. 12 at 15).] Finally, Amazon asserts that Plaintiffs "neither cited a case for their proposition that they need not provide product-by-product sales for their disgorgement of profits attributable to the infringement case, nor distinguished or even addressed those cited by Amazon in its motion to compel," and Judge Dinsmore did not clearly err in ordering Plaintiffs to provide the requested information. [Filing No. 120 at 18.]

As an initial matter, Plaintiffs have not maintained objections based on proportionality, relevance, or undue burden, and instead acknowledge that Amazon is entitled to the information sought. Plaintiffs only object to the interrogatory on the basis that they purportedly do not have and cannot calculate quarterly revenue figures by product. Judge Dinsmore rejected this argument as inconsistent with Plaintiffs' position in this lawsuit that Amazon's sale of allegedly infringing

9

products has resulted in lost sales for Plaintiffs. This conclusion is certainly not clearly erroneous. Plaintiffs explicitly allege that, as a result of Amazon's actions, they have "sustained damage to their reputation, goodwill, and *sales*, in an amount to be proven at trial." [Filing No. 12 at 15 (emphasis added).] Although a customer's purchase of a product from Amazon may correspond with the customer's decision not to purchase the same product from Plaintiffs, and therefore amount to a lost sale for Plaintiffs, there is no dispute that both Amazon's potential increase in revenues and Plaintiffs' potential loss of revenues are relevant to determining the extent to which Plaintiffs were damaged by Amazon's alleged infringement. *See, e.g.*, *Coach, Inc. v. Treasure Box, Inc.*, 2014 WL 888902, at *3 (N.D. Ind. Mar. 6, 2014) (stating that factors to be considered in determining the amount of damages awarded include "the profits reaped by the infringer" and "the revenues lost by the plaintiff").

The Court acknowledges that Plaintiffs may not track revenues by product on a quarterly basis in the ordinary course of their record keeping. But Plaintiffs have not demonstrated that they do not possess or maintain any data concerning the sales of their products from which the requested revenues can be calculated. Indeed, Plaintiffs represented in their response in opposition to Amazon's motion to compel that "Amazon can obtain information regarding [Plaintiffs'] sales through deposition testimony." [Filing No. 79 at 4.] The only logical inference that can be drawn from this statement is that the relevant sales data exists, because if it did not exist Amazon could not obtain it through deposition testimony. Apart from this statement, any argument that a business does not maintain records concerning how many of its products are sold, at what prices, and when is entirely implausible on its face. Plaintiffs therefore must respond to the interrogatory, and Judge Dinsmore's ruling to that effect is not clearly erroneous or contrary to law. *See, e.g.*, *Gingerich v. City of Elkhart Prob. Dep't*, 273 F.R.D. 532, 542 (N.D. Ind. 2011) (rejecting responding party's

argument that where "information is within its control, . . . it does not believe it has the burden to piece it together to form a response to [the propounding party's] interrogatory"); *Bell v. Woodward Governor Co.*, 2005 WL 289963, at *2 (N.D. Ill. Feb. 7, 2005) (acknowledging that "interrogatories must be answered fully and include all information within the party's control or known by the party's agents.").[2]  Plaintiffs' objection as to this issue is **OVERRULED**.

### C. Attorney's Fees

At the end of the Order granting Amazon's motion to compel, Judge Dinsmore gave Amazon a deadline by which to file a motion for related attorney's fees. [Filing No. 97 at 13.] Amazon filed such a motion. [Filing No. 110.] However, because Plaintiffs filed objections to the order granting the motion to compel, Judge Dinsmore denied the fee motion as premature, giving Amazon fourteen days after the Court's ruling on Plaintiffs' objections to file a renewed motion for attorney's fees and providing that Plaintiffs, if successful in their objections, could file their own motion for attorney's fees, [Filing No. 129 at 3].

Plaintiffs raise the fee issue in their objections, stating that "the leave to Amazon to file a petition for attorney's fees should be vacated." [Filing No. 108 at 7-8.]  Given that Judge Dinsmore's Order denying Amazon's fee motion as premature was issued after Plaintiffs filed this objection, the Court concludes that Judge Dinsmore's Order rendered this objection moot. Accordingly, Plaintiffs' objection related to attorney's fees is **OVERRULED as moot**.  Because Plaintiffs' other objections are overruled for the reasons set forth above, Amazon may now proceed with filing any motion for attorney's fees—and Plaintiffs may respond to any such motion—as

---

[2] Notably, Federal Rule of Civil Procedure 33(d) provides a mechanism by which parties, in certain circumstances, can respond to interrogatories by providing business records from which an answer can be ascertained, rather than providing an answer itself.  *See* Fed. R. Civ. P. 33(d); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 366 (N.D. Ill. 2005).  However, Plaintiffs have not attempted to invoke that provision or make the necessary showing under that Rule.

contemplated in Judge Dinsmore's previous Order, [Filing No. 129].  Amazon **shall file any fee motion within 14 days**, further briefing shall be conducted in accordance with Local Rule 7-1.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiffs' Objection, [108], and **AFFIRMS** Magistrate Judge Dinsmore's rulings on the parties' motions to compel.

Date: 11/12/2020

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**