IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANNIE OAKLEY ENTERPRISES, INC. and RENEE GABET, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| -vs.- | ) ) | No. 1:19-cv-01732-JMS-MJD |
| AMAZON.COM, INC., | ) ) ) | |
| Defendant. | ) ) | |

**BRIEF IN SUPPORT OF MOTION FOR**
**<u>ATTORNEYS' FEES OF AMAZON.COM, INC.</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION ------------------------------------------------------------------------- 1

II.     STATEMENT OF FACTS ----------------------------------------------------------------- 2

        A.      Amazon's Motion to Compel------------------------------------------------------ 2

        B.      Amazon's Response in Opposition to
                Plaintiffs' Motion to Compel --------------------------------------------------- 3

        C.      Amazon's Response to Plaintiffs' Objection to
                Magistrate Judge's Rulings on Motions to Compel ------------------------------ 5

        D.      Amazon's Response to Plaintiffs' Motion to Permit
                Discovery on Amazon's Attorneys' Fees Motion;
                Stay Deadline to Respond to Amazon's Motion for
                Attorney's Fees, and for Expedited Ruling ------------------------------------- 6

        E.      Amazon's Fee Motions----------------------------------------------------------- 6

III.    LEGAL STANDARD -------------------------------------------------------------------- 7

IV.     ARGUMENT--------------------------------------------------------------------------- 9

        A.      Amazon is Entitled to Reasonable
                Expenses Incurred Related to its Successful
                Motion to Compel, Including Attorneys' Fees. ---------------------------------- 9

        B.      Amazon is Entitled to Reasonable Expenses Incurred
                Related to its Complete Success in Opposing Plaintiffs'
                Motion to Compel, Including Attorneys' Fees ------------------------------------ 11

        C.      Amazon is Entitled to Reasonable Expenses Incurred
                Related to its Success in Opposing Plaintiffs' Objection
                to the Magistrate's Order, Including Attorneys' Fees ---------------------------- 14

        D.      Amazon is Entitled to Reasonable Expenses, Including
                Attorneys' Fees, Incurred Related to its Successful
                Opposition to Plaintiffs' Motion for Discovery on
                Amazon's Attorneys' Fees-------------------------------------------------------- 15

        E.      Amazon is Entitled to Fees Incurred in Preparing
                and Filing its Motions for Attorneys' Fees ------------------------------------- 15

        F.      Amazon's Request for Attorneys' Fees is Reasonable --------------------------- 16

        G.      The Lodestar Calculation for Robert Cruzen's Fees ---------------------------- 19

H.      The Lodestar Calculation for Amy Dachtler's Fees ------------------------------ 23

V.      CONCLUSION -------------------------------------------------------------------------- 26

# TABLE OF AUTHORITIES

*Cases:*                                                                 *Page(s):*

*Adidas Am., Inc. v. Calmese*,
    No. 08-CV-91-BR, 2011 WL 1832948 (D. Or.  May 13, 2011),
    aff'd, 489 F. App'x 177 (9th Cir. 2012)----------------------------------------------------------20

*Denius v. Dunlap*,
    330 F.3d 919 (7th Cir. 2003) ------------------------------------------------------------------ 9

*Eli Lilly & Co. v. Arch Ins. Co*.,
    No. 1:13-cv-01770-LJM-TAB, 2017 WL 3535135 (S.D. Ind. Aug. 17, 2017) --------------8, 20

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) --------------------------------------------------------------------------- 6

*Johnson v. GDF, Inc.*,
    668 F.3d 927 (7th Cir. 2012) ------------------------------------------------------------------ 8, 9

*Knauf Insulation, LLC v. Johns Manville Corp.*,
    No. 1:15-cv-00111-WTL-MJD (S.D. Ind. Feb. 27, 2019)------------------------------8, 10, 19, 20

*Malibu Media LLC v. Harrison*,
    No. 1:12-cv-01117-WTL-MJD, 2014 WL 5392097 (S.D. Ind. Oct. 23, 2014) ------------ 10, 12

*Mathur v. Bd. of Tr. of S. Illinois Univ.*,
    317 F.3d 738 (7th Cir. 2003) ------------------------------------------------------------------20

*People Who Care v. Rockford Bd. of Educ. Sch. Dist. No. 205*,
    90 F.3d 1307 (7th Cir. 1996) ------------------------------------------------------------------20

*Pickett v. Sheridan Health Care Ctr.*,
    664 F.3d 632 (7th Cir. 2011) ------------------------------------------------------------------ 8, 9

*Rackemann v. LISNR, Inc.*,
    No. 1:17-cv-00624-MJD-TWP, 2018 WL 3328140 (S.D. Ind. July 6, 2018)-------------------- 9

*Robbins v. Med-1 Sols., LLC*,
    No. 1:14-CV-01703-TAB-SEB, 2020 WL 434565 (S.D. Ind. Jan. 28, 2020) ------------------- 8

*Sandoval v. Little Concessions, LLC*,
    No. 10 C 3895, 2011 WL 780874 (N.D. Ill. Feb. 28, 2011)----------------------------------- 8

*Scott v. Fed. Bond and Collection Serv., Inc.*,
    No. 10-CV-02825-LHK, 2011 WL 176846 (N.D. Cal. Jan. 19, 2011) ---------------------------- 9

*Senior Lifestyle Corp. v. Key Benefit Adm'rs, Inc.*,
   No. 1:17-cv-02457-JMS-MJD, 2020 WL 3642511 (S.D. Ind. July 6, 2020) -----------------9, 12

*Spegon v. Catholic Bishop of Chi.*,
   175 F.3d 544 (7th Cir. 1999) -------------------------------------------------------------------------- 9

*Stinnett v. EOS CCA*,
   No. 1:15-CV-00691-RLY-MPB, 2017 WL 1365374 (S.D. Ind. Apr. 14, 2017) ----------------- 8

*Triune Star v. The Walt Disney Co.*,
   No. 07-1256, 2009 WL 1098762 (C.D. Ill. Apr. 23, 2009)----------------------------------------23

*Rules:*

   Fed. R. Civ. P. 37 -------------------------------------------------------------------------------- *passim*

## I.       INTRODUCTION

In accordance with Judge Magnus-Stinson's Order (ECF No. 138) and Magistrate Judge Dinsmore's Order (ECF No. 129), Defendant Amazon.com, Inc. ("Amazon") respectfully moves under Fed. R. Civ. P. 37(a)(5)(A) for an award of reasonable expenses (attorneys' fees) incurred in pursuing its Motion to Compel Discovery Responsive to Amazon.com, Inc.'s Interrogatories Nos. 3 and 6, and Requests for Production Nos. 3, 5, 6, 8, and 21, and Motion for a Sufficient Answer to Request for Admission No. 4 (ECF No. 76), which was granted in whole by the Court on August 7, 2020.  ECF No. 97.

