# Exhibit A

Case 1:19-cv-01732-JMS-MJD Document 145-6 Filed 11/25/20 Page 2 of 16 PageID #: 73338

Case 1:07-cv-01256-MMM-JAG # 73 Page 1 of 15                E-FILED
                                          Monday, 08 December, 2008 05:22:50 PM
                                                 Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| TRIUNE STAR, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-1256-MMM-JAG |
| ) | |
| v. ) | |
| ) | Judge: Hon. Michael M. Mihm |
| THE WALT DISNEY COMPANY, ) | |
| WDIG MOBILE, LLC (D/B/A DISNEY ) | Magistrate Judge: Hon. John A. Gorman |
| MOBILE), PANTECH & CURITEL ) | |
| COMMUNICATIONS, INC., PANTECH ) | |
| CO., LTD., PANTECH WIRELESS, INC., ) | |
| LG ELECTRONICS and LG ELECTRONICS ) | |
| MOBILECOM USA, INC., ) | |
| ) | |
| Defendants. ) | |

## FEE PETITION FOR WDIG MOBILE, LLC

Robert M. Riffle (rriffle@emrslaw.com)
ELIAS, MEGINNES, RIFFLE & SEGHETTI, P.C.
416 Main Street, Suite 1400
Peoria, IL 61602
Telephone: (309) 637-6000
Facsimile: (309) 637-8514

Michael A. Jacobs (mjacobs@mofo.com)
Grant L. Kim (gkim@mofo.com)
Amy C. Dachtler (adachtler@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendants WDIG Mobile, LLC d/b/a/
Disney Mobile and The Walt Disney Company

sf-2615459

## I. INTRODUCTION

Pursuant to the Court's order entered November 24, 2008, and Local Rule 54.1, defendant WDIG Mobile, LLC, files this documented Fee Petition and Bill of Costs for attorneys' fees, costs, and expenses incurred in defending this action. [Docket No. 69 at 18.]

## II. OVERVIEW OF THE SUIT

Plaintiff, Triune Star, Inc. ("Triune"), filed its complaint on September 28, 2007, alleging Defendants The Walt Disney Company ("TWDC") and WDIG Mobile (collectively "the Disney Parties"); Pantech & Curitel Communications, Inc., Pantech Co., Ltd., Pantech Wireless, Inc. (collectively "the Pantech Parties"); and LG Electronics and LG Electronics Mobilecom USA, Inc. (collectively "the LG Parties") infringed U.S. Patent No. 6,122,521 ("the '521 Patent"). [Docket No. 1.]

On February 7, 2008, Grant Kim, counsel for the Disney Parties, sent a letter to Plaintiff's counsel clearly laying out defendants' position that this was a frivolous lawsuit and that the Disney Parties would seek sanctions if Triune did not dismiss the case. [*See* Docket No. 63-13; *see also* Docket No. 65 at 1.] Mr. Kim's letter also informed Triune that The Walt Disney Company was a holding company that neither did business in Illinois nor had made or sold any cellular telephones, and therefore, could not be found liable for patent infringement of the '521 patent. [*See* Docket No. 65 at 2.] Thus, Mr. Kim notified Triune that there was no basis for asserting personal jurisdiction over TWDC and the party should be dismissed from the case. [*Id.*] Triune did not dismiss the case. As a result, TWDC was required to brief a motion to dismiss and WDIG Mobile continued defending itself in this litigation. [*See* Docket No. 63-14; Docket No. 27; Docket No. 39.] TWDC's motion to dismiss was granted on August 14, 2008. [Docket No. 62.]

Plaintiff agreed with Defendants' proposal to focus discovery on the isolated issue of the accused cell phone camera technology and then brief summary judgment of non-infringement before launching into full blown discovery. This limiting case schedule and approach was approved by Magistrate Judge Gorman who limited "[d]iscovery and dispositive motions . . . to the issue of requirement of a miniature infrared camera." [Minute Entry dated March 28, 2008.] Counsel for WDIG Mobile worked closely with co-defendants' counsel on the summary judgment motions.

