UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNIE OAKLEY ENTERPRISES, INC. and RENEE GABET,  )<br>)<br>*Plaintiffs*,  )<br>)<br>vs.  )<br>)<br>AMAZON.COM, INC.,  )<br>)<br>*Defendant*.  ) | No. 1:19-cv-1732-JMS-MJD |

### ORDER

Plaintiffs Annie Oakley Enterprises, Inc. ("Annie Oakley") and its owner, Renee Gabet, initially brought this trademark action against Rise N Shine Online, LLC ("RNSO"), its owner Eric Young, and Amazon.com, Inc. ("Amazon"), alleging that Defendants sold products on Amazon's website that infringed Plaintiffs' trademarks. [Filing No. 12.] Plaintiffs have settled their claims with RNSO and Mr. Young, and those claims were dismissed with prejudice, [Filing No. 64]; only the claims against Amazon remain pending. In November 2020, Plaintiffs filed a Motion for Summary Judgment. [Filing No. 134.] In December 2020, Amazon responded by filing a Cross-Motion for Summary Judgment. [Filing No. 149.] Those motions still have yet to be adjudicated and the merits of this litigation remain unresolved, as this case continues to be bogged down by collateral issues of discovery, sanctions, attorneys' fees, and the like. On June 10, 2021, the Court issued a 41-page order attempting to resolve some of those matters, and in particular imposing sanctions against Plaintiffs and awarding attorneys' fees to Amazon. [Filing No. 257.] Plaintiffs attempted to appeal the Court's June 10, 2021 Order, and only after being admonished by the Seventh Circuit Court of Appeals, have now filed a motion in this Court

1

seeking to certify that Order for interlocutory appeal ("Motion to Certify").  [Filing No. 276.] The Motion to Certify is now ripe for the Court's decision.

# I.
## STANDARD OF REVIEW

A party may petition for leave to file an interlocutory appeal of a nonfinal order under 28 U.S.C. § 1292(b).  See *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). There are four statutory criteria for granting a § 1292(b) petition: (1) the proposed appeal must involve a question of law; (2) it must be controlling; (3) it must be contestable; and (4) its resolution must speed up the litigation.  *Id.*  In addition, the petition must be filed within a reasonable time after the entry of the order to be appealed.  *Id.* (citation omitted).  The Court may only certify an order for immediate appeal if all of these criteria are satisfied.  *Id.* at 676.

# II.
## DISCUSSION

Plaintiffs argue that certification of the Court's June 10, 2021 Orders is proper under § 1292(b) because the issue of whether a party can seek attorneys' fees calculated on a lodestar basis where the party only paid a flat fee rate to its counsel is: (1) a pure question of law; (2) controlling, to the extent it controls the calculation of the fee award; and (3) contested, to the extent that there is substantial ground for difference of opinion.  [Filing No. 276 at 1-4.] Plaintiffs further argue that resolution of this issue on appeal will materially advance the litigation because it will allow the Court to more easily resolve the other fee motions currently pending and to be filed later in this case.  [Filing No. 276 at 4.]  Finally, Plaintiffs argue that their Motion to Certify—which was filed on July 21, 2021—was filed within a reasonable time after the June 10, 2021 Order because Plaintiffs initially believed that the Order did not need to be

2

certified for interlocutory appeal and Amazon raised that issue for the first time in its July 15, 2021 reply in support of its second motion for attorneys' fees.  [Filing No. 276 at 5.]

In response, Amazon argues that Plaintiffs have failed to establish any of the four statutory criteria for certification and that the Motion to Certify was not filed within a reasonable time.  [Filing No. 279.]  Specifically, Amazon asserts that the attorneys' fees issue: (1) is not a pure question of law, because it involves review of factual matters in the record; (2) is not controlling because it does not have to do with the merits and Plaintiffs' counsel has already paid the fees owed; and (3) is not contestable because there is no substantial likelihood that the Order will be reversed on appeal.  [Filing No. 279 at 7-12.]  Amazon further argues that an immediate appeal will not materially advance this litigation because the "proposed question for appeal involves a non-party, plaintiffs' counsel, who owed fees to Amazon pursuant to Rule 37 for discovery abuses," and resolving that issue will have no effect on the merits of this litigation.  [Filing No. 279 at 12.]  Finally, Amazon asserts that the Motion to Certify was not filed within a reasonable time and that "ignorance of controlling procedure does not excuse plaintiffs' delay."  [Filing No. 279 at 13.]

Plaintiffs did not file a reply.

Because the criteria for certification are conjunctive and not disjunctive, *Ahrenholz*, 219 F.3d at 676, failure to prove even one requires the Court to deny the Motion for Certification.  Accordingly, the Court will begin with the most obviously lacking criteria.  The question of whether the Court properly calculated the attorneys' fees awarded to Amazon for Plaintiffs' misconduct during discovery is neither controlling nor is its resolution likely to speed up this litigation.  "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so."  *Sokaogon Gaming Enter. Corp.*

*v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996).  "'Controlling' is to be interpreted and applied with flexibility, such that a question is 'controlling' if it is 'serious to the conduct of the litigation, either practically or legally.'" *In re Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig.*, 212 F. Supp. 2d 903, 911 (S.D. Ind. 2002) (quoting *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991)).  "Hence, a decision on the question of law from the appellate court contrary to the path taken by the district court need 'not lead to reversal on appeal [to be controlling], if interlocutory reversal might save time for the district court, and time and expense for the litigants.'" *In re Bridgestone/Firestone*, 212 F. Supp. 2d at 911 (quoting *Johnson*, 930 F.2d at 1206) (alteration in original).

The question regarding the proper calculation of attorneys' fees is not controlling because it is wholly separate from the merits of Plaintiffs' trademark claims.  Permitting an interlocutory appeal of this issue would in no way facilitate a more efficient resolution of the pending summary judgment motions because the issues raised in those motions will remain unaffected by whatever the Seventh Circuit may say about the attorneys' fee calculation.  In fact, pausing this case to resolve the attorneys' fee issue now would only serve to further delay the adjudication of the merits in this case—which has been pending in this Court for over two years already—and it is undoubtedly more efficient to wait until final judgment has been entered to address the attorneys' fees issue and any other potential issues in a single appeal.

Regarding certification, the Seventh Circuit has clearly articulated that "[t]he question must be one the resolution of which 'may materially advance the ultimate termination of the litigation'" and that "[d]isputes about the quantum of attorneys' fees do not satisfy that standard." *People Who Care v. Rockford Bd. of Educ. Dist. No. 205*, 921 F.2d 132, 134 (7th Cir. 1991).

Plaintiffs have entirely disregarded this general rule and have not demonstrated any reason to deviate from it. Plaintiffs' Motion to Certify is therefore **DENIED**.

## III.
### CONCLUSION

For the foregoing reasons, Plaintiffs Motion to Certify Order for Interlocutory Appeal, [276], is **DENIED**.

Date: 8/20/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**