UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNIE OAKLEY ENTERPRISES, INC. and RENEE GABET, ) ) ) | |
| *Plaintiffs*, ) ) | |
| vs. ) ) | No. 1:19-cv-1732-JMS-MJD |
| AMAZON.COM, INC., ) ) | |
| *Defendant*. ) | |

# ORDER

Plaintiffs Annie Oakley Enterprises, Inc. and its owner, Renee Gabet, assert claims against Amazon.com, Inc. ("Amazon") for trademark infringement. Presently pending before the Court is a Motion for Attorneys' Fees of Amazon.com, Inc. Incurred Relating to Motion for Sanctions and In Opposing Plaintiffs' Objection to and Motion for Reconsideration of the Magistrate Judge's Order on Motion for Attorneys' Fees, [Filing No. 266], which is ripe for the Court's review.

## I.
### BACKGROUND

This litigation has been unnecessarily contentious. Nearly two years ago, Amazon served a series of discovery requests on Plaintiffs, and the parties have been fighting about them ever since. Of particular relevance is Amazon's Interrogatory No. 6, which asked Plaintiffs to "[s]et forth [their] revenues on a quarterly basis for each of Plaintiffs' Products since July 1, 2012." [Filing No. 77-2 at 7.] Plaintiffs failed to provide a satisfactory response to that request, which resulted in Amazon filing a Motion to Compel relating to Interrogatory No. 6 and other issues. [Filing No. 77.] Magistrate Judge Mark Dinsmore granted the Motion to Compel, ordering

1

Plaintiffs to provide a complete and unequivocal response to Interrogatory No. 6.  [Filing No. 97 at 6.]

Plaintiffs then filed an Objection to Judge Dinsmore's order.  [Filing No. 108.]  The Court overruled Plaintiffs' Objection, concluding in relevant part that Judge Dinsmore did not err in granting Amazon's request to compel Plaintiffs to respond to Interrogatory No. 6 and ordering Plaintiffs produce their sales data to Amazon.  [Filing No. 138 at 9-10.]

Amazon subsequently filed a Motion for Attorneys' Fees (the "First Fee Motion"), seeking attorneys' fees relating to litigating its Motion to Compel and other motions.  [Filing No. 144.]  Judge Dinsmore granted the First Fee Motion and awarded Amazon $86,448.50 in fees to be paid by Plaintiffs' counsel, Overhauser Law Offices, LLC.  [Filing No. 229.]  In doing so, Judge Dinsmore rejected Plaintiffs' argument that the holding in *Assessment Technologies v. Wiredata*, 361 F.3d 434, 439 (7th Cir. 2004), rendered it improper to use the lodestar method to determine the appropriate fee award where, as here, a party pays its counsel through a flat fee arrangement.  [Filing No. 229 at 5-6.]  Plaintiffs then filed an Objection and Motion for Reconsideration relating to Judge Dinsmore's ruling on the First Fee Motion (the "Fee Objection").  [Filing No. 239.]

Separately, Amazon filed a Motion for Sanctions, asserting that Plaintiffs still had not provided an adequate response to Interrogatory No. 6 and requesting that the Court dismiss the action entirely or, in the alternative, dismiss Plaintiffs' damages claims as a sanction for Plaintiffs' failure to comply with the Court's discovery orders.  [Filing No. 160.]  Judge Dinsmore issued a Report & Recommendation ("R&R") recommending that Amazon's Motion for Sanctions be granted and that the appropriate sanction was not dismissal of the case but instead to bar Plaintiffs from seeking actual damages of any kind or introducing any evidence

related to their revenues or sales. [Filing No. 221.] Judge Dinsmore further recommended that Amazon be permitted to recover attorneys' fees related to briefing the Motion for Sanctions and that Plaintiffs' counsel, Paul Overhauser, be required to personally pay the portion of attorneys' fees attributable to his frivolous argument that the Motion for Sanctions was untimely, which Judge Dinsmore had previously admonished him not to raise. [Filing No. 221 at 17-18.]