Amazon also respectfully moves under Fed. R. Civ. P. 37(a)(5)(B) for an award of reasonable expenses incurred in prevailing on all issues in opposing plaintiffs' motion to compel Amazon to: supplement its answer interrogatory no. 4, provide information and documents about Amazon's listings and de-listings of accused products on amazon.com, produce documents where plaintiffs challenged Amazon's assertion of attorney-client privilege, and produce documents withheld on the basis of "common-interest/joint defense" privilege (ECF No. 74).  ECF Nos. 96 & 130.

Finally, Amazon respectfully moves for an award of reasonable expenses incurred on related motion practice:  successfully opposing plaintiffs' objection to the Magistrate Judge's Orders on the foregoing motions to compel (ECF No. 108; Amazon's Response at ECF No. 120), successfully opposing plaintiffs' Motion to Permit Discovery on Amazon's Attorneys' Fees Motion and Stay Deadline to Respond to Amazon's Motion for Attorney's Fees (ECF No. 115; Amazon's Response at ECF No. 125), and in bringing Amazon's Motions for Fees.  Fed. R. Civ. P. 37(a)(5)(A); Fed. R. Civ. P. 37(a)(5)(B).  The amount of reasonable expenses sought in connection with prevailing on these four distinct disputes, and in bringing this motion, is **$92,626**. Grounds for the motion are set forth below.

## II.     STATEMENT OF FACTS

### A.     Amazon's Motion to Compel

Amazon brought its motion to compel against plaintiffs on July 27, 2020.  ECF No. 76.

The motion raised eight different discovery issues regarding deficiencies with plaintiffs' document

production or discovery responses.  *Id*.

Amazon served the discovery sets at issue in its motion on plaintiffs on March 16, 2020.

Declaration of Robert T. Cruzen in Support of Motion to Compel ("MTC Cruzen Decl.") Exs. A-

C, ECF Nos. 77-2 to 77-4.  As detailed in Amazon's motion to compel, after Amazon agreed to an

extension, Amazon received plaintiffs' responses and production on May 7, 2020.  ECF No. 77

at 4.  Robert Cruzen, counsel for Amazon, sent plaintiffs' counsel a letter on June 29, 2020,

detailing deficiencies in plaintiffs' document productions and discovery responses, including each

of the eight issues raised in the motion to compel.  MTC Cruzen Decl. Ex. J, ECF No. 77-11.

Counsel for both parties agreed to meet and confer on these discovery issues on July 2, but on the

meet and confer phone call counsel for plaintiffs announced she was not prepared to discuss the

issues raised in the letter substantively though she would respond substantively to the issues on

July 3.  MTC Cruzen Decl. ¶23.  Yet, plaintiffs' counsel's correspondence on July 3 stated that

she could not provide *any* substantive responses to Mr. Cruzen's June 29 meet and confer letter.

MTC Cruzen Decl. Ex. R, ECF No. 77-19.  On July 8, plaintiffs' counsel finally responded to Mr.

Cruzen's letter with a few updates to plaintiffs' responses, but none addressing the deficiencies

raised in the motion to compel.  MTC Cruzen Decl. Ex. K, ECF No. 77-12.  The parties met and

conferred again on July 10, but plaintiffs declined to provide a date certain at that time for

amending discovery and producing additional documents.  Plaintiffs' counsel did, however,

promise that a would be sent by July 13, to address the discovery issues.  MTC Cruzen Decl. ¶24.

Counsel did not send this letter until July 15, in which plaintiffs committed to amending responses

and producing documents by Friday July 24, two days *after* the Court had set its discovery hearing. MTC Cruzen Decl. Ex. L, ECF No. 77-13.  The parties held a final meet and confer on July 15, which failed to resolve the eight discovery disputes at issue in Amazon's motion to compel.  MTC Cruzen Decl. ¶29.  Mr. Cruzen sent a letter confirming each of these disputes to plaintiffs' counsel on July 17.  MTC Cruzen Decl. Ex. M, ECF No. 77-14.  Plaintiffs' supplemental document production and supplemental response to Amazon's Request for Production No. 6 did not resolve any of the eight disputes brought in Amazon's motion to compel.  MTC Cruzen Decl. Exs. G-I, ECF Nos. 77-8 to 77-10.

As detailed in Amazon's motion to compel, the eight issues raised pertained to discovery aimed at critical facts at issue in this trademark case.  Plaintiffs refused to produce the settlement agreement with the original defendants in this case while producing a different settlement agreement that plaintiffs deem favorable to their damages case; refused to state when they first learned of Amazon's alleged infringement; refused to produce any non-public documents related to the adoption or prosecution of the trademarks at issue; produced scant marketing documents despite contending they have used the asserted trademarks in commerce for twenty years; served evasive responses to a request for admission to avoid admitting that they have no evidence of actual confusion; and produced no sales data regarding their own products whatsoever other than a handful of invoices.  *See, generally,* ECF No. 76.

The Court granted Amazon's motion to compel on all eight issues presented on August 7, 2020.  ECF No. 97.  Therefore, Amazon prevailed entirely on its motion to compel.

### B.   Amazon's Response in Opposition to Plaintiffs' Motion to Compel

Plaintiffs filed their motion to compel against Amazon on July 27, 2020.  ECF No. 74.  The motion sought relief on four discovery issues and requested that the Court order Amazon to:

(1) Provide the names and email addresses for customers who purchased Accused Products (Interrogatory No. 4); (2) Fully answer the "why the Accused Product was made available for purchase" part of Interrogatory No. 7; (3) Produce 14 documents designated on Amazon's privilege log as protected by the attorney-client privilege; and (4) Produce six emails in an email string between Amazon's counsel and the original defendants' counsel, which were withheld pursuant to the "common interest/joint defense" doctrine. *See* ECF No. 74 at 7. The parties had conferred extensively on these issues during the same conferences described above in Part II(A).

Amazon fully responded to each issue raised in plaintiffs' motion to compel. ECF No. 80.

The Court denied three of the issues raised, and took under advisement the other issue (described as (3) above), which questioned Amazon's privilege asserted over a set of documents. ECF No. 96.