After all parties completed their summary judgment briefing, the LG and Pantech parties filed their motion for sanctions under Rule 11 and 28 U.S.C. § 1927, on August 15, 2008. [Docket No. 63.] WDIG Mobile joined in the motion for sanctions on September 3, 2008. [Docket No 65.] Both the motion for sanctions and WDIG's joinder motion for sanctions were filed after the 21 day safe harbor requirement provided in Rule 11. Fed. R. Civ. P. 11(c)(2).

On November 24, 2008, defendants' summary judgment motions of non-infringement were granted, as were their motions for attorney's fees. [Docket No. 69.]

**A.    Tasks and Stages for WDIG Mobile to Litigate This Action:**

Due to the focused discovery and briefing case schedule of this litigation, the work performed on this case can be easily broken into five task areas worked on by attorneys for WDIG Mobile:

**(1)    Preliminary development of the Disney Parties' case and case maintenance** – Counsel began investigating the case in December 2007 and performed due diligence in creating case strategy and researching case issues. Activities performed in this task area involved: drafting and filing the answer to the complaint; coordinating a joint defense agreement and strategy with the LG and Pantech Parties; initial research on jurisdictional issues and patent issues for strategy assessment; drafting and submitting the 26(f) conference report and

2

sf-2615459

abbreviated case schedule; coordinating and preparing with Triune's counsel for 26(f) conference and proposed case schedule; case management; case strategy, and; preparation of paperwork for admission to the Central District of Illinois.

**(2)** **Discovery** – Discovery for the Disney parties was limited to two main issues (1) the technology of the accused phones and their attached cameras, and (2) the motion to dismiss TWDC for lack of personal jurisdiction. Tasks grouped into the area of discovery were: initial disclosures; drafting document requests and interrogatories and responses thereto; drafting the protective order, and; gathering and preparing documents for production.

**(3)** **Rule 11 motion** – Counsel for the Disney Parties contacted Plaintiff's counsel early in the dispute to encourage Plaintiff to dismiss the case. [*See* Docket No. 63-13.] WDIG Mobile's counsel continued its investigation of Rule 11 sanctions during the case, and moved for sanctions once Plaintiff's summary judgment case was fully briefed. Tasks included in this category are: communications with Plaintiff's counsel, research on Rule 11 issues, and drafting and filing the Rule 11 motion.

**(4)** **Motion to Dismiss The Walt Disney Company** – Triune was presented with many of the facts included in TWDC's Motion to Dismiss for lack of personal jurisdiction, but refused to dismiss TWDC from the action. [*See* Docket Nos. 63-13, 63-14.] Counsel for TWDC performed the following tasks in successfully getting TWDC dismissed from this case: investigating the relevant facts, briefing the motion to dismiss and its reply in support, and filing the motions. The briefing of this motion was a joint effort between attorneys at Morrison & Foerster and Peoria counsel Robert M. Riffle.

**(5)** **Summary Judgment of Non-Infringement** – WDIG Mobile prepared a motion for summary judgment and a reply brief in support of its position that the accused cellular phone

did not include a miniature infrared camera, and thus did not infringe. WDIG Mobile's counsel worked with co-defendants' counsel to limit fees incurred for drafting these motions.

### B.     Introduction of Attorneys For Whom Fees are Sought

Morrison & Foerster LLP was chosen as counsel to represent the Disney Parties in this litigation. This choice of counsel was agreed to by Autodesk, Inc., who indemnified the Disney Parties. At the time the case was brought, both Disney Parties resided in California, as did Autodesk, Inc.

Morrison & Foerster's Intellectual Property Group has won recognition and awards in California and nationally, including: national and California "Band 1 IP Practice" designation by Chambers in 2008; a Chambers Top 3 finalist for global IP Firm of the Year in 2007; and American Lawyer finalist for IP Litigation Department of the Year in 2008; and ranked number 2 in the nation by IP Law & Business in 2008 for most active patent litigation practice. [Dachtler Decl. Ex. B.][1] The three Morrison & Foerster attorneys representing the Disney Parties in this case have remained the same throughout this litigation.