Plaintiffs filed an Objection to Judge Dinsmore's R&R recommending that Amazon's Motion for Sanctions be granted (the "Sanctions Objection"). [Filing No. 231.] The Court directed Amazon to respond to the Sanctions Objection, stating that no reply would be necessary. [Filing No. 232.] Nevertheless, after Amazon responded, Plaintiffs filed a reply, [Filing No. 242], and Amazon then filed a Motion for Leave to File Surreply, [Filing No. 242], along with a proposed surreply brief, [Filing No. 243].

On June 10, 2021, the Court issued an Order (the "Sanctions & Fees Order") that, among other things, granted Amazon's Motion for Leave to File a Surreply, overruled the Fee Objection and the Sanctions Objection, and adopted Judge Dinsmore's recommendations concerning sanctions and fees. [Filing No. 257.] Regarding the Fee Objection, the Court rejected Plaintiffs' argument that Judge Dinsmore's ruling on the fee issue violated the Seventh Circuit's holding in *Assessment Technologies*. [Filing No. 257 at 18-21.] The Court determined that Judge Dinsmore had appropriately used the lodestar method to determine the amount of fees awarded to Amazon, overruled the Fee Objection, affirmed Judge Dinsmore's Order on the First Fee Motion, and awarded Amazon $86,448.50 in attorneys' fees to be paid by Overhauser Law Office, LLC. [Filing No. 257 at 21.] The Court further stated that, "[i]f Amazon wishes to recover additional attorneys' fees for time spent responding to Plaintiffs' [Fee] Objection," it could do so. [Filing No. 257 at 21.]

Regarding the issue of sanctions, the Court outlined Plaintiffs' repeated failure to produce information responsive to Interrogatory No. 6 and concluded that "Plaintiffs failed to comply with a discovery order (in fact, multiple discovery orders) and are therefore subject to sanctions under [Federal Rule of Civil Procedure] 37 and pursuant to the Court's inherent authority to regulate the conduct of those appearing before it." [Filing No. 257 at 30-31.] The Court overruled the Sanctions Objection, adopted Judge Dinsmore's R&R addressing sanctions, and determined that the appropriate sanction was to bar Plaintiffs from: (1) seeking actual damages of any kind; and (2) introducing any evidence, testimony, or argument relating to the amount of their own revenues or the quantity of their own sales. [Filing No. 257 at 32.] Further, acknowledging that Rule 37 requires an award of attorneys' fees where a party fails to comply with a discovery order, the Court concluded that "Amazon is entitled to an award of attorneys' fees related to bringing and pursuing its Motion for Sanctions." [Filing No. 257 at 32.] The Court also adopted Judge Dinsmore's R&R to the extent that it recommended requiring Mr. Overhauser to personally pay the portion of the fees attributed to defending against the frivolous argument that the Motion for Sanctions was untimely. [Filing No. 257 at 37-38.]

The Sanctions & Fees Order gave Amazon 14 days in which to file any motion for attorneys' fees seeking fees in connection with: (1) pursuing its Motion for Sanctions; and (2) responding to Plaintiffs' Fee Objection. [Filing No. 257 at 39-40.] The Sanctions & Fees Order expressly provided that Amazon could file a combined motion seeking fees in connection with both the sanctions issue and the fees issue. [Filing No. 257 at 40 n.5.]

Consistent with the Court's instruction, Amazon filed the instant Motion for Attorneys' Fees Incurred Relating to Motion for Sanctions and in Opposing Plaintiffs' Objection to and Motion for Reconsideration of the Magistrate Judge's Order on Motion for Attorneys' Fees (the

"Instant Fee Motion"). [Filing No. 266.] Shortly thereafter, Plaintiffs filed a Notice of Appeal, seeking to appeal Judge Dinsmore's order on the First Fee Motion, as well as the Sanctions & Fees Order. [Filing No. 268.] Plaintiffs then belatedly sought leave from this Court to appeal those issues, [Filing No. 276], which was denied, [Filing No. 282]. The Seventh Circuit Court of Appeals has since dismissed Plaintiffs' appeal for lack of jurisdiction. [*See* Filing No. 289.][1]