With regards to the first issue, this Court found plaintiffs did not address how they expect to obtain admissible evidence through Interrogatory No. 4. ECF No. 96 at 3. "[N]or did they cite to any cases in which such discovery was permitted or in which evidence obtained from such customer interviews was admitted on the issue of actual confusion." *Id.* at 4. "It is not this court's responsibility to research and construct the parties' arguments, and the Court declines to do so in this case." *Id.* (internal citation omitted). The Court held that Amazon "demonstrated that the names and email addresses of its customers are not relevant to the issues in this case," and denied plaintiffs' request to compel a further answer to Interrogatory No. 4. *Id.*

Likewise, the Court denied plaintiffs' motion to compel a further response from Amazon regarding its Interrogatory No. 7. *Id.* at 7. The Court found that plaintiffs neither properly conferred in an attempt to resolve this supposed deficiency with Amazon's response to Interrogatory No. 7 (*Id.* at 5), nor raised any actual inadequacy with Amazon's response (*Id.*). The

Court held that the defendants, prior to the dismissal of the Rise N Shine defendants, "shared a common interest in defending against Plaintiffs' claims of trademark infringement, and the emails were confidential communications regarding their common defense strategy." *Id.* at 9. Accordingly, the Court denied plaintiffs' motion to compel on this issue. *Id*.

With regard to the remaining privilege issue raised, the Court gave the parties the chance to meet and confer on the issue, and if the parties were unable to agree, Amazon was to produce the documents remaining in dispute to the Court for an *in camera* review. *Id*. at 8. The parties conferred on the issue, but did not resolve it, and Amazon submitted its documents for *in camera* review as requested by the Court. *See* ECF No. 130 at 1. After its review, this Court confirmed that each of these communications in question was privileged, and denied plaintiffs' motion to compel on this final issue as well. *Id.* at 2-3. Therefore, the Court ruled in Amazon's favor on all four issues raised in plaintiffs' motion to compel.

C.    **Amazon's Response to Plaintiffs' Objection to Magistrate Judge's Rulings on Motions to Compel**

On August 17, 2020, plaintiffs filed an objection to the Magistrate Judge's rulings on the motions to compel on two issues: (1) The Court's denial of plaintiffs' request to order Amazon to provide customer contact information, and (2) the Court's granting of Amazon's request for plaintiffs' sales data of products using the asserted trademarks. ECF No. 108 at 1. Amazon timely responded to plaintiffs' objection on August 31, 2020. ECF No. 120. On November 12, 2020, Judge Magnus-Stinson overruled plaintiffs' objection on both issues and affirmed the Magistrate Judge's rulings on the parties' respective motions to compel. ECF No. 138 at 12. Therefore, Amazon prevailed on all issues raised in plaintiffs' objection.

**D.** **Amazon's Response to Plaintiffs' Motion to Permit Discovery on Amazon's Attorneys' Fees Motion; Stay Deadline to Respond to Amazon's Motion for Attorney's Fees, and for Expedited Ruling**

On August 26, 2020, plaintiffs filed a motion to allow discovery on Amazon's attorneys' fees motion, stay the deadline for its response to Amazon's Motion for Attorneys' Fees, and expedite the ruling. ECF No. 115.  Plaintiffs sought permission to serve discovery on fees issues and requested that the deadline to respond to Amazon's fees motion be stayed until "the deadline for responding to any post-judgment bill of costs in this case," or, alternatively, sixty days after Chief Judge Magnus-Stinson rules on plaintiffs' objection to the Order on the motion to compel. ECF No. 115 at 4.  Amazon responded timely on September 3, 2020.  ECF No. 125.  Before the Court could address the motion, plaintiffs served discovery requests on Amazon seeking information on attorneys' fees, and a facially invalid subpoena on a Klarquist Sparkman LLP partner who is not an attorney in this case.  *See* ECF No. 125 at 11.

The Court denied plaintiffs' motion, noting that "[t]here is no need for Plaintiffs to obtain any evidence through discovery; to permit such discovery would run afoul of the Supreme Court's admonition that '[a] request for attorney's fees should not result in a second major litigation.'" ECF No. 129, quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  In doing so, the Court stated, "Defendant and its counsel need not respond to any discovery request or subpoena that has been served by Plaintiffs related to the fee request."  ECF No. 129 at 2.  The Court further declined to stay resolution of Amazon's fees motion until post-judgment, instead ruling that Amazon should file its renewed motion for fees after Judge Magnus-Stinson's ruling on plaintiffs' objections. ECF No. 129 at 3.

**E.** **Amazon's Fee Motions**

Amazon submitted its initial motion for attorneys' fees, in which it sought fees accrued in

filing its motion to compel and fees associated with bringing its motion for fees, on August 21, 2020.  ECF No. 110.  At that time, Amazon did not seek fees in connection with successfully opposing plaintiffs' motion to compel because one issue remained under advisement, as noted above, and it was therefore unclear whether or not Amazon would prevail on every issue plaintiffs had raised.  Due to plaintiffs' objection to the Magistrate Judge's orders on the motions to compel, Amazon's initial motion for fees was denied as moot, with the instruction that "[i]f Plaintiffs' objection is overruled, Defendant will be entitled to seek additional fees for responding to the objection."  ECF No. 129 at 3.  Since that initial fee motion was filed, Amazon has been successful in opposing other discovery-related motions brought by plaintiffs, and this renewed motion for attorneys' fees seeks expenses related to those motions as well.

### III.   LEGAL STANDARD

Fed. R. Civ. P. 37(a)(5)(A) includes the payment of expenses connected to a granted motion to compel, and provides:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B) includes the payment of expenses connected to a party opposing a denied motion to compel, and provides:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

This Court has used the lodestar method previously to determine reasonable attorneys' fees, including multiplying a reasonable rate by the number of hours reasonably expended on the motion.  Order on Motion for Attorneys' Fees, *Knauf Insulation, LLC v. Johns Manville Corp.*, No. 1:15-cv-00111-WTL-MJD (S.D. Ind. Feb. 27, 2019), ECF No. 369. (citation omitted); *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012); *see also Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).  "As 'the "centerpiece" of attorney's fees determinations,' the lodestar calculation is applied to contingency fees and fixed fee arrangements." *Eli Lilly & Co. v. Arch Ins. Co.*, No. 1:13-cv-01770-LJM-TAB, 2017 WL 3535135, at *2 (S.D. Ind. Aug. 17, 2017) (citing *Pickett*, 664 F.3d at 639 (citation omitted)).  "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett,* 664 F.3d at 639.