**Michael A. Jacobs**. Mr. Jacobs has been practicing law since graduating from Yale Law School in 1983, and is a partner at Morrison & Foerster. He has concentrated his practice on high-technology and intellectual property litigation. He served as co-head of Morrison & Foerster's 140-person Intellectual Property Group from its founding in 1990 until 2003. His practice has led him to courts around the country, and in addition to California federal and state courts, he has substantial experience in Chicago, Delaware, New York City, and Salt Lake City. He is well recognized in the IP legal community and has been named as a top 100 "Super Lawyer" by Northern California Super Lawyers and a leading intellectual property lawyer by

---

[1] The Declaration of Amy C. Dachtler in Support of Fee Petition of WDIG Mobile, LLC ("Dachtler Decl.") is attached hereto as Exhibit A and authenticates Exhibit B through Exhibit N, all attached hereto.

Chambers & Partners. He was listed in The Best Lawyers in America (2007) as a leader in the field of Intellectual Property Law. Mr. Jacobs has experience litigating a wide range of patent cases inclusive of high-technology products and digital devices including a case representing Toshiba including cell phones and flash memory devices. [Dachtler Decl. Ex. C.]

Mr. Jacobs had overall responsibility for this case, and was an advisor to the client and developed overall case strategy. [Dachtler Decl. ¶ 4.]

**Grant L. Kim.** Mr. Kim graduated from University of California, Hastings College of the Law in 1984 and has over 20 years of experience practicing law. Mr. Kim has been a partner at Morrison & Foerster and currently serves a role as Of Counsel for Morrison & Foerster. He has particular expertise in intellectual property litigation and arbitration where he has encountered a wide range of technology, including computer software and hardware, semiconductors, medical devices, biotechnology, and mechanical devices. He has authored a number of articles regarding intellectual property law for publications based in the U.S., Asia, and Europe. [Dachtler Decl. Ex. D.]

Mr. Kim was heavily involved in this case and performed a significant portion of the work. [Dachtler Decl. ¶ 5.] Mr. Kim was the main attorney for client contact. He was integral in developing the theory for the case and advocating for limited discovery and abbreviated scheduling for this case. He performed much of the legal drafting for pleadings and letter writing necessary for the case, including the Rule 11 motion, the summary judgment motion, and correspondence with Triune's counsel. Mr. Kim was also a key manager for the case and was responsible for delegating and overseeing the work of Ms. Dachtler and local counsel. He succeeded in providing quality work for a reasonable price.

**Amy C. Dachtler.** Ms. Dachtler is a 2004 graduate of the University of Virginia School of Law, and an associate attorney at Morrison & Foerster. Ms. Dachtler received her Bachelor of Science degrees in chemical engineering and biology from University of California Los Angeles and worked as an engineer prior to law school. Her law practice has focused on patent litigation spanning a range of technologies including LEDs, fax-to-email methods, medical devices, and electronic educational toys. [Dachtler Decl. Ex. E.] Ms. Dachtler was the sole associate assigned to this case from Morrison & Foerster and performed tasks such as legal research, drafting and propounding discovery, coordinating document collection and production, and drafting and cite-checking briefs for the three main motions the Disney Parties filed in this case. Many of her tasks required frequent communication with co-defendants' counsel. Ms. Dachtler was also a client contact.

**Robert M. Riffle.** Mr. Riffle is a partner at Elias, Meginnes, Riffle & Seghetti, P.C., and was the main attorney providing local counsel services for this case, and has personally served clients in Peoria, Illinois since 1988. Prior to the creation of his current firm, Mr. Riffle was a lawyer with the Peoria office of Keck, Mahin & Cate. Mr. Riffle provided substantial help in briefing portions of the motion to dismiss, helping to reduce the overall costs of the litigation for WDIG Mobile. Mr. Riffle was aided by his associate Lane Alster.