## II.
### STANDARD OF REVIEW

Determining what attorneys' fees are reasonable is a "contextual and fact-specific" inquiry. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). The party seeking fees must submit appropriate documentation to meet the burden of establishing entitlement to a fee award. *Fox v. Vice*, 563 U.S. 826, 838 (2011). However, the determination of fees "should not result in a second major litigation," as the essential goal in shifting fees is "to do rough justice, not to achieve auditing perfection." *Id.* (internal quotations and citations omitted). Trial courts should not "become green-eyeshade accountants," and they "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

## III.
### DISCUSSION

### A. Entitlement to Fees

In the Instant Fee Motion, Amazon seeks a total of $102,848 in attorneys' fees for the time spent preparing numerous filings related to: (1) pursing its Motion for Sanctions; (2) litigating Plaintiffs' Fee Objection; and (3) filing and briefing the Instant Fee Motion. [*See*

---

[1] Because the appeal was pending at the time when the Instant Fee Motion was briefed, Plaintiffs argued in their response to the Instant Fee Motion that the motion should be denied without prejudice as premature, with leave for Amazon to refile after the appeal is resolved. [Filing No. 271 at 4-5.] Now that the appeal has been dismissed, this argument is moot, and the Court need not consider it further in this Order.

Filing No. 266 at 2; Filing No. 274 at 21.] The Court will address each of these categories in turn.

### 1. Fees in Connection with the Motion for Sanctions

Regarding the fees relating to the Motion for Sanctions, Amazon points out that the Court already concluded in the Sanctions & Fees Order that Amazon is entitled to recover attorneys' fees stemming from pursuing its Motion for Sanctions. [Filing No. 267 at 11 (citing Filing No. 257 at 32; Filing No. 267 at 39-40).] Amazon further argues that Federal Rule of Civil Procedure 37(b)(2)(C) makes an award of attorneys' fees mandatory where a party has disobeyed a discovery order, unless the failure was substantially justified or other circumstances make an award unjust, and that neither of those exceptions apply here. [Filing No. 267 at 11-13.]

In response, Plaintiffs argue that "Amazon has not carried its burden of proving that it incurred a reasonable attorney's fees (sic) and therefore, [they] object[] to all of Amazon's requested fees." [Filing No. 271 at 5.] Specifically, Plaintiffs argue that Amazon should not be awarded any fees in connection with litigating the Motion for Sanctions because: (1) the Court denied Amazon's request to dismiss this case, which Plaintiffs' assert was the sole remedy Amazon sought in that motion; and (2) under Rule 37, an award of fees is inappropriate because Plaintiffs did not fail to comply with a discovery order or any such failure was substantially justified, and an award of fees would be unjust. [Filing No. 271 at 10-12.]

In reply, Amazon asserts that the Court has already repeatedly rejected Plaintiffs' argument that they did not fail to comply with Court orders, but Plaintiffs nonetheless continue to persist in that argument by mischaracterizing the events leading up to the Sanctions & Fees Order and the contents of that Order. [Filing No. 274 at 11-14.] Amazon argues that "[P]laintiffs' argument that they were substantially justified in defying this Court's orders because

6

they in fact never actually defied them is nonsensical." [Filing No. 274 at 16.] According to Amazon, any suggestion by Plaintiffs that Amazon lost the Motion for Sanctions and therefore should not be awarded any fees in connection with that motion should be rejected because: (1) the Motion for Sanctions was in fact granted; (2) any suggestion that the Court's ruling on the Motion for Sanctions was not significant "makes no sense in light of [Plaintiffs'] decision to appeal that ruling"; and (3) as a result of the Motion for Sanctions, Plaintiffs are now prohibited from seeking damages of any kind—including the over $600,000 in corrective advertising damages previously sought—which is a significant, successful result for Amazon. [Filing No. 274 at 17-18.]