In addition to fees incurred in litigating a motion to compel, fees incurred in preparing a motion for costs or attorneys' fees are also recoverable.  *See Stinnett v. EOS CCA*, No. 1:15-CV-00691-RLY-MPB, 2017 WL 1365374, at *2 (S.D. Ind. Apr. 14, 2017) (awarding party "attorneys' fees incurred litigating this [attorneys' fees] motion."); *Sandoval v. Little Concessions, LLC*, No. 10 C 3895, 2011 WL 780874, at *1 (N.D. Ill. Feb. 28, 2011) ("Plaintiff can also recover the expenses and attorney fees incurred as a result of litigating this motion to recover those costs."); *see also Robbins v. Med-1 Sols., LLC*, No. 1:14-CV-01703-TAB-SEB, 2020 WL 434565, at *3 (S.D. Ind. Jan. 28, 2020) (observing in the context of contractual fee provisions that "[s]uch 'fees on fees' are justified because it would be inconsistent to dilute a fees award by refusing to

compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." (quoting *Scott v. Fed. Bond and Collection Serv., Inc.*, No. 10-CV-02825-LHK, 2011 WL 176846, at *3 (N.D. Cal. Jan. 19, 2011))).

Likewise, "there are circumstances in which time spent prior to the filing of a discovery motion are properly included in a fee award under Rule 37." *Senior Lifestyle Corp. v. Key Benefit Adm'rs, Inc.*, No. 1:17-cv-02457-JMS-MJD, 2020 WL 3642511, at *6 (S.D. Ind. July 6, 2020); *see also Rackemann v. LISNR, Inc.*, No. 1:17-cv-00624-MJD-TWP, 2018 WL 3328140, at *6 (S.D. Ind. July 6, 2018) ("Defendants' time meeting and conferring with Plaintiff's counsel regarding this discovery dispute is properly included in the fee request.").

"When calculating attorneys' fees, the reasonable hourly rate is to be derived from the market rate for the services rendered." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003). "The best evidence of an attorney's market rate is his or her actual billing rate for similar work." *Johnson,* 668 F.3d at 933. Where it is difficult to determine the hourly rate of an attorney who uses an alternative fee arrangement, such as a flat fee, the Seventh Circuit has advised the "next best evidence" of an attorney's market rate is "evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." *Pickett*, 664 F.3d at 640 (*quoting Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 555 (7th Cir. 1999)). The fee applicant bears the burden of producing satisfactory evidence that the rates requested are in line with a representation of those in the community. *Id*.

## IV.    ARGUMENT

### A.    Amazon is Entitled to Reasonable Expenses Incurred Related to its Successful Motion to Compel, Including Attorneys' Fees.

This Court granted Amazon's motion to compel on all eight discovery issues on August 7,

2020.  ECF No. 97.  Although plaintiffs objected to the Magistrate Judge's order, Judge Magnus-Stinson upheld the ruling and overruled plaintiffs' objection.  ECF No. 138.  Under such circumstances, Fed. R. Civ. P. 37(a)(5)(A) requires that "the party [] whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  There are three exceptions to this Rule, which states that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  *Id.*  The "burden of persuasion is on the losing party to avoid assessment of fees, rather than on the winning party to obtain such an award."  Order on Motion for Attorneys' Fees, *Knauf Insulation*, 1:15-cv-0011-WTL-MJD, ECF No. 369 at 3 (*quoting Malibu Media LLC v. Harrison*, No. 1:12-cv-01117-WTL-MJD, 2014 WL 5392097, at *1 (S.D. Ind. Oct. 23, 2014)).

    None of the exceptions applies here.  Amazon's discovery was aimed at core issues in this trademark case.  Yet plaintiffs refused to produce the settlement agreement with the Rise 'N Shine defendants while producing a different settlement agreement that plaintiffs deem favorable to their damages case.  They refused to state when they first learned of Amazon's alleged infringement or other factual bases for disputing Amazon's laches defense.  They refused to produce any non-public documents related to the adoption or prosecution of the very trademarks at issue in this case.  Plaintiffs produced scant marketing documents despite contending they have used the asserted trademarks in commerce for twenty years.  They served evasive responses to request for admission number 4 in order to avoid admitting that they have no evidence of actual confusion, yet they provided no documents or other evidence of any actual confusion.  And plaintiffs produced no

sales data regarding their own products whatsoever other than a handful of invoices (which serve to demonstrate that they could have produced the broader sales data requested because those invoices show sales on a product by product basis).  Thus, no justification for plaintiffs' failure to respond exists.[1]

Counsel for Amazon, Mr. Cruzen, met and conferred multiple times with plaintiffs' counsel on each of the eight disputes raised in Amazon's motion to compel, through both written communications and conference phone calls.  MTC Cruzen Decl. Exs. J, M, O, P, Q, S; ¶¶23-24, 29, ECF No. 77-1.  None of plaintiffs' nondisclosures, deficient responses, or objections was justified.  In fact, this Court recognized in its order granting Amazon's motion to compel, that some of plaintiffs' arguments in its opposition to the motion were "baseless," and for some of the disputes, plaintiffs never objected to the discovery requests in the first place.  They simply refused to comply with the request.  *See* ECF No. 97, pp. 4, 7, and 11.  Amazon is not aware of any circumstances that make an award of expenses unjust here.

Therefore, as a successful movant on a motion to compel, and in the absence of any of the three allowed exceptions, Amazon is entitled to reasonable expenses incurred in bringing its motion to compel.

      **B.**    **Amazon is Entitled to Reasonable Expenses Incurred Related to its Complete Success in Opposing Plaintiffs' Motion to Compel, Including Attorneys' Fees.**

Amazon prevailed on all four issues raised in plaintiffs' motion to compel.  This Court denied three issues in its order issued on August 7, 2020, and took one privilege issue under advisement.  ECF No. 96.  After reviewing Amazon's documents *in camera*, this Court determined

---

[1] In fact, plaintiffs still have not adequately responded to the interrogatory with any sales revenue for any product, notwithstanding the Court's order.

the documents were privileged and denied plaintiffs' final issue remaining from its motion to compel.  ECF No. 130.

Under Rule 37, "the court 'must … require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorneys' fees,' unless the motion was 'substantially justified or other circumstances make an award of expenses unjust.'"  *Malibu Media, LLC*, 2015 WL 540410, at *1 (S.D. Ind. Feb. 10, 2015); Fed. R. Civ. P. 37(a)(5)(B).

Neither of the exceptions apply here.  "A motion to compel was 'substantially justified,' such that an award of fees is not appropriate, when the positions taken by the movant were such that reasonable people could disagree about the proper outcome of the motion."  *Senior Lifestyle Corp.*, 2020 WL 3642511, at *2.  Plaintiffs' first issue was Amazon's refusal to provide the name and email address of each customer who placed an order for an accused product in response to Interrogatory No. 4.  ECF No. 96 at 2.  In denying plaintiffs' request on this issue, this Court noted that "Plaintiffs have given the Court no information about how they expect to obtain admissible evidence regarding actual confusion by contacting Amazon's customers who ordered the accused products."  *Id*. at 3.  This Court further noted Amazon's argument that "information obtained from the customers as a result of being contacted by Plaintiffs' counsel would be subject to the very legitimate argument that it was unreliable, given the ease with which the concept of product confusion could be planted in the minds of customers simply by asking questions about confusion."  *Id*.  Plaintiffs did not address this argument on reply, nor did they cite any case in which the discovery they sought was permitted.  *Id*. at 4.