In addition to attorneys Mr. Jacobs, Mr. Kim and Ms. Dachtler, the following Morrison & Foerster employees provided legal support for this case:

- **Anne Elizabeth Lepore** – Senior Litigation Paralegal – Ms. Lepore provided cite checking and paralegal support for the preparation of the Rule 11 motion for WDIG Mobile.

- **Brian Keeton** – Litigation Paralegal – Mr. Keeton was the primary paralegal who provided support for this case matter. Mr. Keeton performed tasks such as preparing the documents for production and cite checking the summary judgment motion.

- **Steven Frankenstein** – Senior Associate Librarian – Mr. Frankenstein provided library support for gathering material (such as the prosecution history) related to the patent-at-issue.

### C. The Billing Rate and Hours for the Attorneys and Support Staff were Reasonable.

When granting WDIG Mobile's motion for sanctions, the court awarded WDIG Mobile "reasonable costs and attorneys' fees." [Docket No. 69 at 18.] The amount of a fee award is determined by calculating a lodestar after looking to "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *JCW Investments v. Novelty, Inc.*, 482 F3d 910, 920 (7th Cir. 2007). WDIG Mobile has submitted detailed records and evidence supporting its fee request, and the request has a presumption of reasonableness. *See Tomazzoli v. Sheedy*, 804 F.2d 93, 96 (7th Cir. 1986). Based upon the Fee Petition, and the results obtained, it is respectfully submitted that WDIG Mobile is entitled to an award of the entire requested amount of fees and expenses. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("[w]here a [party] has obtained excellent results, his attorney should recover a fully compensatory fee."). The submitted lodestar is presumed to be reasonable. *See Spellan*, 59 F.3d at 645; *see also Balcor Real Estate Holdings, Inc. v. Walentas Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) ("the best evidence of the market value of legal services is what people pay for it. Indeed, this is not 'evidence' about the market value, it is the market value.").

As detailed above, counsel representing WDIG Mobile limited its case team to a small number of specialized attorneys and legal staff who efficiently and effectively litigated its case. Both TWDC and WDIG Mobile had places of business in California when the litigation began, and documents related to WDIG Mobile and the accused products were maintained on the West Coast. Thus, it was practical to hire counsel located in California.

The rates charged by the Morrison & Foerster attorneys and legal staff are comparable to others with equal expertise in patent litigation and located in Northern California. [Dachtler Decl. ¶ 15.] The expertise and efficiency of WDIG Mobile's counsel kept the fees and costs incurred by WDIG Mobile below $275,000. In comparison, a national survey conducted in 2007 provided that the average cost to try a patent litigation case in the Chicago Area is nearly ten times that amount. [Dachtler Decl. Ex. F**.**]

It is "consistent with circuit precedent, that the best evidence of whether attorney's fees are reasonable is whether a party has paid them." *Cintas Corp. v. Perry*, 517 F.3d 459, 469-70 (7th Cir. 2008). WDIG Mobile, as indemnified by Autodesk, Inc., has timely paid its bills for this litigation. [Dachtler Decl. ¶ 14.]

**D.     Attorneys' Fees:**

The attorneys' fees included in the charts below were extracted from the billing statements specific to this case that were sent to the client. [Dachtler Decl. ¶ 10.] The information from the billing statements have been extracted, compiled, and formatted into a workable Microsoft Excel spreadsheet for ease of use. [*Id.*] Each Morrison & Foerster attorney or legal employee, at the time he or she enters her hours to be billed, provides a narrative statement for the activities performed during that billed time. [*Id.*] These narratives were sufficient to allow the fees to be broken out into the five main tasks described in Section II.A for each individual. [Dachtler Decl. ¶ 11.]