Under Rule 37(b)(2)(A), a court may issue an order imposing a variety of sanctions on a party that fails to obey a discovery order. "Instead of or in addition to" imposing any of the sanctions listed in the Rule, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). "The party facing the sanctions (the non-complying party) bears the burden to establish that the failure was substantially justified or harmless or the imposition of sanctions would be unjust." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 959 (N.D. Ill. 2021) (citing *Salgado by Salgado v. Gen. Motors, Corp.*, 150 F.3d 735, 742 (7th Cir. 1988)); *see also Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994) ("A loser may avoid payment by establishing that his position was substantially justified.").

The Court has already determined, given the mandatory nature of the fee provision in Rule 37(b)(2)(C), that Amazon is entitled to attorneys' fees related to bringing and pursuing its

Motion for Sanctions. [Filing No. 257 at 32 (citing *Cooke v. Jackson Nat'l Life Ins. Co.*, 919 F.3d 1024, 1029 (7th Cir.), *cert. denied*, 140 S. Ct. 134 (2019) ("Rule 37(b)(2)(C) provides that any litigant who disobeys a judge's order with respect to discovery *must* pay the other side's costs, including attorneys' fees." (emphasis added))).] Regardless, Plaintiffs continue to argue that Amazon should not recover fees. All such arguments are without merit.

Plaintiffs' suggestion that Amazon did not prevail on its Motion for Sanctions and therefore should be awarded no fees in connection with that motion borders on nonsense. The Court agrees that the degree of success obtained is a relevant factor that the Court may consider in determining the amount of the fee to be awarded, and therefore it will be discussed further below. *See Johnson v. Kakvand*, 192 F.3d 656, 662 (7th Cir. 1999) ("The degree of success a plaintiff obtains is one of the most important factors to be considered in determining whether the attorneys' fees requested by the plaintiff are reasonable."). However, the suggestion that Amazon's degree of success was so small that no fees are warranted at all does not comport with reality. It is true that Amazon asked the Court in that motion to dismiss this lawsuit as a sanction, and the Court declined to do so. But the Court granted the Motion for Sanctions and provided some relief to Amazon. Plaintiffs maintain that the Court's ruling preventing them from seeking actual damages of any kind in this case is "essentially a nullity" because they already decided not to seek damages relating to lost profits from lost sales, and they are still permitted to seek disgorgement of Amazon's profits, which is the "most significant type of award in a trademark infringement case." [Filing No. 271 at 10-11.] This argument ignores the reality that Plaintiffs previously sought over $600,000 in corrective advertising damages, [Filing No. 136 at 20], which they are no longer permitted to recover. That is certainly significant, particularly in light of the Court's subsequent order on the parties' motions for summary

judgment, which considerably limited the extent to which Plaintiffs may disgorge Amazon's profits if they ultimately prevail on the merits of their infringement claims. [*See* Filing No. 284.] Furthermore, in adjudicating the Motion for Sanctions, the Court made several findings that were favorable to Amazon, including that: (1) concerning the dispute over Interrogatory No. 6, Amazon's position was correct, and Plaintiffs' position was wrong; and (2) Plaintiffs engaged in sanctionable conduct in violation of the Court's order, the Rules of Civil Procedure, and the Standards for Professional Conduct. Thus, the Court will not decline to award Amazon attorneys' fees in connection with its Motion for Sanctions based on the degree of success obtained.