Plaintiffs filed an objection to the Magistrate Judge's ruling on this issue.  ECF No. 108.  Judge Magnus-Stinson overruled plaintiffs' objection on this issue noting that plaintiffs have not

attempted to distinguish the cases cited by Amazon or the Magistrate Judge supporting the proposition that the customer information sought by plaintiffs in their Interrogatory No. 4 was not reasonably calculated to lead to admissible evidence, nor did they identify any legal authority supporting their position.  ECF No. 138 at 7.  Plaintiffs were not substantially justified in moving on this issue.

Plaintiffs' second issue involved its Interrogatory No. 7 and claimed Amazon's answers were incomplete with regard to a specific issue, which Amazon noted was not raised during the meet and confer process and plaintiffs did not directly dispute.  ECF No. 96 at 5.  This Court stated that a "party may not file a motion to compel raising an issue that has not been the subject of 'a good faith attempt to resolve the dispute.'"  ECF No. 96 at 5; Local Rule 37-1(a).  In addition, this Court "agree[d] with Amazon that it has adequately responded to Interrogatory No. 7."  ECF No. at 7.  Plaintiffs were not substantially justified in moving on this issue.

Plaintiffs' final two issues involved Amazon's assertions of privilege over select documents.  ECF No. 74.  One privilege issue was taken under advisement, but then after *in camera* review the documents were confirmed to be privileged and that issue raised in plaintiffs' motion to compel was denied.  ECF No. 130 at 2-3.  The other privilege issue involved Amazon's assertion of common interest attorney-client privilege over documents exchanged between counsel for Amazon and counsel for the Rise 'N Shine defendants (prior to their dismissal from the case).  *See* ECF No. 96 at 8.  This Court found that it was "enough that Amazon demonstrate[d] that the emails in question were exchanged in order to further a common legal interest between them and that fact was recognized by those privy to the communications." ECF No. 96 at 8-9.  "[I]ndeed, the emails themselves contain the legend 'Common Interest Privileged/Confidential Joint Defense

Communication.'"  *Id*. at 9.  Plaintiffs were not substantially justified in moving on these privilege issues.

Therefore, as Amazon's success in opposing plaintiffs' motion to compel was complete, Amazon is entitled to reasonable expenses incurred in responding to plaintiffs' motion.

### C.   Amazon is Entitled to Reasonable Expenses Incurred Related to its Success in Opposing Plaintiffs' Objection to the Magistrate's Order, Including Attorneys' Fees.

Plaintiffs' Objection to the Magistrate Judge's rulings on two issues raised in the respective motions to compel (ECF No. 108) was overruled and those rulings were affirmed by Judge Magnus-Stinson on November 12, 2020.  ECF No. 138.  This Court noted in its Order on plaintiffs' motion seeking discovery on Amazon's fees motion (which also addressed the timing of Amazon's fees motion briefing), that if "Plaintiffs' objection is overruled, Defendant will be entitled to seek additional fees for responding to the objection."  ECF No. 129 at 3.  Amazon was successful in responding to the objection on both issues raised by plaintiffs, one of which was a discovery issue raised in Amazon's motion to compel (which had been granted by the Magistrate Judge) and one of which was a discovery issue raised in Plaintiffs' motion to compel (which had been denied by the Magistrate Judge).  ECF No. 138.  Therefore, Amazon seeks fees related to its responding to the objection, in accordance with the Magistrate Judge's Order (ECF No. 129) and Fed. R. Civ. P. 37(a)(5)(A) & (B).

None of the exceptions to either Rule 37(a)(5)(A) or (B) applies here.  Plaintiffs' decision to double down on these two issues raised in their objection to the Magistrate Judge's ruling was a risk they chose to take understanding that it would potentially increase exposure to additional attorneys' fees.  Plaintiffs even raised an issue in their objection that they did not address in their reply briefing in their motion to compel or in their brief in support of their objection.  *See* ECF No.

138 at 7.  Plaintiffs were not substantially justified in filing their objections to the Magistrate Judge's orders.

Amazon was successful in opposing plaintiffs' objections to the Magistrate Judge's Orders, and it is entitled to reasonable expenses incurred in responding to those objections.

> **D.**   **Amazon is Entitled to Reasonable Expenses, Including Attorneys' Fees, Incurred Related to its Successful Opposition to Plaintiffs' Motion for Discovery on Amazon's Attorneys' Fees.**

Plaintiffs filed a Motion to Permit Discovery on Amazon's Attorneys' Fees Motion and Stay Deadline to Respond to Amazon's Motion for Attorneys' Fees.  ECF No. 115.  Plaintiffs' motion for discovery was denied in its entirety.  ECF No. 129.  As such, Amazon seeks fees incurred that were related to its opposition to this discovery motion.  Fed. R. Civ. P. 37(a)(5)(B).

No exception to the application of a Rule 37 award applies here.  This Court stated that "Plaintiffs should raise any issues they have with the fee motion in their response to the fee motion."  ECF No. 129 at 2.  This Court further noted "[t]here is no need for Plaintiffs to obtain any evidence through discovery."  *Id*.  The Court also denied the request to stay.  *Id*. at 3.  Plaintiffs were not substantially justified in filing their Motion to Permit Discovery on Amazon's Attorneys' Fees Motion and Stay Deadline to Respond to Amazon's Motion for Attorneys' Fees.

Amazon was successful in responding to plaintiffs' motion for discovery on Amazon's attorneys' fees and is entitled to reasonable expenses incurred in responding to plaintiffs' motion.

> **E.**   **Amazon is Entitled to Fees Incurred in Preparing and Filing its Motions for Attorneys' Fees.**

Amazon timely filed its initial motion for attorneys' fees on August 21, 2020, after its motion to compel was granted in its entirety.  ECF No. 110.  That motion was denied as premature when plaintiffs filed their objections to the Magistrate Judge's order.  ECF No. 129 at 3.  The objections were overruled and Amazon was directed to file a renewed motion for attorneys' fees.

ECF No. 138. Amazon used the information and arguments compiled in its initial motion for attorneys' fees in this current renewed motion for attorneys' fees. This renewed motion addresses the issues on which Amazon has prevailed in the time since the original fees motion was filed. Therefore, Amazon seeks fees for the preparation of both motions for attorneys' fees, as they are not duplicative and Amazon was forced to bring two motions due to plaintiffs' prolific and unsuccessful motion practice.