8

- **Michael A. Jacobs** – Hourly Rate: $750/hour (2007); $785/hour (2008)

| TASK | HOURS | HOURLY RATE | TOTAL FEES |
|---|---|---|---|
| Preliminary Development of Case and Case Management (2007) | 2.25 | $750 | $1,687.50 |
| Preliminary Development of Case and Case Management (2008) | 2.25 | $785 | $1,766.25 |
| Discovery | 0.50 | $785 | $392.50 |
| Rule 11 Motion | 0.75 | $785 | $588.75 |
| Motion to Dismiss TWDC | 0.25 | $785 | $196.25 |
| **TOTAL CASE FEES FOR MICHAEL A. JACOBS** | **6.00** | | **$4,631.25** |

[Dachtler Decl. Ex. G.]

- **Grant L. Kim** – Hourly Rate: $660/hour

| TASK | HOURS | HOURLY RATE | TOTAL FEES |
|---|---|---|---|
| Preliminary Development of Case and Case Management | 26.75 | $660 | $17,655.00 |
| Discovery | 13.00 | $660 | $8,580.00 |
| Rule 11 Motion | 23.00 | $660 | $15,180.00 |
| Motion to Dismiss TWDC | 31.50 | $660 | $20,790.00 |
| Motion for Summary Judgment | 58.50 | $660 | $38,610.00 |
| **TOTAL CASE FEES FOR GRANT L. KIM** | **152.75** | **$660** | **$100,815.00** |

[Dachtler Decl. Ex. H.]

- **Amy C. Dachtler** – Hourly rate: $445/hour

| TASK | HOURS | HOURLY RATE | TOTAL FEES |
|---|---|---|---|
| Preliminary Development of Case and Case Management | 62.50 | $445 | $27,812.50 |
| Discovery | 92.25 | $445 | $41,051.25 |

9

sf-2615459

| TASK | HOURS | HOURLY RATE | TOTAL FEES |
|---|---|---|---|
| Rule 11 Motion | 31.75 | $445 | $14,128.75 |
| Motion to Dismiss TWDC | 20.00 | $445 | $8,900.00 |
| Motion for Summary Judgment | 66.00 | $445 | $29,370.00 |
| **TOTAL CASE FEES FOR AMY C. DACHTLER** | **272.50** | **$445** | **$121,262.50** |

[Dachtler Decl. Ex. I.]

- **Elias, Meginnes, Riffle, and Seghetti** – Local Counsel

    Hourly rate: Robert M. Riffle $195/hour; Lane G. Alster $120/hour. The invoices for local counsel services are attached as Exhibit J and summarized in Exhibit N, attached.

| **Total Fees for ROBERT M. RIFFLE Local Counsel Duties** | **$20,490.00** |
|---|---|

**Other Legal Employee Fees:**

- **Brian D. Keeton** – Hourly rate: $205/hour

| TASK | HOURS | HOURLY RATE | TOTAL FEES |
|---|---|---|---|
| Discovery | 26.50 | $205 | $5,432.50 |
| Motion for Summary Judgment | 38.00 | $205 | $7,790.00 |
| **TOTAL CASE FEES FOR BRIAN D. KEETON** | **64.50** | **$205** | **$13,222.50** |

- **Anne E. Lepore** – Hourly rate: $255/hour

| TASK | HOURS | HOURLY RATE | TOTAL FEES |
|---|---|---|---|
| Rule 11 Motion | 4.25 | $255 | $1,083.75 |
| **TOTAL CASE FEES FOR ANNE E. LEPORE** | **4.25** | **$255** | **$1,083.75** |

10

sf-2615459

- **Steven S. Frankenstein** – Hourly rate: $185/hour

| TASK | HOURS | HOURLY RATE | TOTAL FEES |
|---|---|---|---|
| Preliminary Development of Case and Case Management | 0.50 | $185 | $92.50 |
| **TOTAL CASE FEES FOR STEVEN FRANKENSTEIN** | **0.50** | **$185** | **$92.50** |

[Dachtler Decl. Ex. K.]