Plaintiffs also suggest that fees are not warranted because they did not disobey any discovery order, and that to the extent they did, their disobedience was substantially justified because compliance was not possible. Both Judge Dinsmore and the undersigned have considered and rejected these arguments repeatedly. [*See, e.g.*, Filing No. 257 at 30 ("'Evasive' and 'incomplete' are certainly appropriate words to describe Plaintiffs' responses to Interrogatory No. 6 . . . . Plaintiffs have demonstrated that they have some information—albeit not complete, product-by-product quarterly revenue figures—responsive to Interrogatory No. 6, and they were required to produce that information, especially after the Court ordered them to do so *twice*. Contrary to Plaintiffs' repeated protestations, the Court never sought to compel Plaintiffs to produce something they did not have; the Court merely sought to compel Plaintiffs to produce *what they did have* in compliance with the rules that govern discovery and the standards of professional conduct. As of the writing of this Order, Plaintiffs have still failed to produce that information. Accordingly, the Court does not hesitate to conclude that Plaintiffs failed to comply with a discovery order . . . .") (emphasis original).] The Court therefore will not entertain

Plaintiffs' arguments any further, except to say that regardless of whether Plaintiffs' counsel truly, repeatedly, cluelessly misunderstood the Court's directives or is being deliberately obtuse, his conduct is concerning.

In sum, as the Court has already ordered and now reaffirms, Amazon is entitled to recover the attorneys' fees incurred in litigating its Motion for Sanctions.

### 2. *Fees in Connection with the Fee Objection*

Amazon argues that, pursuant to Rule 37, "[a]ttorneys' fees incurred in preparing a motion for costs or attorneys' fees related to litigating a motion to compel are recoverable," and therefore "it is appropriate for Amazon to be compensated for the fees incurred in briefing its Response to Plaintiffs' [Fee Objection], as the briefing was ultimately in support of Amazon's motion for attorneys' fees." [Filing No. 267 at 13.] Amazon further argues that none of the exceptions in Rule 37(a)(5)(A) apply because: (1) Judge Dinsmore found that Plaintiffs' positions with regard to the discovery disputes leading to the First Fee Motion were not substantially justified, and Plaintiffs did not object to that finding; and (2) the entire Fee Objection was based on Plaintiffs' incorrect argument that *Assessment Technologies* prohibits using the lodestar method to calculate fees. [Filing No. 267 at 13-14.]

In response, Plaintiffs acknowledge that the Court instructed Amazon to file a motion to recover fees related to responding to the Fee Objection. [Filing No. 271 at 13.] However, they argue that "unlike Rule 37 which contains a provision for a fee award," "[t]here is no basis for recovering attorney's fees for responding to a motion under [Federal Rule of Civil Procedure] 72, so no fee should be awarded." [Filing No. 271 at 13.]

In reply, Amazon asserts that "Plaintiffs' only argument on this issue is that Rule 37 does not expressly provide that fees incurred in responding to objections are recoverable," but "the

10

Court has already held that Amazon is entitled to those fees." [Filing No. 274 at 14 (referencing Filing No. 257 at 40).] Amazon further contends that requiring it to bear the costs of responding to the Fee Objection would dilute its fee award and undermine the policies behind Rule 37's fee-shifting provisions. [Filing No. 274 at 19.]

Under Rule 37(a)(5)(A), if a motion to compel is granted, a court "must" require the party whose conduct necessitated the motion, or the attorney advising that conduct, "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, a court "must not" order such payment if: (1) the movant filed the motion before attempting in good faith the obtain the discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Rule 37 is a "fee-shifting rule," under which "[t]he winner is entitled to fees unless the opponent establishes that his position was 'substantially justified.'" *Rickels*, 33 F.3d at 787. The Seventh Circuit has acknowledged that nothing in the rule expressly limits recovery of expenses, including attorneys' fees, to those incurred prior to a court's ruling on the discovery motion, and the award of expenses does not "omit[] expenses incurred in obtaining and defending an award." *Id.* Specifically, the Court acknowledged that "[a] sore loser who files repeated motions under Rules 59 and 60 in an effort to obtain relief from the award should expect to pay the tab, even though the opponent's expenses of opposing these requests may be distinguished from the expenses of opposing the discovery motion and obtaining the protective order." *Id.*

Plaintiffs are correct that Rule 72, which addresses orders issued by Magistrate Judges, does not contain an express provision allowing for the recovery of attorneys' fees incurred in litigating an objection to a Magistrate Judge's order. *See* Fed. R. Civ. P. 72. However, Plaintiffs