### F. Amazon's Request for Attorneys' Fees is Reasonable.

Amazon seeks in this fee request the reasonable attorneys' fees incurred by the two outside counsel who worked on the motion to compel, the opposition to plaintiffs' motion to compel, the opposition to plaintiffs' objection to the Magistrate Judge's Orders ruling in Amazon's favor, the opposition to plaintiffs' motion for discovery on Amazon's attorneys' fees, and the fee motions: Robert Cruzen and Amy Dachtler. Amazon is not seeking expenses or fees for work performed by paralegals, administrative staff, or in-house counsel for the motion to compel, although each category of those individuals dedicated substantial time to Amazon's motions and oppositions.

Amazon is using its billing records specific to this case, including the contemporaneously recorded narrative statement provided for each day specifying the activities performed during that billed time, to create the fee request charts for Mr. Cruzen and Ms. Dachtler. Declaration of Robert T. Cruzen in Support of Motion for Attorneys' Fees ("Cruzen Decl."), Ex. B; ¶11. Outside counsel uses block billing for this case, meaning that the narrative for the hours billed each day may correspond to more than one activity for the case. In a few instances this has resulted in activities that are not connected to the eight disputes in the motion to compel to be billed on the same day as an attorney did work on the motions and briefs that are the subject of this motion for fees. In those circumstances, Amazon has prorated those billing days, so that the hours requested here are at most the actual hours worked on activities related to the motion to compel and this fee

motion.  Cruzen Decl. ¶11.  For example, if Mr. Cruzen billed 8.0 hours on one day, and the narrative shows four activities performed that day, where only one is relevant to the fee motion, Amazon has prorated, and thereby reduced, the hours for that day to 2.0 hours.  Mr. Cruzen has confirmed on each of those occasions that the hours requested for the relevant activities on those pro-rated block billing days represent the actual hours, *or fewer than the actual hours*, spent on the relevant task: that is, where proration produces more time than counsel believes was actually spent on the task described that is relevant to this Motion, the time has been reduced to align with the actual estimated time spent on that task.  Cruzen Decl. ¶11.

Amazon is headquartered in Seattle, Washington.  Klarquist Sparkman, LLP, is located in Portland, Oregon, also in the Pacific Northwest and only a few hours by car from Seattle.  Klarquist Sparkman, LLP, is the largest boutique intellectual property law firm in the Pacific Northwest.  Cruzen Decl. ¶4.  Various attorneys at Klarquist Sparkman, LLP, work on a variety of cases for Amazon.  Mr. Cruzen has represented Amazon on numerous prior legal matters since 2008.  *Id.*  This pre-existing working relationship lends efficiency to working with outside counsel on litigation matters.  Therefore, it is reasonable that Amazon would choose Mr. Cruzen, and his trademark expertise, rather than search for counsel in the Southern District of Indiana to represent it in this case.  Afterall, Amazon did not choose to be sued in the Southern District of Indiana – that was plaintiffs' choice.

This case is leanly staffed.  Only two attorneys worked on these motions to compel, and the related motions.  The meet and confer calls were attended only by Mr. Cruzen, while plaintiffs were represented by two attorneys on several occasions.  Cruzen Decl. ¶13.

Amazon is seeking fees for time spent in connection with bringing its successful motion to compel, successfully opposing plaintiffs' motion to compel, successfully opposing plaintiffs'

motion for discovery on attorneys' fees issues, opposing plaintiffs' objections to the Magistrate Judge's orders, and Amazon's motions for fees.  These activities have been broken into seven categories as to Mr. Cruzen's fees to allow the Court to better assess their reasonableness.

First, Amazon seeks fees for Mr. Cruzen's meet and confer activities, which included drafting letters and emails to, and telephone conferences with, plaintiffs' counsel outlining the discovery disputes that became the basis for Amazon's motion to compel on eight different disputes, and Amazon's opposition to plaintiffs' motion to compel on four distinct issues.  Mr. Cruzen spent hours on these discovery disputes that he would not have spent if plaintiffs had supplemented or amended their discovery responses in response to the initial meet and confer and Mr. Cruzen's June 29 letter outlining the same (i.e., further meet and confers, drafting correspondence with plaintiffs' counsel and the Court regarding the disputes, and preparing for the discovery conference to discuss the disputes), and if plaintiffs had not raised meritless issues that formed the bases of their own unsuccessful motion to compel.

Second, Amazon seeks fees for Mr. Cruzen's drafting Amazon's motion to compel and the reply brief, including his conducting supporting legal research.

Third, Amazon seeks fees for Mr. Cruzen's drafting Amazon's response in opposition to plaintiffs' motion to compel, including his conducting supporting legal research.

Fourth, Amazon seeks fees for Mr. Cruzen's drafting the initial motion for attorneys' fees.

Fifth, Amazon seeks fees for Mr. Cruzen's drafting Amazon's response to plaintiffs' objection to the Magistrate Judge's orders on the parties' respective motions to compel.

Sixth, Amazon seeks fees for Mr. Cruzen's drafting of Amazon's response in opposition to plaintiffs' motion for discovery on Amazon's attorneys' fees.

Finally, Amazon seeks fees for Mr. Cruzen's support in drafting this renewed motion for

attorneys' fees.  While this motion is based on Amazon's original motion, additional work was required to address the events occurring subsequent to Amazon's original fees motion: that is, Amazon having prevailed (1) on all issues raised in plaintiffs' motion to compel, (2) in opposing plaintiffs' objection, to the Magistrate Judge's Orders, and (3) in opposing plaintiffs' motion for discovery regarding Amazon's fees.

As to Ms. Dachtler, Amazon is seeking fees for activities broken into six categories to permit the Court to better assess their reasonableness.  First, Amazon seeks fees for Ms. Dachtler's participation in drafting the motion to compel and the reply brief, including conducting supporting legal research.  Second, Amazon seeks fees for Ms. Dachtler's assistance in drafting Amazon's response in opposition to plaintiffs' motion to compel.  Third, Amazon seeks fees for Ms. Dachtler's assistance in drafting Amazon's initial motion for attorneys' fees, including her conducting supporting legal research.  Fourth, Amazon seeks fees for Ms. Dachtler's assistance in drafting Amazon's response to plaintiffs' objection to the Magistrate Judge's order, including her conducting supporting legal research.  Fifth, Amazon seeks fees for Ms. Dachtler's assistance in drafting Amazon's response in opposition to plaintiffs' motion for discovery on Amazon's attorneys' fees, including her conducting supporting legal research.  Finally, Amazon seeks fees for Ms. Dachtler's drafting this renewed motion for attorneys' fees.