E. **Statutory Costs:**

The statutory costs total **$555.00**, and include the admission fees for the three Morrison & Foerster attorneys to be admitted into the Central District of Illinois, at a cost of $185 each. [*See* Exhibit L.]

F. **Additional Expenses beyond Statutory Costs:**

In addition to the statutory costs, Defendant WDIG Mobile, LLC incurred the following costs necessary to defend itself in this action:

| ITEM | TOTAL COST |
|---|---|
| Photocopying and Printing (including processing for production) | $2,330.42 |
| Postage and Shipping | $56.36 |
| Computer Legal Research | $3,416.50 |
| Document Retrieval Related to Patent At Issue | $887.75 |
| **TOTAL EXPENSES AND COSTS** | **$6,691.03** |

[Dachtler Decl. Ex. M.]

11

sf-2615459

G. **Fees and Costs Incurred to Compile This Fee Petition:**

"[A]n allowance of reasonable fees for presenting a successful fee petition is the only way a fee applicant can be made whole." *Bretford Mfg., Inc. v. Smith Sys. Mfg. Co.*, 421 F. Supp. 2d 1117, 1128 (N.D. Ill. 2006). This initial fee petition only includes pre-judgment costs accrued through the end of September 2008. A sufficient breakdown of fees incurred to create this fee petition will be included in the reply statement following Plaintiff's response.

H. **Total Pre-Judgment Costs and Fees Incurred in Defending this Action for WDIG Mobile:**

| | |
|---|---|
| **TOTAL CASE FEES FOR MICHAEL A. JACOBS** | $4,631.25 |
| **TOTAL CASE FEES FOR GRANT L. KIM** | $100,815.00 |
| **TOTAL CASE FEES FOR AMY C. DACHTLER** | $121,262.50 |
| **TOTAL CASE FEES FOR ROBERT RIFFLE** | $20,490.00 |
| **TOTAL CASE FEES FOR BRIAN D. KEETON** | $13,222.50 |
| **TOTAL CASE FEES FOR ANNE E. LEPORE** | $1,083.75 |
| **TOTAL CASE FEES FOR STEVEN FRANKENSTEIN** | $92.50 |
| **STATUTORY COSTS – COURT ADMISSION FEES** | $555.00 |
| **ADDITIONAL EXPENSES AND COSTS** | $6,691.03 |
| **TOTAL** | $268,843.53 |

III. **CONCLUSION**

Defendant WDIG Mobile respectfully submits this fee petition for reasonable pre-judgment fees and costs for the amount of $268,843.53.

Dated: December 8, 2008

Respectfully submitted,

ELIAS, MEGINNES, RIFFLE & SEGHETTI, P.C.

By: /s/ Robert M. Riffle
    Robert M. Riffle (rriffle@emrslaw.com)

ELIAS, MEGINNES, RIFFLE & SEGHETTI, P.C.
416 Main Street, Suite 1400
Peoria, IL 61602
Telephone: (309) 637-6000
Facsimile: (309) 637-8514

Michael A. Jacobs (mjacobs@mofo.com)
Grant L. Kim (gkim@mofo.com)
Amy C. Dachtler (adachtler@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendants WDIG Mobile, LLC d/b/a/ Disney Mobile and The Walt Disney Company

13

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 8, 2008, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following:

Plaintiff:

Kathleen A. Lyons     klyons@rdlklaw.com

Keith V. Rockey       krockey@rdlklaw.com


Defendants WDIG Mobile, LLC d/b/a/ Disney Mobile:

Patrick J. Kelleher   Patrick.kellejer@dbr.com


Dated: December 8, 2008                THE WALT DISNEY COMPANY,
                                       DEFENDANTS


                                       By:   /s/ Robert M. Riffle
                                             One of Its Attorneys

                                       ELIAS, MEGINNES, RIFFLE & SEGHETTI, P.C.
                                       416 Main Street, Suite 1400
                                       Peoria, IL 61602
                                       Telephone: (309) 637-6000
                                       Facsimile: (309) 637-8514