11

ignore the reality that the Fee Objection was related to Amazon's pursuit of fees in connection with its successful motions to compel. Because Amazon was entitled to attorneys' fees in connection with its motions to compel, it is also entitled to fees related to "obtaining and defending" that award, including its opposition to Plaintiffs' Fee Objection. *See Rickels*, 33 F.3d at 787. Plaintiffs' Fee Objection is analogous to the "repeated motions under Rules 59 and 60" discussed in *Rickels*, and Plaintiffs therefore "should expect to pay the tab" for Amazon's response. *See id.* In sum, as the Court has already ordered, [Filing No. 257 at 40], Amazon is entitled to recover attorneys' fees in connection with its response to Plaintiffs' Fee Objection.

### 3. Fees in Connection with the Instant Fee Motion

Amazon asserts that it is entitled to an award of attorneys' fees incurred in bringing the Instant Fee Motion. [Filing No. 267 at 5.]

Plaintiffs argue that Amazon should be awarded fees in connection with the Instant Fee Motion for two reasons: (1) "Amazon lumped all of its attorney's fees for this Motion into one group," which "makes it impossible to determine what parts of its Motion were devoted to the different theories for recovering fees"; and (2) "the fixed-fee / lodestar issue has been appealed to the Seventh Circuit." [Filing No. 271 at 14.]

In reply, Amazon maintains that attorneys' fees incurred in preparing a motion for attorneys' fees related to litigating a motion to compel are recoverable under Rule 37. [Filing No. 274 at 19.] Amazon argues that Plaintiffs "assume that [they] will prevail" on their other arguments that Amazon is entitled to fees, and because those arguments fail, their argument that Amazon did not sufficiently delineate their fees related to the Instant Fee Motion also fails. [Filing No. 274 at 7.]

12

As discussed above, the Seventh Circuit expressed in *Rickels* that the fee-shifting provisions of Rule 37 are broad and permit a prevailing party to recover all costs incurred in connection with litigating a discovery dispute, including attorneys' fees and fees incurred in pursuing a fee award. *See* [Rickels, 33 F.3d at 787](). It does not matter how much time Amazon's counsel spent on specific theories of recovery pursued in the Instant Fee Motion, as the Court has already determined that Amazon is entitled to recover all of the categories of fees that it seeks. Further, because the Seventh Circuit has dismissed Plaintiffs' appeal relating to "the fixed-fee / lodestar issue," that appeal has no bearing on the Instant Fee Motion. The Court finds that Amazon is entitled to recover attorneys' fees in connection with filing and briefing the Instant Fee Motion.

### B.  Amount of Fees

Amazon seeks attorneys' fees on a lodestar basis, noting that the flat fee that Amazon pays its counsel exceeds the sum of the fees sought in the Instant Fee Motion plus the fees previously awarded to Amazon in this case. [[Filing No. 267 at 17](); *see also* [Filing No. 266-1 at 3]().] Specifically, Amazon seeks fees for work done by attorney Robert Cruzen at a rate of $525 per hour and attorney Amy Dachtler at a rate of $325 per hour. [[Filing No. 267 at 17-26]().] The total fees sought by Amazon for each attorney, broken down by task and rounded to the nearest dollar, are reflected in the following charts:

| Fees for Mr. Cruzen | | | |
|---|---|---|---|
| Task | Hours | Hourly Rate | Total Fee |
| Motion for Sanctions Activities: Meet and confer with opposing counsel; draft and file Amazon's Motion for Sanctions and Reply; related document review | 55.7 | $525 | $29,243 |
| Draft and File Response to Plaintiffs' Sanctions Objection; draft and file Motion for Leave to File Surreply and proposed Surreply | 19.5 | $525 | $10,238 |
| Draft and File Amazon's Response to Plaintiffs' Fee Objection | 8 | $525 | $4,200 |