### G.    The Lodestar Calculation for Robert Cruzen's Fees

Amazon has a flat-fee billing arrangement with Klarquist Sparkman, LLP.  Therefore, there is not a specific hourly rate charged by Mr. Cruzen to Amazon for his work in this case.  Cruzen Decl. ¶7.  Amazon's annual flat-fee payment to Klarquist Sparkman, LLP, exceeds the fees sought in this motion.  *Id*.  However, this Court "utilizes the 'lodestar' method to determine reasonable attorneys' fees by multiplying a reasonable rate by the number of hours reasonably expended on the motion," and not the actual amount billed to Amazon.  *See* Order in *Knauf Insulation*, 1:15-cv-

0011-WTL-MJD, ECF No. 369 at 6; *see also Eli Lilly & Co.*, 2017 WL 3535135, at *2.  Amazon submits that Mr. Cruzen's reasonable rate is $525 per hour.  *See People Who Care v. Rockford Bd. of Educ. Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996) (holding "[t]he attorney's actual billing rate … is presumptively appropriate.")  Mr. Cruzen's standard rate for legal services, as an equity partner at Klarquist Sparkman, LLP, is $525 per hour for 2020.  This is the rate Mr. Cruzen has charged some clients for his legal services in 2020 for other intellectual property matters, including trademark matters.  Cruzen Decl. ¶8.  Mr. Cruzen's clients have paid this rate in the past six months for work on trademark matters.  *Id*.  This rate is in-line with the rates charged by private law firm equity partners with similar years of experience practicing in intellectual property fields, according to the AIPLA 2019 Report of the Economic Survey.  Cruzen Decl. Ex. A, p. 20.  As of two years ago in 2018 (the most recent data available), private law firm equity partners practicing 15-24 years in intellectual property had a mean hourly rate of $505 and the 3rd Quartile averaged $650/hour.  *Id*. Mr. Cruzen's rate is appropriate for Portland's intellectual property legal community as well.  *See, e.g., Adidas Am., Inc. v. Calmese*, No. 08-CV-91-BR, 2011 WL 1832948, at *7, Fn. 2 (D. Or.  May 13, 2011), aff'd, 489 F. App'x 177 (9th Cir. 2012) (Adidas paid its intellectual property counsel in trademark action, which included Portland counsel, $445 to $625 per hour in 2011; the Court noted a $500 per hour estimate for the awarded fee); *see also Mathur v. Bd. of Tr. of S. Illinois Univ.*, 317 F.3d 738, 744 (7th Cir. 2003) (observing that where "an out-of-town attorney has a higher hourly rate than local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the lodestar amount," if the party has a reason for hiring the out-of-town attorney rather than local counsel); Order on Motion for Attorneys' Fees, *Knauf Insulation*, No. 1:15-cv-00111-WTL-MJD, ECF No. 369 at 7 (hourly rates were not disputed in a fee motion for intellectual property counsel from Colorado, where a senior associate

with 10+ years of experience charged $550 per hour for work done in S.D. Ind. in 2018, and rates were allowed by this Court).  Mr. Cruzen has represented Amazon in district courts across the country since 2008.  Cruzen Decl. ¶4.  Mr. Cruzen's Portland office is located in the Pacific Northwest, and he has a pre-existing working relationship with Amazon's in-house counsel overseeing this action on trademark matters.  *Id*.  Mr. Cruzen's 2020 rate of $525 per hour is reasonable.

Mr. Cruzen has billed a reasonable number of hours for his work surrounding the motions to compel, the related discovery motions, and the fee motions.  As noted in Amazon's motion to compel and the fact section above, Mr. Cruzen drafted multiple letters and emails with opposing counsel detailing the deficiencies in plaintiffs' discovery responses that were the basis of Amazon's motion, and in explaining why plaintiffs' objections to Amazon's discovery responses were without merit.  He alone represented Amazon during all meet and confer conferences, and the discovery conference with this Court.  Cruzen Decl. ¶13.  He performed legal research and drafted (with Ms. Dachtler's assistance) the brief in support of Amazon's motion to compel, its reply in support of the motion, Amazon's response in opposition to plaintiffs' motion to compel, Amazon's response in opposition to plaintiffs' motion for discovery on attorneys' fees issues, Amazon's response in opposition to plaintiffs' objections to the Magistrate Judge's orders, and Amazon's motions for fees.  Amazon's motion to compel addressed eight discovery disputes, and the motion was granted in its entirety.  Given the complexity of the motion, due in part to the number of issues that Amazon addressed in it, the number of hours Mr. Cruzen spent on Amazon's motion to compel, and the reply in support of it, are reasonable.  Mr. Cruzen successfully opposed all four issues of plaintiffs' motion to compel.  The number of hours Mr. Cruzen spent opposing plaintiffs' objection and the other related discovery issues detailed above were reasonable given

-21-

the number of topics and persistent nature of plaintiffs' unsuccessful discovery motion practice.

The chart below reflects the hours and fees incurred in various stages of representing Amazon in connection with its motions related to discovery in this case.  *See* Cruzen Decl. ¶¶11-12, Ex. B.

| TASK | HOURS | HOURLY RATE | TOTAL FEES (Rounded To The Nearest Dollar) |
|---|---|---|---|
| Pre-Motion Activities: Meet and Confer Activities including phone calls and letter writing exchanges with opposing counsel; prepare for and attend discovery conference | 9.8 Hours | $525 | $5,145 |
| Draft and file Amazon's Motion to Compel and Reply | 36.4 Hours | $525 | $19,110 |
| Draft and file Amazon's Response in Opposition to Plaintiffs' Motion to Compel | 16.6 Hours | $525 | $8,715 |
| Draft Initial Fee Motion | 11.1 Hours | $525 | $5,828 |
| Draft Response to Plaintiffs' Objection To Magistrate's Orders On The Two Motions to Compel | 17.0 Hours | $525 | $8,925 |
| Draft Response In Opposition to Plaintiffs' Motion for Discovery On Amazon's Initial Fee Motion. | 10.5 Hours | $525 | $5,513 |
| Draft Amazon's Renewed Motion for Attorneys' Fees and Reply | 1.3 Hours as of November 23, 2020. Will supplement with time in reply. | $525 | $683  Will supplement with fee request in reply. |

| TASK | HOURS | HOURLY RATE | TOTAL FEES (Rounded To The Nearest Dollar) |
|---|---|---|---|
| TOTAL HOURS FOR MR. CRUZEN | **102.7 Hours** | TOTAL FEES REQUESTED FOR MR. CRUZEN | **$53,918**[2] |

Accordingly, Amazon requests **$53,918 in fees** as a result of Mr. Cruzen's work on the motion to compel and its reply, the response in opposition to plaintiffs' motion to compel, the response to plaintiffs' objections to the Magistrate Judge's orders on the two motions to compel, the response in opposition to plaintiffs' motion for discovery on attorneys' fees, and the motions for attorneys' fees.