| Draft the Instant Fee Motion | 36 | $525 | $18,900 |
|---|---|---|---|
| Totals | 119.2 | | **$62,580** |

| Fees for Ms. Dachtler | | | |
|---|---|---|---|
| Task | Hours | Hourly Rate | Total Fee |
| Draft and File Amazon's Motion for Sanctions and Reply | 41.4 | $325 | $13,455 |
| Draft and File Response to Plaintiffs' Sanctions Objection | 23.4 | $325 | $7,605 |
| Draft and File Amazon's Response to Plaintiffs' Fee Objection | 18.7 | $325 | $6,078 |
| Draft the Instant Fee Motion | 40.4 | $325 | $13,130 |
| Totals | 123.9 | | **$40,268** |

[*See* Filing No. 267 at 21-22; Filing No. 267 at 25; Filing No. 274 at 20.] In total, Amazon seeks a fee award of $102,848. [*See* Filing No. 267; Filing No. 274.] Amazon argues that the hourly rates, the number of hours, and the total fee requested are reasonable. [Filing No. 267 at 17-26.]

In response, Plaintiffs reiterate the argument based on *Assessment Technologies* that because Amazon pays its counsel a flat yearly fee, it cannot now seek recovery of attorneys' fees on a lodestar basis. [Filing No. 271 at 5-6.] Plaintiffs further contend that, even if the Court awards Amazon fees, the amount should be "significantly reduced" because, as discussed above, they believe that Amazon is not entitled to fees in the requested categories for various reasons. [Filing No. 271 at 6-13.] Plaintiffs, however, do not dispute the $1,138 in fees specifically attributed to Amazon's response to Plaintiffs' frivolous argument that the Motion for Sanctions was untimely, and therefore accept those fees. [Filing No. 271 at 12.]

In reply, Amazon reiterates that it is entitled to fees in the categories and amounts requested. [*See* Filing No. 274.]

The Court has already determined above that Amazon is entitled to recover some amount of attorneys' fees in all of the requested categories. Similarly, the Court has already rejected Plaintiffs' argument that Amazon cannot recover fees on a lodestar basis under *Assessment Technologies*. [*See* Filing No. 257 at 18-21.]

14

Plaintiffs do not make any specific arguments challenging Amazon's counsel's proposed hourly rates, the number of hours spent on any particular task, the total number of hours worked, or the total fee award requested. And, aside from the arguments rejected above concerning whether Amazon is entitled to any fees in the first place, Plaintiffs do not suggest any specific reductions to the requested rates, hours, or fees. Ordinarily, the Court does not endeavor to craft arguments on a party's behalf. *See, e.g., Horne v. Elec. Eel Mfg. Co., Inc.*, 987 F.3d 704, 727 (7th Cir. 2021) (noting that "under the principle of party presentation, courts generally do not craft new arguments for a party"). However, in this situation, the Court is charged with determining what constitutes a reasonable fee and therefore must consider whether the amounts requested by Amazon are in fact reasonable. *See Johnson*, 192 F.3d at 661 ("District courts possess wide latitude in fashioning appropriate sanctions and evaluating the reasonableness of the attorneys' fees requested."). The Court finds that the hourly rates requested for both Mr. Cruzen and Ms. Dachtler are reasonable. However, there are two factors that lead the Court to the conclusion that some reduction in the requested fees is warranted.

First is the degree of success obtained. While the Court disagrees with Plaintiffs' contention that the success obtained in the Motion for Sanctions was so minimal as to warrant no fee at all, the Court cannot conclude that the result was so significant as to justify the total $60,541 in fees sought by Amazon in connection with litigating the Motion for Sanctions and the Sanctions Objection (a total of $39,481 for Mr. Cruzen and $21,060 for Ms. Dachtler). Accordingly, the Court will reduce the fees related to the Motion for Sanctions and the Sanctions Objection by 20% to account for the fact that Amazon did not receive the full extent of the relief it sought in connection with the Motion for Sanctions. This reduction brings the fees associated with the Motion for Sanction and Sanctions Objection down to a total of $48,432 ($31,584 for

Mr. Cruzen and $16,848 for Ms. Dachtler, rounded to the nearest dollar). Adding these adjusted amounts to the fees for the other categories listed in the chart above brings the total fee amount to $90,740 ($54,684 for Mr. Cruzen and $36,056 for Ms. Dachtler).