### H.    The Lodestar Calculation for Amy Dachtler's Fees

The flat-fee billing arrangement with Klarquist Sparkman, LLP, also applies to Ms. Dachtler's fees.  Amazon submits that Ms. Dachtler's reasonable rate is $325 per hour.  Ms. Dachtler's normal rate for legal services, as a staff attorney at Klarquist Sparkman, LLP, is $325 per hour for 2020.  Declaration of Amy C. Dachtler in Support of Motion for Attorneys' Fees ("Dachtler Decl.") ¶8.  Ms. Dachtler has charged this rate for another client she represented in a trademark matter in January 2020, and the client paid the bill.  Dachtler Decl. ¶10.  Ms. Dachtler spent nearly 8 years practicing intellectual property litigation for large law firms from 2004-2012.  Dachtler Decl. ¶5.  In 2009, Judge Mihm in the Central District of Illinois granted Rule 11 fees for her work on a patent case as a fourth-year associate at the rate of $445 per hour.  *See Triune Star v. The Walt Disney Co*., No. 07-1256, 2009 WL 1098762, *3 (C.D. Ill. Apr. 23, 2009); Dachtler Decl. Ex. 1, pp.9-10.  After having a daughter in 2013, she returned to litigation on a part-time basis and has been working as a part-time attorney for Klarquist Sparkman, LLP, since 2017.

---

[2] Due to rounding, the addition of the total dollar amounts in this column results in a total fee amount of $53,919, one dollar higher than the product of 102.7 hours times $525.  Amazon therefore requests the lesser amount.

Dachtler Decl. ¶6. Her current rate is consistent with the rate charged by non-partner track attorneys practicing in intellectual property with similar years of experience, according to the AIPLA 2019 Report of the Economic Survey. Cruzen Decl. Ex. A at 24-25. According to the survey, in 2018, private firm non-partner track attorneys practicing 15-24 years in intellectual property had a mean hourly rate of $348 per hour and the 3rd Quartile averaged $444 per hour. Cruzen Decl. Ex. A at 25. Even though Ms. Dachtler has not been working full-time during all of her nearly 16 years as an attorney, the rates for those non-partner track attorneys practicing 10-14 years were actually higher than the 15-24 years cohort. Ms. Dachtler's lodestar rate of $325 per hour is reasonable.

Ms. Dachtler has billed a reasonable number of hours for her contribution to Amazon's motion to compel, Amazon's response in opposition to plaintiffs' motion to compel, Amazon's response to plaintiffs' objection to the Magistrate Judge's order, Amazon's response in opposition to plaintiffs' motion for discovery on Amazon's attorneys' fees, and the fee motions. She has performed legal research for each of the briefs filed for these motions and oppositions. Dachtler Decl. ¶11. She has assisted in drafting all briefs involved as well. *Id.* As noted for Mr. Cruzen's lodestar, the complexity of the motion to compel required legal research and briefing on eight different discovery disputes. She has spent a total of **119.1 hours** on these tasks, and this time was reasonable, especially given the number of issues addressed in each parties' motions to compel. Dachtler Decl. at ¶¶11-12.

The chart below reflects the hours and fees incurred in various stages of representing Amazon in connection with Amazon's motion to compel, Amazon's response in opposition to plaintiffs' motion to compel, Amazon's response to plaintiffs' objection to the Magistrate Judge's order, Amazon's response in opposition to plaintiffs' motion for discovery on Amazon's attorneys'

fees, Amazon's initial motion for fees, and this fee motion.  *See* Dachtler Decl. 12; Cruzen Decl.

Ex. B.

| TASK | HOURS | HOURLY RATE | TOTAL FEES |
|------|-------|-------------|------------|
| Draft and file Amazon's Motion to Compel and Reply | 30.6 Hours | $325 | $9,945 |
| Draft and file Amazon's Response in Opposition to Plaintiffs' Motion to Compel | 11.2 Hours | $325 | $3,640 |
| Draft Initial Fee Motion | 33.2 Hours | $325 | $10,790 |
| Draft Response to Plaintiffs' Objection To Magistrate's Order | 22.5 Hours | $325 | $7,313 |
| Draft Response In Opposition to Plaintiffs' Motion for Discovery On Amazon's Initial Fee Motion. | 7.9 Hours | $325 | $2,568 |
| Draft Amazon's Renewed Motion for Attorneys' Fees and Reply | 13.7 Hours as of November 23, 2020. Updated hours beyond November 23, 2020, to be submitted with reply | $325 | $4,453 Updated hours beyond November 23, 2020, to be submitted with reply |
| TOTAL HOURS FOR MS. DACHTLER | **119.1 Hours** | TOTAL FEES REQUESTED FOR MS. DACHTLER | **$38,708**[3] |

Accordingly, Amazon requests **$38,708 in fees** as a result of Ms. Dachtler's work on the

motion to compel and its reply, the response in opposition to plaintiffs' motion to compel, the

---

[3] Due to rounding, the addition of the total dollar amounts in this column results in a total fee amount of $38,709, one dollar higher than the product of 119.1 hours times $325.  Amazon seeks the lesser amount.

response to plaintiffs' objection to the Magistrate Judge's order, the response in opposition to plaintiffs' motion for discovery on attorneys' fees, and the motions for attorneys' fees.

### V.   CONCLUSION

For the foregoing reasons, Amazon respectfully requests an award of its reasonable expenses in connection with bringing its motion to compel, opposing plaintiffs' motion to compel, opposing plaintiffs' motion for discovery on Amazon's attorneys' fees issues, opposing plaintiffs' objections to the Magistrate Judge's Orders, and bringing Amazon's motions for fees, namely **$92,626** in attorneys' fees incurred as of November 23, 2020, and supported by Amazon's billing records. Amazon further seeks fees incurred in finalizing and filing this motion on November 24 and 25, 2020, and in preparing and filing the reply in support of this motion.

November 25, 2020                    Respectfully submitted,

                                     Robert T. Cruzen
                                     Robert T. Cruzen (*pro hac vice*)
                                     KLARQUIST SPARKMAN, LLP
                                     121 S.W. Salmon Street, Suite 1600
                                     Portland, OR 97204
                                     Telephone: (503) 595-5300
                                     Fax: (503) 595-5301
                                     rob.cruzen@klarquist.com

                                     Counsel for Defendant
                                     AMAZON.COM, INC.