In addition, the fees requested include some redundancy on two levels. Specifically, because many of the filings for which Amazon seeks fees involved the same or related issues, preparing these filings was in some ways repetitive. For example, similar arguments were addressed in litigating the Motion for Sanctions and the Sanctions Objection, and there was also some overlap between the issues raised in those filings and the issues raised earlier in Amazon's Motion to Compel. Because Plaintiffs continued to repeat their meritless arguments regarding their response to Interrogatory No. 6, Amazon had to keep reiterating its response to those arguments. As a result, some of the hours billed were likely redundant to the extent that Amazon's counsel continued to spend time on the same arguments.[2]

Furthermore, the Court finds that having two attorneys both spend significant time preparing the same filings likely includes some double billing. For example, Mr. Cruzen reportedly spent 55.7 hours on activities related to the Motion for Sanctions, while Ms. Dachtler reportedly spent 41.4 hours on activities related to the Motion for Sanctions. A total of 97.1 hours spent on one such filing is excessive, and each of the various filings for which fees are requested follows this same pattern of both attorneys working a substantial number of hours.

---

[2] To be crystal clear, by reducing Amazon's fees, the Court is in no way endorsing, condoning, or encouraging a litigation strategy like the one utilized by Plaintiffs. Plaintiffs' continual beating of the same dead horse has wasted the time and resources of everyone involved in this action, and for the Court in particular, time and resources are already limited. But because punishment cannot be considered as a factor in awarding fees, *see Johnson*, 192 F.3d at 662 (considering whether the district court acted on an "inappropriate motivation to punish [a party] through the award of attorneys' fees"), the Court feels compelled to reduce the requested fees in order to account for the reality that responding to the same argument over and over again, while exasperating, is theoretically less difficult than responding to new arguments.

To account for the redundancy of responding to repetitive arguments and of having two attorneys spend time on the same filings, the Court finds it necessary to reduce the adjusted fee calculated above ($90,740) by 40%. Accordingly, the Court awards Amazon a total of **$54,444 in attorneys' fees** ($32,810 for Mr. Cruzen and $21,634 for Ms. Dachtler, rounded to the nearest dollar).

The Court further finds that there is no indication that Plaintiffs themselves were responsible for any of the decisions concerning discovery or the resulting litigation discussed in this Order. Accordingly, the Court orders that the fee award shall be paid by Plaintiffs' counsel, Overhauser Law Offices, LLC. Payment shall be made **within 180 days** of the date of this Order.

## IV.
### CONCLUSION

Mr. Overhauser has adopted a "never-say-die" approach to this litigation. It has not served him well. For all the effort he expended in his response to the Instant Fee Motion rehashing already rejected arguments, he failed to meaningfully challenge the fees sought by Amazon on a number of potentially meritorious grounds, including those found by the Court. This was neither helpful to the Court nor in the best interests of his clients, and it is the Court's hope that he will reform his behavior in this and other cases going forward.

Based on the foregoing, Amazon's Motion for Attorneys' Fees Incurred Relating to Motion for Sanctions and In Opposing Plaintiffs' Objection to and Motion for Reconsideration of the Magistrate Judge's Order on Motion for Attorneys' Fees, [266], is **GRANTED** to the extent that Amazon is awarded a total of **$54,444 in attorneys' fees** ($32,810 for Mr. Cruzen and $21,634 for Ms. Dachtler), to be paid by Plaintiffs' counsel, Paul Overhauser of Overhauser Law Offices, LLC, **within 180 days** of the date of this Order.

Date: 2/15/2022

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**